1  Michael S. Biggs (SBN 237640)
   BIGGS LAW PC
2  P.O. Box 454
   Petaluma, CA 94953-0454
3  Telephone: (707) 763-8000
   Facsimile: (707) 763-8010
4
   Attorney for PLAINTIFFS,
5
   Pinoleville Pomo Nation,
6  Pinoleville Pomo Nation Environmental
   Association and Leona Williams
7

**FILED**

**E-Filing**

MAY 1 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**ORIGINAL**

8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

C 07 2648 EMC

11  Case No.:

12  **COMPLAINT FOR INJUNCTIVE**
    **RELIEF, CIVIL PENALTIES,**
13  **RESTITUTION AND REMEDIATION**
    **AND DAMAGES**
14
    Pinoleville Pomo Nation, Pinoleville Pomo
15  Nation Environmental Association and
    Leona Williams,                           **First Claim for Relief**
16                                            **Violation of CWA § 301 and CWA §§**
                                              **402(a) and 402(b),**
17                                            **Non-stormwater Discharges of Pollutants**
              PLAINTIFFS,                     **Must Be Regulated by NPDES Permit**
18

19                                            **Second Claim for Relief**
                                              **Violation of CWA § 402(p),**
20                                            **Violation of Industrial Storm Water**
                                              **Regulations**
21
22  and                                       **Third Claim for Relief**
                                              **Violation of 42 U.S.C. § 6901 et seq.,**
23                                            **Specifically 42 U.S.C. § 6972(a)(1)(A)**
                                              **("RCRA")**
24  Ukiah Auto Dismantlers, Wayne Hunt
    Isabel Lewright, Warrior Industries, Inc.  **Fourth Claim for Relief**
25  Richard Mayfield, Ross Junior Mayfield     **Violation of 42 U.S.C. § 6901 et seq.,**
    Paula Mayfield, Kenneth Hunt, U.S.        **Specifically 42 U.S.C. § 6972(a)(1)(B)**
26  Alchemy Corporation and DOES 1-50,        **("RCRA")**
    Inclusive,
27                                            **Fifth Claim for Relief**
              DEFENDANTS.                     **California Business and Professions**
28                                            **Code § 17200 Unfair Trade Practices**

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association*
*and Leona Williams v. Ukiah Auto Dismantlers*
*Complaint*

1

**First Cause of Action**
**Damages for Intentional Violation of**
**Statutory Duty**

**Second Cause of Action**
**Damages for Negligence**

**Third Cause of Action**
**Damages and Injunctive Relief**
**for Public and Private Nuisance**

**Fourth Cause of Action**
**Damages for Negligence Per Se**

**Fifth Cause of Action**
**Damages and for Public and Private**
**Nuisance (Intentional)**

**Sixth Cause of Action**
**Damages for Trespass)**

**Seventh Cause of Action**
**Damages for Negligent Infliction of**
**Emotional Distress**

**Eighth Cause of Action**
**Damages Intentional Infliction of**
**Emotional Distress)**

_____ /

NOW COMES PLAINTIFFS, Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams collectively ("PLAINTIFFS") by and through their attorneys, and for their Complaint against DEFENDANTS, Ukiah Auto Dismantlers, Wayne Hunt, Isabel Lewright, Warrior Industries, Inc., Richard Mayfield, Ross Junior Mayfield, Paula Mayfield Kenneth Hunt, U.S. Alchemy Corporation, and DOES 1-50, Inclusive, , (hereafter, "DEFENDANTS") states as follows:

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association*
*and Leona Williams v. Ukiah Auto Dismantlers*
*Complaint*

2

# I. NATURE OF THE CASE

1.        This is a combined complaint consisting of a citizens' suit for relief and an action under California Business and Professions Code § 17200 Unfair Trade Practices with supplemental common law counts for damages in tort, brought by PLAINTIFFS under the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq., specifically 33 U.S.C. § 1365, CWA § 505, and 33 U.S.C. § 1311, CWA § 301, and the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq. ("RCRA") specifically 42 U.S.C. § 6972(a)(1)(A), 42 U.S.C. § 6972(a)(1)(B); to stop DEFENDANTS from repeated and ongoing violations of the CWA and RCRA.  These violations are detailed in the September 8, 2006 Notices of Violations and Intent to File Suit (hereafter, "NOTICES") made part of the pleadings of this case as Exhibit A and Exhibit B to this Complaint.

2.        DEFENDANTS are routinely violating the CWA by discharging pollutants into the waters of the United States in violation of the procedural requirements of National Pollutant Discharge Elimination System (hereafter, "NPDES") General Permit No. CAS000001 [State Water Resources Control Board] Water Quality Order No. 97-03-DWQ and Water Quality Order No.91-13-DWQ (as amended by Water Quality Order 92-12-DWQ) issued pursuant to CWA § 402(p), 33 U.S.C. § 1342(p)(hereafter, "General Permit") and  CWA §§ 402(a) and 402(b), 33 U.S.C. § 1342(a) and 1342(b) by discharging pollutants to a water of the U.S. during non-storm events from a point source without a NPDES permit.

3.        Pollutants such as oil, grease, anti-freeze, brake fluid, gasoline, transmission fluid, toxic metals and other toxic substances are discharged from the DEFENDANTS

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association*
*and Leona Williams v. Ukiah Auto Dismantlers*
*Complaint*

3

facility into the ground contaminating ground water or discharged to nearby waters of the United States. Auto parts can be seen strewn throughout the facility, leaking chemicals and fluids onto the ground. Only a small portion of the facility is paved, and elsewhere toxic fluids simply leak onto the soil. Auto parts including: transmissions, blocks, and batteries, and entire body shells, lay in the dirt where storm water washes the pollutants directly into water of the United States or into the ground. The soil is discolored from oil, and other unidentifiable contaminants.

4.       PLAINTIFFS seek declaratory relief, and injunctive relief to prohibit future violations, the imposition of civil penalties, and other relief for DEFENDANTS' violations of the CWA and RCRA.

5.       PLAINTIFFS seek damages in tort, injunctive relief and diminution of value to PLAINTIFFS properties, and relief under the California Business and Professions Code § 17200 Unfair Trade Practices due to ongoing discharge by DEFENDANTS of pollution and toxic waste onto PLAINTIFFS properties.

## II. PARTIES

6.       PLAINTIFF, PINOLEVILLE POMO NATION (PPN) is a duly recognized sovereign nation. Its address is 500 B. Pinoleville Drive, Ukiah, CA 95482.  Its phone number is 707-463-1454. PINOLEVILE POMO NATION is also a Self-Governance Tribe in accordance with Title IV of Public Law 93-638. PINOLEVILE POMO NATION has authority to exercise jurisdiction within its exterior boundaries, on fee land and non-fee land, over the lands and waters of the Reservation, both on the principles of tribal sovereignty as established by public statute as set forth above, and as set forth in federal

Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint

4

case law, to wit: State of Montana v. United States et al, 450 U.S. 544 (1981).

DEFENDANTS site owned and operated by non-citizens of the Pinoleville Pomo Nation, is located within the exterior boundaries of Pinoleville Pomo Nation on fee land approximately in the center of Pinoleville Pomo Nation.

7.      PLAINTIFF, PINOLEVILLE POMO NATION ENVIRONMENTAL ASSOCIATION, is an unincorporated public interest association dedicated to protecting traditional Pomo lands from environmental harm.  Its address is 500 B. Pinoleville Drive, Ukiah, CA 95482.  Its phone number is 707-463-1454.

8.      Leona Williams is a U.S. citizen, and member of Pinoleville Pomo Nation. For purposes of this lawsuit her address is 500 B. Pinoleville Drive, Ukiah, CA 95482.  her phone number is 707-463-1454.

9.      PLAINTIFFS members reside in the vicinity of, derive livelihoods from, own property near, are employed at the Pinoleville Head Start Elementary School, at, around and adjacent to the DEFENDANTS' site.   Other PLAINTIFFS are members of the Pinoleville Pomo Nation Environmental Association. PLAINTIFFS have interests which are or may be adversely affected by DEFENDANTS' violations as described in this Complaint.   Said members use the affected waters, their tributaries, and effected watershed areas for domestic recreation, drinking water, sports, fishing, swimming, hiking, photography, nature walks and the like. Furthermore, the relief sought herein will redress the injury in fact, likelihood of future injury and interference with the interests of said PLAINTIFFS and PLAINTIFFS' members.

Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint

5

10.     DEFENDANTS Wayne Hunt and Isabel Lewright are individuals who own and operate Ukiah Auto Dismantles.    Ukiah Auto Dismantlers appears to be a dba without any formal corporate status according to the records from the California Secretary of State.    The address for Wayne Hunt, Isabel Lewright and Ukiah Auto Dismantlers is 500 -D Pinoleville Drive, Ukiah, CA 95482.

11.     Richard Mayfield, Ross Junior Mayfield and Paula Mayfield are individuals who own and operate Warrior Industries, Inc.  Warrior Industries, Inc., is a California Corporation whose status is suspended.  The address for Richard Mayfield, Ross Junior Mayfield, Paula Mayfield and Warrior Industries, Inc., is 500-E Pinoleville Road, Ukiah, CA 95482. Kenneth Hunt is an individual who owns and operates U.S. Alchemy Corporation.

12.     DEFENDANTS DOES 1 - 50, Inclusive, respectively, are persons, partnerships, corporations and entities, who are, or were, responsible for, or in some way contributed to, the violations which are the subject of this Complaint or are, or were, responsible for the maintenance, supervision, management, operations, or insurance coverage of DEFENDANTS' facility.  The names, identities, capacities, and functions of DEFENDANTS DOES 1 - 50, Inclusive are presently unknown to PLAINTIFFS.  PLAINTIFFS shall seek leave of court to amend this Complaint to insert the true names of said DOE DEFENDANTS when the same have been ascertained.

### III. JURISDICTIONAL ALLEGATIONS

13.     Subject matter jurisdiction is conferred upon this Court by CWA § 505(a) (1), 33 U.S.C. § 1365(a) (1), which states in part that, "any citizen may commence a civil

Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint

6

action on his own behalf against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation . . . or (B) an order issued by the Administrator or a State with respect to such a standard or limitation." For purposes of the CWA the term "citizen" means a person or persons having an interest which is or may be adversely affected.

14.    Subject matter jurisdiction is also conferred pursuant to RCRA § 7002(a) & (b), 42 U.S.C. §§ 6972 (a) and 6972(b) and 28 U.S.C. § 1221 (an action for declaratory and injunctive relief arising under the Constitution and laws of the United States). This Court has supplemental jurisdiction over all State based causes of action in this Complaint pursuant to 28 U.S.C. § 1367, as those claims form part of the same case or controversy as the Federal causes of action.

15.    PLAINTIFFS and PLAINTIFFS' members reside in the vicinity of, derive livelihoods from, own property near, and/or recreate on, in or near and/or otherwise use, enjoy and benefit from the described water bodies, their tributaries, wetlands, hydro logically connected water bodies and associated natural resources into which the DEFENDANTS discharge pollution, or by which DEFENDANTS' operations adversely affect those members' interests, in violation of the CWA and RCRA. The health, economic, recreational, aesthetic and environmental interests of PLAINTIFFS and PLAINTIFFS' members may be, have been, are being, and will continue to be adversely affected by DEFENDANTS' unlawful violations of the CWA and RCRA. PLAINTIFF contends there exists an injury in fact to its members, causation of that injury by the

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint*

7

conduct of DEFENDANTS complained of herein, and likelihood that the requested relief will redress that injury.

16.      Venue lies in this District as the operations and facilities of the DEFENDANTS which are the sources of the violations complained of in this lawsuit are located within this District.

## IV. STATUTORY AND REGULATORY BACKGROUND

17.      CWA § 301(a) and § 301(b), 33 U.S.C. §§ 1311(a) and 1311(b), prohibit the discharge of pollutants from a "point source" into the navigable waters of the United States, unless such discharge is in compliance with applicable effluent limitations as set by EPA and the applicable State agencies. DEFENDANTS' FACILITIES are point sources under the CWA. The effluent limits would normally be incorporated into a NPDES permit for that point source specifically. Pursuant to CWA § 301(a), 33 U.S.C. § 1311(a), EPA and the State of California have formally concluded that the alleged discharges by the DEFENDANTS of the type complained of in the NOTICE, are prohibited by law. Additional sets of regulations are set forth in the Basin Plan, California Toxics Rule, the Code of Federal Regulations and other regulations promulgated by EPA and the State of California. CWA § 301(a), 33 U.S.C. § 1311, prohibits discharges of pollutants or activities not authorized by, or in violation of an effluent standard or limitation or an order issued by EPA or the State with respect to such a standard or limitation including a NPDES permit issued pursuant to CWA § 402, 33 U.S.C. § 1342. CWA § 306, 33 U.S.C. § 1316, specifically identifies auto dismantling as a point source activity with specific effluent limitations.

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint*

8

18.      The effected waterways detailed in this Complaint and in the NOTICE are navigable waters of the United States within the meaning of CWA § 502(7), 33 U.S.C. § 1362(7).

19.      The Administrator of the EPA has authorized the RWQCB to issue NPDES permits, subject to specified conditions and requirements, pursuant to CWA § 402, 33 U. S.C. § 1342.

20.      The RWQCB has not adopted a NPDES permit prescribing effluent limitations for any of DEFENDANTS' FACILITIES with regard to non-storm water discharges to waters of the U.S including wetlands.  DEFENDANTS have filed an application with the RWQCB to be covered by California's General Permit for storm water discharges pursuant to CWA § 402(p), 33 U.S.C. § 1342(p) and are thus required to comply with its terms and conditions.

21.      A NPDES permit prescribes conditions to ensure compliance with the CWA. It requires the discharger to establish and maintain records, to install, use and maintain monitoring equipment, to install and use best available technologies to reduce and eliminate discharges, to regularly monitor and sample pollutants in its discharges, and to report in specified ways on a regular basis to the RWQCB regarding discharge of pollutants from a facility. Regulatory Agencies have designated surface and ground waters in this area of California as capable of supporting domestic supply, and have established maximum contaminant levels for petroleum constituents in surface and ground waters.

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

9

22.     Heavy metals and solvents petroleum and petroleum constituents have been characterized as "hazardous waste" and as "solid waste" within the meaning of RCRA. Accordingly, all regulatory mandates applicable to hazardous or solid waste apply to the use, storage and disposal of auto dismantling components including petroleum constituents, other auto fluids and parts.

## V. CLAIMS FOR RELIEF

### First Claim for Relief
### Violation of CWA § 301 and CWA §§ 402(a) and 402(b),
### Non-stormwater Discharges of Pollutants Must Be Regulated by NPDES Permit

23.     PLAINTIFFS reallege and incorporate by reference the allegations of Paragraphs 1 through 22 as though fully set forth herein.

24.     CWA § 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant into waters of the United States, unless such discharge is in compliance with various enumerated sections of the CWA.

25.     DEFENDANTS have and continue to violate the CWA as evidenced by the discharges of pollutants to water of the U.S. as described in the NOTICE and above without a NPDES permit for its facility in violation of CWA § 402(a) and CWA § 402(b), 33 U.S.C. §§ 1342(a) and 1342(b) which required a NPDES permit for non-stormwater discharges from a point source to waters.

26.     The violations of DEFENDANTS are ongoing and will continue after the filing of this Complaint. PLAINTIFFS alleges herein all violations which may have occurred or will occur prior to trial, but for which data may not have been available or submitted or apparent from the face of the reports or data submitted by DEFENDANTS

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers*
*Complaint*

10

to the RWQCB or to PLAINTIFFS prior to the filing of this Complaint. PLAINTIFFS will file amended complaints if necessary to address DEFENDANTS' State and Federal violations which may occur after the filing of this Complaint. Each of the DEFENDANTS' violations are separate violations of the CWA.

27.     PLAINTIFFS avers and believes that without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, DEFENDANTS will continue to violate the CWA as well as State and Federal standards with respect to the enumerated discharges and releases. PLAINTIFFS avers and believes that the relief requested in this Complaint will redress the injury to PLAINTIFFS and PLAINTIFFS' members, prevent future injury, and protect the interests which are or may be adversely affected by DEFENDANTS' violations of the CWA, as well as other State and Federal standards.

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

### Second Claim for Relief
### Violation of CWA § 402(p),
### Violation of Industrial Storm Water Regulations

27.     PLAINTIFFS reallege and incorporate by reference the allegations of Paragraphs 1 through 27 as though fully set forth herein.

28.     DEFENDANTS have and continue to violate the CWA by failing to ensure that discharge of pollutants from its facility do not exceed acceptable established levels for storm water and non-storm water discharge of pollutants set out in the

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

General Permit and 40 CFR Subchapter N Parts 411, 436, 440, and 443.

29.      DEFENDANTS have and continue to violate the CWA by failing to have an adequate SWPPP, monitoring programs and implementation as described in the CWA NOTICE.

30.      DEFENDANTS have and continue to violate the CWA by operating and discharging in a manner which do not employ Best Management Practices ("BMPs") by not utilizing Best Conventional Technology ("BCT") or Best Available Technology ("BAT") to achieve the greatest degree of effluent reduction which the EPA determined to be "achievable through application of the best available demonstrated control technology, processes, operating methods, or other alternatives, including, where practicable, a standard permitting no discharge of pollutants." CWA § 306, 33 U.S.C. § 1316.

31.      DEFENDANTS have and continue to violate the CWA by failing to perform adequate and timely monitoring of discharges from their facility and failing to update and submit complete and adequate reports and plans in a timely manner as required in the General Permit.

32.      PLAINTIFFS avers and believes that without the imposition of appropriate civil penalties and the issuance of appropriate equitable relief, DEFENDANTS will continue to violate the CWA as well as State and Federal standards with respect to the enumerated discharges and releases. PLAINTIFFS avers and believes that the relief requested in this Complaint will redress the injury to PLAINTIFFS and its members,

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association*
*and Leona Williams v. Ukiah Auto Dismantlers*
*Complaint*

12

prevent future injury, and protect the interests which are or may be adversely affected by DEFENDANTS violations of the CWA, as well as other State and Federal standards. Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

## Third Claim for Relief
### Violation of 42 U.S.C. § 6901 et seq.,
### Specifically 42 U.S.C. § 6972(a)(1)(A) ("RCRA")

33.     PLAINTIFFS reallege and incorporate by reference the allegations of Paragraphs 1 through 32 as though fully set forth herein.

34.     RCRA § 7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A), provides that any person may commence a civil action against any person or governmental entity alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to RCRA. Civil penalties may be assessed against any person or entity in violation of such permits, etc. pursuant to RCRA under the provisions of RCRA, 42 U.S.C. §§ 6928(a) and 6928(g).

35.             DEFENDANTS are regulated by appropriate Regional Water Quality Control Boards and/or county departments of health.

36.             Regional Water Quality Control Boards and/or county departments of health have imposed remediation and monitoring requirements to ensure compliance with the RCRA.

37.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS have failed to comply with the statutory and regulatory leak

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

13

prevention, leak detection, monitoring, and remediation requirements imposed under RCRA and described in the RCRA NOTICE attached as Exhibit B.

38.       Continuing failure by DEFENDANTS to effectively remediate the on-going contamination at its facility will irreparably harm PLAINTIFFS and PLAINTIFFS' members, for which harm they have no plain, speedy or adequate remedy at law.

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

## Fourth Claim for Relief
### Violation of 42 U.S.C. § 6901 et seq.,
### Specifically 42 U.S.C. § 6972(a)(1)(B) ("RCRA")

39.       PLAINTIFFS reallege and incorporate by reference the allegations of Paragraphs 1 through 38 as though fully set forth herein.

40.       RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), provides that any person may commence a civil action against any person or governmental entity including a past or present generator, transporter, owner or operator of a treatment, storage or disposal facility who has contributed to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or to the environment.    Civil penalties may be assessed against any person or entity in violation of this section, under the provisions of RCRA, 42 U.S.C. §§ 6928 (a) and 6928(g).

41.       DEFENDANTS owns and operates the facility described in the NOTICES at which it stores or has stored, and transfers or has transferred, gasoline, diesel, fuel oil, lead batteries, auto parts, auto related solvents and chemicals.

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

14

42.     The facility's pollutants such as: oil, grease, anti-freeze, brake fluid, gasoline, transmission fluid, and other toxic substances are discharged from the facility into or near the waters of the United States and onto the ground where these pollutants contaminate ground waters, see photographs marked **(1) through (20) attached as Exhibit C.**

43.     Petroleum products, solvents, toxic metals and other pollutants related to auto dismantling are known to be hazardous to the environment, and if released into the environment in sufficient quantity pose an imminent and substantial risk.

44.     Chemicals within these petroleum products such as benzene and toluene are known carcinogens and/or reproductive toxins, and if released into the environment in sufficient quantity pose an imminent and substantial risk to public health and to the environment in general.

45.     For purposes of RCRA, petroleum products, solvents, toxic metals and their constituents TPHg, benzene, toluene, ethylbenzene, xylenes, MTBE, lead, chromium, copper and mercury are hazardous wastes within the meaning of the statute.

46.     PLAINTIFFS are informed and believe, and thereon alleges, that amounts of petroleum products, pollutants associated with auto dismantling and their constituents released by DEFENDANTS at its facility are in sufficient quantity to pose an imminent and substantial risk to both the environment and to human health.

47.     Continuing acts or failure to act by DEFENDANTS to address these violations will irreparably harm PLAINTIFFS and PLAINTIFFS members, for which harm they have no plain, speedy or adequate remedy at law.

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

15

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

**Fifth Claim for Relief**
**California Business and Professions**
**Code § 17200 Unfair Trade Practices**

Action for Restitution and Injunctive Relief Brought by PLAINTIFF(s) Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams

48.      PLAINTIFFS incorporate by reference into this claim for relief each allegation of paragraphs 1 through 47 of the General Allegations.

49.      DEFENDANTS, and each of them, have committed acts of unfair competition and unlawful business practices as defined by **California Business and Professions Code sections 17200 et seq.,** by their conduct as follows:    At all times herein mentioned DEFENDANTS, their alternate entities, and each of them singularly, jointly and intentionally carelessly discharged pollution and toxic waste onto PLAINTIFFS properties in violation of the CWA by discharging pollutants into the waters of the United States in violation of the procedural requirements of National Pollutant Discharge Elimination System (hereafter, "NPDES") General Permit No. CAS000001 [State Water Resources Control Board] Water Quality Order No. 97-03-DWQ and Water Quality Order No.91-13-DWQ (as amended by Water Quality Order 92-12-DWQ) issued pursuant to CWA § 402(p), 33 U.S.C. § 1342(p)(hereafter, "General Permit") and  CWA §§ 402(a) and 402(b), 33 U.S.C. § 1342(a) and 1342(b) by discharging pollutants to a water of the U.S. during non-storm events from a point source without a NPDES permit. DEFENDANTS also violated California Water Code §§ 13304, 13264 and 13265 (requiring the cleanup and abatement of waste discharges onto the waters of the state, and prohibiting the discharge of any waste that could affect the quality of

Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint

16

waters of the state including groundwater's). See Cleanup and Abatement Order No. RI-2206-0036 pursuant to California Water Code §§ 13267(b) and 13304, California Regional Water Quality Control Board

attached as **Exhibit D.**

50.     PLAINTIFFS are informed and believe and on that basis allege that DEFENDANTS are an auto dismantler and auto parts seller company and engaged in other businesses, and that in order to maximize its own profits at the expense of PLAINTIFFS and consumers, developed, instituted and engaged in the aforesaid practices as described herein so as to maximize potential profits while minimizing any costs associated with compliance with statutes, regulations and ordinances that are designed to prohibit DEFENDANTS conduct and actions in discharging pollution and toxic waste, waste and debris.

51.     DEFENDANTS, by their above-referenced conduct, have engaged in unfair and unlawful business practices.

52.     PLAINTIFFS are informed and believe and on that basis allege that the unlawful practices alleged above are continuing in nature and are widespread practices engaged in by DEFENDANTS.

53.     PLAINTIFFS have suffered injury in fact and have lost money and property as a result of DEFENDANTS unlawful and unfair business practices. [Cal. Bus § Prof. Code § 17204]

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI. CAUSES OF ACTION

### First Cause of Action
### Negligence Per Se

**Damages for Negligence Per Se Brought by PLAINTIFF(s) Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams Against all DEFENDANTS and DOES 1-50**

54.        PLAINTIFF(s) incorporate by reference into this claim for relief each allegation of paragraphs 1 through 53 of the General Allegations.

55.        At all times herein mentioned DEFENDANTS, their alternate entities, and each of them singularly and jointly negligently and carelessly discharged pollution and toxic waste onto PLAINTIFFS properties in violation of the CWA by discharging pollutants into the waters of the United States in violation of the procedural requirements of National Pollutant Discharge Elimination System (hereafter, "NPDES") General Permit No. CAS000001 [State Water Resources Control Board] Water Quality Order No. 97-03-DWQ and Water Quality Order No.91-13-DWQ (as amended by Water Quality Order 92-12-DWQ) issued pursuant to CWA § 402(p), 33 U.S.C. § 1342(p)(hereafter, "General Permit") and  CWA §§ 402(a) and 402(b), 33 U.S.C. § 1342(a) and 1342(b) by discharging pollutants to a water of the U.S. during non-storm events from a point source without a NPDES permit. DEFENDANTS also violated California Water Code §§ 13304, 13264 and 13265 (requiring the cleanup and abatement of waste discharges onto the waters of the state, and prohibiting the discharge of any waste that could affect the quality of waters of the state including groundwater's).

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association*
*and Leona Williams v. Ukiah Auto Dismantlers*
*Complaint*

18

56.      See Cleanup and Abatement Order No. RI-2206-0036 pursuant to California

Water Code §§ 13267(b) and 13304, California Regional Water Quality Control Board

attached as **Exhibit D.**

57.      Under Cal. Evid C § 669(a) a person is presumed to have failed to

exercise due care if: (i) the person violated a statute, ordinance, or regulation of a public

entity; (ii) the violation proximately caused death or injury to person or property;

(iii) the death or injury resulted from an occurrence "of the nature which" the statute,

ordinance, or regulation was designed to prevent; and (iv) the person suffering the

death or property was one of the class of persons for whose protection the statute,

ordinance, or regulation was adopted.

58.      DEFENDANTS conduct in discharging pollution and toxic waste, waste and

debris was and continues to be negligent per se; DEFENDANTS violated statutes,

ordinances and regulations of various public entities.  DEFENDANT's violations

proximately caused PLAINTIFFS injuries.  PLAINTIFFS injuries resulted from the

occurrence and violation of statutes, ordinances and regulations, the of nature of which

statutes, ordinances and regulations  were designed to prevent, and PLAINTIFFS are of

the class of persons for whose protection statutes, ordinances and regulations were

adopted.

59.      DEFENDANTS and each of them, failed to exercise ordinary and reasonable

care in complying with he aforementioned statutory and regulatory obligations and

duties, and therefore breached same and violated said regulations and statutes, which

were intended to protect PLAINTIFFS and the general public from the above described

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association*
*and Leona Williams v. Ukiah Auto Dismantlers*
*Complaint*

19

acts, omissions, and abuses. PLAINTIFFS properties and physical and emotional health were damaged by DEFENDANTS violation of statutory duties.

60.      The herein-described conduct of said DEFENDANTS, their "alternate entities", and each of them, was willful, malicious, oppressive, outrageous, careless and reckless, grossly negligent and in conscious disregard and indifference to the safety and health of PLAINTIFFS and the general public. DEFENDANTS conduct has and continues to be indifferent and harmful to the lands and properties of the PLAINTIFFS and general public, the groundwater and waters of PLAINTIFFS and the general public, and the personal physical and emotional health of PLAINTIFFS and general public. PLAINTIFFS, for the sake of example and by way of punishing and making an example of said DEFENDANTS, seek punitive damages according to proof.

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

### Second Cause of Action
### Intentional Violation of Statutory
### Duty
**Damages for Intentional Violation of Statutory Duty by PLAINTIFF Pinoleville Pomo Nation and Leona Williams Against Isabel Lewright, Warrior Industries, Inc. DEFENDANTS Ukiah Auto Dismantlers, Wayne Hunt Richard Mayfield, Ross Junior Mayfield Paula Mayfield**

61.      PLAINTIFF(s) incorporate by reference into this claim for relief each allegation of paragraphs 1 through 60 of the General Allegations.

62.      DEFENDANTS' violations of statutory duties described herein this complaint was knowing, intentional, and willful, and furthermore was malicious and

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint*

20

oppressive; PLAINTIFFS" properties and physical and emotional health were damaged by DEFENDANTS intentional violation of statutory duties.

63.     The herein-described conduct of said DEFENDANTS, their "alternate entities", and each of them, was willful, malicious, oppressive, outrageous, careless and reckless, and in conscious disregard and indifference to the safety and health of PLAINTIFFS and the general public. DEFENDANTS conduct has and continues to be indifferent and harmful to the lands and properties of the PLAINTIFFS and general public, the groundwater and waters of PLAINTIFFS and the general public, and the personal physical and emotional health of PLAINTIFFS and general public. Therefore, PLAINTIFFS, for the sake of example and by way of punishing and making an example of said DEFENDANTS, seeks punitive damages according to proof

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

## Third Cause of Action
### Negligence
**Damages for Negligence Brought by PLAINTIFF(s) Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams Against all DEFENDANTS and DOES 1-50**

64.     PLAINTIFFS incorporate by reference into this claim for relief each allegation of paragraphs 1 through 63 of the General Allegations.

65.     At all times herein mentioned DEFENDANTS, their alternate entities, and each of them singularly and jointly negligently and carelessly discharged pollution and toxic waste onto PLAINTIFFS properties in violation of the CWA by discharging pollutants into the waters of the United States in violation of the procedural

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

21

requirements of National Pollutant Discharge Elimination System (hereafter, "NPDES") General Permit No. CAS000001 [State Water Resources Control Board] Water Quality Order No. 97-03-DWQ and Water Quality Order No.91-13-DWQ (as amended by Water Quality Order 92-12-DWQ) issued pursuant to CWA § 402(p), 33 U.S.C. § 1342(p)(hereafter, "General Permit") and CWA §§ 402(a) and 402(b), 33 U.S.C. § 1342(a) and 1342(b) by discharging pollutants to a water of the U.S. during non-storm events from a point source without a NPDES permit. DEFENDANTS also violated California Water Code §§ 13304, 13264 and 13265 (requiring the cleanup and abatement of waste discharges onto the waters of the state, and prohibiting the discharge of any waste that could affect the quality of waters of the state including groundwater's).

65.     DEFENDANTS had and continue to have certain duties owed to PLAINTIFFS, including but not limited to the following: Duty not to discharge pollution and toxic waste and other waste and debris onto lands, properties and waters of PLAINTIFFS and the general public.

66.     DEFENDANTS and each of them, failed to exercise ordinary and reasonable care breaching said duties owed PLAINTIFFS by DEFENDANTS.

66.     As a direct and proximate result of the said conduct of the DEFENDANTS, PLAINTIFFS have incurred and will continue to incur damage to lands and properties, deterioration to the quality of groundwater, and waters, and personal physical and emotional damages.

67.     The herein-described conduct of said DEFENDANTS, their "alternate

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

22

entities", and each of them, was willful, malicious, oppressive, outrageous, careless and

reckless, grossly negligent and in conscious disregard and indifference to the safety and

health of PLAINTIFFS and the general public. DEFENDANTS conduct has and

continues to be indifferent and harmful to the lands and properties of the PLAINTIFFS

and general public, the groundwater and waters of PLAINTIFFS and the general public,

and the personal physical and emotional health of PLAINTIFFS and general public.

PLAINTIFFS, for the sake of example and by way of punishing and making an example

of said DEFENDANTS seek punitive damages according to proof.

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

**Fourth Cause of Action**
**Public and Private Nuisance**
**Damages for Public and Private Nuisance Brought by PLAINTIFF(s) Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams**
**Against all DEFENDANTS and DOES 1-50**

68.     PLAINTIFFS incorporate by reference into this claim for relief each

allegation of paragraphs 1 through 67 of the General Allegations.

69.     DEFENDANTS use and maintenance of its property and businesses as

described above, constitutes a nuisance under California Civil Code § 3479.

70.     DEFENDANTS use and maintenance of its property, as described above,

constitutes both a public and private nuisance.

71.     DEFENDANTS ongoing handling practices over many years have allowed

automotive fluids to contact soil and become entrained in surface water runoff as well

as entering the groundwater.

72.     The DEFENDANTS practices have resulted and continue to result in surface water runoff and contaminated groundwater flowing into Ackerman Creek located parallel to the north boundary line of DEFENDANTS site.

73.     DEFENDANTS practices are a public nuisance in that DEFENDANTS discharge of pollution and toxic materials, waste and debris, affects the entire community and neighborhood and the children who attend the Pinoleville Head Start School located immediately adjacent to DEFENDANTS site.

74.     DEFENDANTS practices are a public nuisance in that DEFENDANTS discharge of pollution and toxic materials, waste and debris affects Ackerman Creek a tributary to the Russian River.

75.     Ackerman Creek is a tributary to the Russian River. Ackerman Creek and the entire Russian River watershed is affected by DEFENDANTS discharge of pollution and toxic materials, waste and debris.

76.     Ackerman Creek is an ecologically sensitive historic spawning ground. Ackerman Creek and the entire Russian River watershed provides habitat for steelhead trout, Chinook salmon, and Coho salmon which are listed as threatened as threatened under the endangered species act as well as other wildlife.

77.     Scores of wildlife species participating in the ecological food chain, in Ackerman Creek and the entire Russian River watershed, are threatened by the contamination presented by DEFENDANTS discharge of pollution and toxic materials waste and debris.

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

24

78.     DEFENDANTS practices are a public nuisance in that DEFENDANTS discharge of pollution and toxic materials have adversely affected watershed areas for domestic recreation, drinking water, sports, fishing, swimming, hiking, photography, nature walks and the like.

79.     DEFENDANTS practices are a private nuisance in that DEFENDANTS discharge of pollution and toxic materials, waste and debris, obstructs PLAINTIFFS use and enjoyment of PLAINTIFFS property, which is a different kind of nuisance from that suffered by the public in general, because DEFENDANTS discharge of pollution, toxic materials, waste and debris is injurious to PLAINTIFFS health, indecent and offensive to the senses, and interferes with the comfortable enjoyment of the property of the PLAINTIFFS who live in or around the DEFENDANTS' site.

80.     DEFENDANTS' use and maintenance of the property as described above constitute a permanent nuisance because it cannot be abated in a reasonably feasible manner or at a reasonable cost because DEFENDANTS ongoing handling practices over many years have allowed automotive fluids to contact soil and become entrained in surface water runoff as well as entering the groundwater.

81.     PLAINTIFF(s) are informed and believe that the nuisance was discovered on or about January 2002 when Pinoleville Pomo Nation requested in writing for DEFENDANTS to stop causing storm water run off from their site, attached as **Exhibit E.**

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

25

82.     PLAINTIFF(s) emotional being and physical health, property and the community at large as well as wildlife has suffered appreciable harm after years of DEFENDANTS discharge of pollution and toxic materials.

83.     PLAINTIFFS damages became sufficiently apparent to give a reasonable person notice on or about January 2006 when PLAINTIFFS noticed oil flowing off DEFENDANTS site onto PLAINTIFFS property and oil flowing off DEFENDANTS site into Ackerman Creek.

84.     On September 26, 2006 PLAINTIFF(s) gave Notices of Violations and Intent to File Suit, attached as **Exhibit A and Exhibit B**.

85.     As a proximate result of the above related acts and omissions by DEFENDANTS, PLAINTIFFS property has been diminished in value because DEFENDANTS ongoing handling practices over many years has allowed automotive fluids to contact soil and become entrained in surface water runoff as well as entering the groundwater. Defendant's discharge of pollution and toxic materials has flowed via ground surface and sub surface onto PLAINTIFFS property and obstructs PLAINTIFFS use and enjoyment of PLAINTIFFS property. The exact amount of diminution in value will be determined by proof at trial.

86.     The herein-described conduct of said DEFENDANTS, their "alternate entities", and each of them, was willful, malicious, oppressive, outrageous, careless and reckless, grossly negligent and in conscious disregard and indifference to the safety and health of PLAINTIFFS and the general public. DEFENDANTS conduct has and continues to be indifferent and harmful to the lands and properties of the PLAINTIFFS

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

26

and general public, the groundwater and waters of PLAINTIFFS and the general public,

and the personal physical and emotional health of PLAINTIFFS and general public.

PLAINTIFFS, for the sake of example and by way of punishing and making an example

of said DEFENDANTS, seek punitive damages according to proof.

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

### Fifth Cause of Action
### Public and Private Nuisance Intentional
**Damages for Public and Private Nuisance Intentional Brought by PLAINTIFF(s) Pinoleville Pomo Nation, Pinoleville  Pomo Nation Environmental Association and Leona Williams Against all DEFENDANTS and DOES 1-50**

87.     PLAINTIFF(s) incorporate by reference into this claim for relief each

allegation of paragraphs 1 through 86 of the General Allegations.

88.     The DEFENDANTS' conduct over a period of many years in refusing to conform

and comply with statutes, regulations and ordinances that prohibit and prohibited

DEFENDANTS conduct and actions in discharging pollution and toxic waste, waste

and debris,  creating said public and private nuisance was done by DEFENDANTS with

full knowledge of the resulting offense to the senses of ordinary persons, the harm that

would ensue to the environment, wildlife, the Russian River watershed, surface and

groundwater, the general public at large and the lands and properties of the

PLAINTIFFS, the lands and properties of the general public at large.

89.        The herein-described conduct of said DEFENDANTS, their "alternate

entities", and each of them, was intentional, willful, malicious, oppressive, outrageous,

careless and reckless, and in conscious disregard and indifference to the safety and

health of PLAINTIFFS and the general public. DEFENDANTS conduct has and

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association*
*and Leona Williams v. Ukiah Auto Dismantlers*
*Complaint*

27

continues to be indifferent and harmful to the lands and properties of the PLAINTIFFS

and general public, the groundwater and waters of PLAINTIFFS and the general public,

and the personal physical and emotional health of PLAINTIFFS and general public.

Therefore, PLAINTIFFS, for the sake of example and by way of punishing and making

an example of said DEFENDANTS, seek punitive damages according to proof.

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

## Sixth Cause of Action
### Trespass
**Damages for Trespass Brought by PLAINTIFF(s) Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams Against all DEFENDANTS and DOES 1-50**

90.     PLAINTIFF(s) incorporate by reference into this claim for relief each

allegation of paragraphs 1 through 89 of the General Allegations.

91.     From and continuing after on or about January 1997, DEFENDANTS, without

the consent or authority and against the will of PLAINTIFFS, entered PlAINTIFFS

Property as follows: DEFENDANTS discharge of pollution and toxic materials flowed

onto PLAINTIFFS property.

92.     Because of DEFENDANTS' above described conduct, PLAINTIFFS have been

deprived of the complete use and possession of their property for approximately ten

years, all to PLAINTIFFS damage in an amount to be determined by proof at trial.

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

## Seventh Cause of Action
### Intentional Infliction of Emotional Distress

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

28

**Damages for Intentional Infliction of Emotional Distress Brought by PLAINTIFF Leona Williams Against all DEFENDANTS and DOES 1-50**

93.     PLAINTIFF   specifically Leona Williams incorporates by reference into this claim for relief each allegation of paragraphs 1 through 92 of the General Allegations.

94.     As a direct and proximate result of DEFENDANTS discharge of pollution, toxic materials, waste and debris, PLAINTIFF suffered extreme emotional distress

95.     Said DEFENDANTS' failure to abate the nuisance was extreme and outrageous, and undertaken with knowledge of PLAINTIFF presence, and knowing, intentional, and willful, because they had full knowledge or knew with substantial certainty of the extreme emotional distress that discharge of pollution, toxic materials, waste and debris, onto PLAINTIFFS' land, and on and about her residence, would cause PLAINTIFF.

96.     PLAINTIFF has suffered discomfort and annoyance and endured mental suffering caused by the fear for her own safety and that of her family. PLAINTIFF has been hurt and injured in her health strength and activity, sustaining injury the her body, and shock, anxiety, and injury to her nervous system and person, all of which have caused PLAINTIFF great mental, physical, and nervous pain, distress, and suffering. As a result of such injury, PLAINTIFF has sustained damage in an amount to be determined by proof at trial.

97.     The herein-described conduct of said DEFENDANTS, their "alternate entities", and each of them, was willful, malicious, oppressive, outrageous, careless and reckless, and in conscious disregard and indifference to the safety and health of PLAINTIFF.

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint*

29

DEFENDANTS conduct has and continues to be indifferent and harmful to the

PLAINTIFF, personal physical and emotional health. Therefore, PLAINTIFF, for the

sake of example and by way of punishing and making an example of said

DEFENDANTS; seek punitive damages according to proof.

Wherefore, PLAINTIFFS prays judgment against DEFENDANTS as set forth hereafter.

## Eighth Cause of Action
## Negligent Infliction of Emotional Distress

**Damages for Intentional Infliction of Emotional Distress by PLAINTIFF Leona Williams Against all DEFENDANTS and DOES 1-50**

98.       PLAINTIFF specifically Leona Williams incorporates by reference into this

claim for relief each allegation of paragraphs 1 through 97 of the General Allegations.

99.       DEFENDANTS had and continue to have certain duties owed to

PLAINTIFF, including but not limited to the following: Duty not to discharge pollution

and toxic waste and other waste and debris onto lands, properties and waters of

PLAINTIFF.

100.      DEFENDANTS and each of them, failed to exercise ordinary and reasonable

care breaching said duties owed PLAINTIFF by DEFENDANTS.

101.      DEFENDANTS and each of them, failed to exercise ordinary and reasonable

care breaching said duties owed PLAINTIFFS by DEFENDANTS by negligently,

maliciously carelessly and recklessly discharging pollution and toxic waste and other

waste and debris onto land adjacent to DEFENDANTS site owned and occupied as a

residence by PLAINTIFF Leona Williams.

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint*

30

102.     DEFENDANTS had a duty to reasonably avoid causing foreseeable emotional distress through breach of said duties.

103.     DEFENDANTS breach of said duties was the cause in fact of PLAINTIFF Leona Williams's mental distress, emotional distress, frustration, annoyance, humiliation, inconvenience anger, grief, physical injuries, and discomfort.

104.     The herein-described conduct of said DEFENDANTS, their "alternate entities", and each of them, was willful, malicious, oppressive, outrageous, careless and reckless, and in conscious disregard and indifference to the safety and health of PLAINTIFF. DEFENDANTS conduct has and continues to be indifferent and harmful to the PLAINTIFFS, personal physical and emotional health. Therefore, PLAINTIFF, for the sake of example and by way of punishing and making an example of said DEFENDANTS; seek punitive damages according to proof.

Wherefore, PLAINTIFF prays judgment against DEFENDANTS as set forth hereafter

## VII. PRAYER

**WHEREFORE, PLAINTIFFS prays that the Court grant the following relief on claims one (1) through five (5) against DEFENDANTS, their "alternate identities", and each of them;**

A.     Declare DEFENDANTS to have violated and to be in violation of the CWA;

B.     Declare DEFENDANTS to have violated and to be in violation of the RCRA

C.     Issue an injunction ordering DEFENDANTS to immediately operate its facility in compliance with the CWA and applicable effluent and receiving water limitations of State and Federal standards;

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams v. Ukiah Auto Dismantlers Complaint*

31

D.        Issue an injunction ordering DEFENDANTS to immediately operate its facility in compliance with the RCRA;

E.        Order DEFENDANTS to pay appropriate civil penalties;

F.        Order DEFENDANTS to pay PLAINTIFFS' reasonable attorneys' fees and costs (including expert witness fees); and,

G.        Grant such other and further relief as may be just and proper.

**WHEREFORE, PLAINTIFFS prays that the Court grant the following relief on the Fifth (5) claim against DEFENDANTS, their "alternate identities", and each of them;**

A.        On behalf of the general public, PLAINTIFF respectfully requests that injunction against DEFENDANTS, and each of them, issue to enjoin them from continuing to engage in the unlawful conduct alleged herein;

B.        For a permanent injunction against DEFENDANTS, and each of them, restraining, preventing and enjoining DEFENDANTS from engaging in the illegal practices alleged herein;

C.        On behalf of the general public, PLAINTIFF respectfully requests that the Court order that DEFENDANTS be required to disgorge the profits they have wrongfully obtained through the use of the aforesaid practices herein;

D.        For an order requiring DEFENDANTS, and each of them, to disgorge the profits they wrongfully obtained through the use of their illegal practices;

E.        Restitution and judgment for PLAINTIFFS for lost money and diminution and damage to property as a result of DEFENDANTS unlawful and unfair business practices;

Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint

32

F.          Attorneys' fees incurred necessary to obtain the relief;

G.          For costs of suit incurred herein; and

H.          For such other and further relief as the Court deems just and proper;

I.          PLAINTIFF demands a trial by jury on all non-equitable issues in this action.

**WHEREFORE, PLAINTIFFS pray judgment and injunctive relief on Causes of Action Six**

**(6) through Eight (8) against DEFENDANTS, their "alternate identities", and each of them**

**in an amount to be proved at trial as follows:**

A.          Issue an injunction ordering DEFENDANTS to immediately abate all activities and

practices resulting in public and private nuisance;

B.          For PLAINTIFFS general damages according to proof;

C.          For PLAINTIFFS special damages according to proof;

D.          Order DEFENDANTS to pay PLAINTIFFS' reasonable attorneys' fees and costs

(including expert witness fees); and;

E.          Grant such other and further relief as may be just and proper.

F.          PLAINTIFF demands a trial by jury on all non-equitable issues in this action

DATED:   MAY 17, 2007                                    Biggs Law PC

Michael S. Biggs
Attorney for Pinoleville Pomo Nation,
Pinoleville Pomo Nation Environmental
Association and Leona Williams

*Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association
and Leona Williams v. Ukiah Auto Dismantlers
Complaint*

33