CHRISTOPHER J. NEARY
Attorney at Law, #69220
110 South Main Street, Suite C
Willits, CA 95490

(707) 459-5551

Attorney for Defendants, WAYNE HUNT, U.S. ALCHEMY CORPORATION dba UKIAH AUTO DISMANTLERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINOLEVILLE POMO NATION, PINOLEVILLE POMO ENVIRONEMENTAL ASSOCIATION and LEONA WILLIAMS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UKIAH AUTO DISMANTLERS; WAYNE HUNT; ISABEL LEWRIGHT; WARRIOR INDUSTRIES, INC.; RICHARD MAYFIELD; ROSS JUNION MAYFIELD; PAULA MAYFIELD; KENNETH HUNT; U.S. ALCHEMY CORPORATION and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. C 07 2648 EMC<br><br>DEFENDANT UKIAH AUTO DISMANTLERS, WAYNE HUNT AND U.S. ALCHEMY CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST, SECOND AND THIRD CAUSES OF ACTION<br><br>Hearing:<br>Date:　September 19, 2007<br>Time: 10:30 a.m.<br>Dept: Courtroom C<br>Judge: The Hon. Edward M. Chen |

Plaintiffs are the PINOLEVILLE PMO NATION ("PPN") a self-governance tribe, the PINOLEVILLE POMO NATIONAL ENVIRONMENTAL ASSOCIATION, an unincorporated association, and LEONA WILLIAMS, an officer of PPN.

This motion to dismiss is filed on behalf of WAYNE HUNT ("HUNT") and U.S. ALCHEMY CORPORATION, dba UKIAH AUTO DISMANTLERS ("UAD"). The Complaint is primarily a citizen's suit under the Clean Water Act (the "CWA") seeking

C. J. NEARY
ATTORNEY AT LAW
110 SOUTH MAIN STREET,
SUITE C
WILLITS, CALIFORNIA 95490
(707) 459-5551

1

injunctive relief, civil penalties, restitution, remediation and damages. Plaintiffs set forth five claims for relief: (1) non-storm water discharges of pollutants without NPDES Permit; (2) violation of industrial stormwater regulations; (3) and (4) violation of the Resource Conservation and Recovery Act ("RCRA"); and (5) violation of the California Unfair Trade Practices Act.

Eight causes of action are stated relating to damages for intentional violation of statutory duty; damages for negligence; damages and injunctive relief for public and private nuisance; damages for negligence *per se*; damages for intentional public and private nuisance; damages for trespass; damages for negligent infliction of emotional distress; and damages for intentional infliction of emotional distress.

This motion to strike reaches all claims for relief and causes of action related to the CWA and the RCRA, specifically with reference to the inadequacy of the Citizen's Notice and the failure to identify the point source.

## II. SUMMARY OF ARGUMENT

Plaintiffs in using form notices of violation have failed to confer jurisdiction upon the court by failing to meet citizen notice provisions. The failure is not remedied by amendment of the Complaint, but instead requires dismissal of the CWA and RCRA citizen suit provisions.

## III. STATUTORY BACKGROUND

The CWA is designed to "restore and maintain the chemical, physical and biological integrity of the Nation's waters." 33 U.S.C. 1251(a). The CWA prohibits discharges of pollutants from point sources into waters of the United States without a valid permit denominated as a National Pollutant Discharge Elimination System ("NPDES") Permit. 33 U.S.C. 1311(a), 1342. The California State Water Resources Control Board ("SWRCB") acting through nine Regional Water Quality Control Boards has been delegated the responsibility to issue NPDES permits to California dischargers.

The CWA regulates point source discharges such as pipes and "stormwater point source discharges." The U.S. Environmental Protection Agency ("EPA") through regulation requires NPDES Permit compliance with stormwater discharges to surface waters associated with industrial activity. The SWRCB has adopted an "Industrial General Permit" for stormwater discharges from industrial activities through which

C. J. NEARY
ATTORNEY AT LAW
110 SOUTH MAIN STREET,
SUITE C
WILLITS, CALIFORNIA 95490
(707) 459-5551

2

dischargers may meet their permit requirements.[1]

Coverage under the Industrial General Permit is established by filing a Notice of Intent ("NOI") to the applicable Regional Water Quality Control Board and to pay an annual fee. (See Industrial General Permit, paragraph 3). Once a discharger files a NOI, the discharger is bound to comply with the terms of the Industrial General Permit.

The RCRA, 42 U.S.C. 6901, *et seq.* governs the handling, storage, disposal and treatment of solid and hazardous waste. In contrast to the CWA focus on the regulation of discharges to waters of the United States, RCRA regulates solid and hazardous waste disposal on land. See *Resource Investments, Inc. v. U.S. Army Corps of Engineers* (9th Cir. 1998) 151 F.3d 1152, 1167. The State of California administers the RCRA program. A citizen can maintain a RCRA lawsuit when the handling, storage, treatment or disposal of solid or hazardous wastes poses "an imminent and substantial endangerment to health and the environment." 42 U.S.C. 6972(a)(1)(B).

## IV. MOTION TO DISMISS STANDARD

Defendants seek to dismiss the first, second and third causes of action for lack of subject matter jurisdiction under F.R.C. P. 12(b)(1) because the Citizen Notice of Violation and Intent to File Suit under the CWA and the Notice of Violation and Intent to File Suit under the RCRA did not meet the requirements of law as required in *Halstrom v. Tillamook* 493 U.S. 20 (1989) and *Washington Trout v. McCain Foods, Inc.* (9th Cir. 1995) 45 F.3d 1351, 1352 (applying *Halstrom*, a RCRA case to CWA citizen suit notices) adopting a standard of "strict construction" for notices of violation and intent to sue.

Plaintiffs bear the burden of establishing subject matter jurisdiction. The Court should presume lack of jurisdiction until Plaintiff proves otherwise. *Kokonen v. Guardian Life Insurance Co. of America* 511 U.S. 375, 377 (1994).

Plaintiffs also move to dismiss the first, second and third causes of action together with the claims for restitution under the California Unfair Trade Practices Act.

---

[1] The most recent version is entitled "Waste Discharge Requirements" ("WDRs") for Dischargers of Stormwater Associated with Industrial Activities Excluding Construction Activities, Water Quality Order No. 97-03-DWQ, General Permit No. CAS0001 ("Industrial General Permit") available at http://www.waterboards.ca.gov/stormwtr/docs/induspmt.pdf.

C. J. NEARY
ATTORNEY AT LAW
110 SOUTH MAIN STREET,
SUITE C
WILLITS, CALIFORNIA 95490
(707) 459-5551

Plaintiffs' first, second and third causes of action should be dismissed for lack of subject matter jurisdiction for failure to provide an adequate notice of violation.

A. **Clean Water Act.**

As it applies to the first and second causes of action, the CWA requires a citizen plaintiff to give sixty days' notice of alleged violations to the EPA, the State, and the discharger before filing a lawsuit. 33 U.S.C. 1365(b). This notice provision is mandatory and is further governed by EPA regulation setting forth the required contents of the notice in 40 C.F.R. § 135.3(a) as follows:

> "Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto shall include sufficient information to permit the recipient to identify the specific standard limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address and telephone number of the person giving notice."

The notice provision is mandatory and failure to give proper notice will deprive the court of subject matter jurisdiction and justify dismissal. See *Halstrom* and *Washington Trout*. In *Washington Trout* the Ninth Circuit adopted a "strict construction" standard for such.

The purpose of the Notice of Violation to the alleged violator is to provide the recipient an opportunity to bring itself into complete compliance with the CWA. *Gwaltney of Smithfield Ltd. v. Chesapeake Bay Foundation, Inc.* 484 U.S. 49, 60 (1987).

Lack of specificity in the notice defeats the purpose of the notice. The Notice of Violation and Intention to Sue under the CWA is deficient because: (1) the Notice of Violation is stated in such general terms as to have rendered it impossible for the defendants to comply prior to being subjected to citizen suit; and (2) the NOI fails to identify the location of the point source, fails to identify the dates of violation in permissible form, and fails to identify the alleged pollutant(s).

1. **SWPPP.**

One of the conditions of the General Industrial Permit is that the discharger develop and implement a Storm Water Pollution Prevention Plan ("SWPPP") and

C. J. NEARY
ATTORNEY AT LAW
110 SOUTH MAIN STREET,
SUITE C
WILLITS, CALIFORNIA 95490
(707) 459-5551

develop and implement a monitoring and reporting program.

The NOI is stated in the most general terms. See Complaint, Ex. A, p.5. The NOI states:

> "Information available to PPNA . . . indicates that Dischargers have not fully developed and/or adequately implemented a SWPPP for industrial operations at the facilities. In addition dischargers have failed to eliminate non-stormwater dischargers from the facilities. . . .
>
> Dischargers have inadequately identified and inadequately assessed all sources of pollutants and have failed to describe the appropriate BMPs necessary to reduce or prevent these potential pollutants in their SWPPP. One of the major elements of the SWPPP is the elimination of unauthorized non-stormwater discharges to the facilities' storm drain system. Unauthorized non-stormwater discharges at the facility are generated from a wide variety of pollutant sources including waters from rinsing or washing of vehicles, equipment, buildings, or pavement; materials that have been improperly disposed of or dumped, and spilled; or, leaked materials. Unauthorized non-stormwater dischargers can contribute a significant pollutant load to receiving waters."

The lack of specificity is fatal to the validity of the Notice of Intention as viewed under the "strict construction" standard. Plaintiffs have utilized a cookie-cutter approach to stating the alleged violation. Plaintiffs do not allege that the dischargers do not have a SWPPP, but merely that it has not "been fully developed *and/or* adequately implemented its SWPPP." This is the extent of the allegation.

As pointed out in *Gwaltney*, the purpose of the notice is to bring the alleged violator into compliance. The Notice of Violation in this instance does not describe in what manner the defendants' SWPPP was "inadequate," "not fully developed," or "not adequately implemented." The Notice of Violation contains nothing but naked conclusions.

Page 3 of the Notice of Violation asserts the Plaintiff's "contention" that "dischargers have failed adequately to develop or implement an SWPPP and monitoring program" and failed to file annual reports "required by law."

These broad naked allegations and conclusions are incorporated in the Complaint at Paragraph 29 with the simple allegation that defendants "have and continue to violate the CWA by failing to have an adequate SWPPP, monitoring

C. J. NEARY
ATTORNEY AT LAW
110 SOUTH MAIN STREET,
SUITE C
WILLITS, CALIFORNIA 95490
(707) 459-5551

programs and implementation as described in the CWA notice." The EPA regulation implementing 33 U.S.C. 1365(b) for notices of violation requires that the "activity alleged to constitute a violation" be described. All plaintiffs have done is to call defendants' practices "inadequate" without more. The failure to provide the basis for the alleged violation renders the allegations as to the SWPPP and monitoring program deficient.

### 2. The Point Source Is Not Identified in the Notice of Violation.

The Notice of Violation also failed to identify the "point source" violating the applicable EPA regulation at 40 C.F.R. § 135.3(a) requiring that a notice "shall include sufficient information to permit the recipient to identify . . . the location of the alleged violation."

The Notice of Violation at p.2 (Complaint, Ex. A) defines the location as "the facilities." The Notice of Violation references a property owned by the Defendants (Assessor's Parcel No. 169-190-48) and an adjoining parcel owned by another defendant, Warrior Industries, Inc. (Assessor's Parcel No. 169-190-47).

Therefore, the "facilities" are defined as the property owned by the defendants including one property owned by the defendants making this motion. The lack of specificity as to location renders it unclear whether the Notice of Intent applied to both parcels or only one parcel. The reference to "facilities" as a defined term is of no assistance because it refers to the point source being "discharges from the facilities into the watershed during rain events" and also "leaking chemicals and fluids onto the ground."

Therefore, the Notice of Violation refers to the "point source" as being the entire property owned by Defendants as well as property owned by unrelated defendants. Such a generalized location cannot by definition constitute a point source.

The Complaint compounds the lack of specificity by merely referencing the "point source" as being "discharges of pollutants to water [sic] of the United States as described in the NOTICE." (See Complaint, paragraph 25).

/ / /

C. J. NEARY
ATTORNEY AT LAW
110 SOUTH MAIN STREET,
SUITE C
WILLITS, CALIFORNIA 95490
(707) 459-5551

Therefore, to the extent CWA violations relating to point sources are stated in the Complaint, the Court lacks jurisdiction for failure of the Plaintiffs to identify the location of the point source.

3.   **The Notice of Intent Fails to Set Forth Dates of Alleged Violations.**

The EPA regulation governing the Notice of Violation requirement requires the "Notice of alleged violation . . . shall include sufficient information to permit the recipient to identify . . . the date or dates of such violation . . . ." See 40 C.F.R. 135.3(a). The Notice of Violation states that as to the SWPPP the discharger has been "in continuous violation of the monitoring or reporting requirements every day from at least September 8, 2001 through September 8, 2006," (NOI, p.5); as to the Monitoring and Reporting Program "in continuous violation of the Monitoring and Reporting Requirements every day since September 8, 2001 through September 8, 2006," (NOI, p.6); and as to failure to have a NPDES permit for discharge from a point source that the discharger has been discharging "each and every day since September 8, 2001 through September 8, 2006," (NOI, p. 7).

In *Friends of Frederick Seig Grove #94 v. Sonoma County Water Agency* (2000) 124 F.Supp.2d 1161, 1165-1169 the court exhaustively reviewed the sufficiency of NOI requirements and observed that "a plaintiff cannot simply assert a broad range of dates and force the defendant to guess as to precisely when the alleged violations occurred." The Court noted a balancing standard pointing with great disfavor of allegations of a broad range of dates such as plaintiff has asserted here in terms of all dates within the statute of limitations. On the other hand, the court noted that the plaintiff is not required to provide an exhaustive itemization of each and every date, but is required to provide enough information for the defendant to identify the dates of the claimed violations.

All the plaintiffs have done here is identify all applicable dates within the statute of limitations. This is particularly compounded by the vagueness in the description of the alleged violations.

4.   **The Notice of Intent Fails to Identify Pollutants.**

The Notice of Intent also addressed the alleged failure to obtain a point source

C. J. NEARY
ATTORNEY AT LAW
110 SOUTH MAIN STREET,
SUITE C
WILLITS, CALIFORNIA 95490
(707) 459-5551

7

NPDES permit for discharge of pollutants from a point source to waters of the United States. Plaintiffs assert that "dischargers have illegally disposed of chemicals such as oils, solvents, gasoline, anit-freeze, detergents and like pollutants known to be associated with dismantling operations into or near waters of the United States." (See NOI, p. 7).

Again, plaintiffs' approach of "one-size fits all" Notice of Violation is very vague. It does not allege that dischargers have discharged the pollutants identified, but merely states the conclusion that defendants have "illegally disposed of chemicals *such as* . . . and like pollutants known to be associated with dismantling operations into or near the waters of the United States." Compounding the failure to identify the point source, Plaintiffs have merely noted that Defendants operate an auto dismantling operation and that chemicals are "known to be associated with dismantling operations."

It is insufficient for Plaintiffs to merely identify the possible pollutants which might be discharged by reason of Defendants conducting an auto dismantling activity upon its property. It is necessary for Plaintiffs to identify the pollutants which have been discharged. See *Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York* 273 F.3d 481, 488 (2nd Cir. 2001) adhered to on reconsideration, 451 F.3d 77 (2nd cir. 2006).

**B.   The Notice of Intent of Violation Under RCRA is Insufficient to Confer Jurisdiction.**

The Notice of Violation and Intent to file suit under RCRA is set forth in Exhibit B to the Complaint.

Like the CWA, the adequacy of a Notice of Intent to File Suit under RCRA is set forth in regulation at 40 C.F.R. 254.3 as follows:

> "(a) Notice regarding an alleged violation of permit, standard, regulation, condition, requirement or order which has become effective under this Act shall include sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and full name, address and telephone number of the person giving notice."

C. J. NEARY
ATTORNEY AT LAW
110 SOUTH MAIN STREET,
SUITE C
WILLITS, CALIFORNIA 95490
(707) 459-5551

Plaintiff incorporates the same definition of place as it used in its definition of place in the CWA Notice of Intent *in haec verba*.

Again, the Notice of Violation also incorporates all possible dates under the statute of limitations defining the dates of violation as being "between September 8, 2001 and September 8, 2006."

Furthermore, the Notice of Violation does not even define whether defendants are alleged to have actually disposed hazardous wastes or whether they merely threatened to do so.

It is noteworthy that Plaintiff's Complaint alleges that the water upon the "facility" is subject to permits under the CWA and that discharges of "pollutants" from soil and groundwater are regulated by the CWA. Plaintiffs in their Notice of Intent did not assert that the RCRA claim is in the alternative to apply only if CWA jurisdiction was inappropriate. Rather, plaintiffs incorporate by reference at Paragraph 33 all allegations of Paragraphs 1 through 32, inclusive, containing all of the allegations relating to the CWA. RCRA excludes from its scope "solid or dissolved materials in . . . industrial discharges which are point sources subject to permits under Section 1342 of Title 33." 42 U.S.C. 6903(27). Because the materials identified by plaintiffs do not qualify as "solid waste" they are not "hazardous waste" as RCRA defines hazardous waste as being a subset of solid waste.

RCRA specifically provides:

> "Nothing in this chapter shall be construed to apply to (or to authorize any state, interstate or local authority to regulate) any activity or substance which is subject to the [CWA] (33 U.S.C. § 1151 and following), . . . except to the extent that such application (or regulation) is not inconsistent with the requirements of such acts." 42 U.S.C. 6905(a).

Therefore, the Notice of Violation for the alleged RCRA violation is deficient in that it identifies exempt materials.

///

///

9

In *Covington v. Jefferson County* 358 F.3d 626 (9th cir. 2004) the court held that failure to comply with the RCRA notice requirements results in a lack of subject matter jurisdiction.

DATED: July 31, 2007

                                            CHRISTOPHER J. NEARY
                                            Attorney for Defendants
                                            WAYNE HUNT and U.S. ALCHEMY
                                            CORPORATION dba UKIAH AUTO
                                            DISMANTLERS

C. J. NEARY
ATTORNEY AT LAW
110 SOUTH MAIN STREET,
SUITE C
WILLITS, CALIFORNIA 95490
(707) 459-5551

10