Michael S. Biggs, Esq. SBN: 237640
BIGGS LAW P.C.
Post Office Box 454
Petaluma, CA 94953-0454

(707) 763-8000 Telephone
(707) 763-8010 Facsimile

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams,<br><br>Plaintiffs,<br><br>v.<br><br>Ukiah Auto Dismantlers, Wayne Hunt Isabel Lewright, Warrior Industires, Inc Richard Mayfield, Ross Junior Mayfield, Paula Mayfield, Kenneth Hunt, U.S. Alchemy Corporation and DOES 1-50, Inclusive,<br><br>Defendants. | Case No.: **Case No.: C 07 2648**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS UNDER FEDERAL RULE 12(B)(1)**<br><br>Date:   11/30/07<br>Time:   9:00 a.m<br>Dept:   Courtroom C, 15th Floor |

### SUMMARY OF ARGUMENT

Defendants (hereafter Ukiah Auto Dismantlers et al) "erroneously contend that Plaintiff (hereafter Pinoleville Pomo Nation Environmental Association et al) used CWA and RICRA form notices in trying to persuade the court that the Notices of Violation are stated in general of terms supposedly rendering it impossible for Ukiah Auto Dismantlers et al, to comply prior to being subjected to citizen suit. Moreover Ukiah Auto Dismantlers et al, audaciously

claims that the Notices fail to identify the dates in violation in permissible form, and fail to identify the alleged pollutants.

Pinoleville Pomo Nation Environmental Association et al's Notices are adequate pursuant to statute and case law - in that the Notices identify "sufficiently" the activity giving rise to request for relief and are"sufficiently specific to inform [Ukiah Auto Dismantlers et al] about what it is doing wrong," The Notices are also specific enough to give [Ukiah Auto Dismantlers et al] an "opportunity to correct the problem. [See Exhibits A & B of the Complaint, CWA and RICRA Notices]

On March 30, 2006 the Regional Water Quality Control Board – Region 1 issued cleanup and Abatement Order N. R1-2006-0036, which is attached and fully incorporated to the CWA and RICRA Notices and also attached as Exhibit D of the Complaint served upon Ukiah Auto Dismantlers et al.

Moreover Pinoleville Pomo Nation Environmental Association et al's Notices referenced photographs [which are also attached to Complaint as Exhibits 1-20] taken during site visits and eye witness accounts, indicating, in plain view, to passers by, even from afar, and off of Defendants facilities, pollutants such as oil, grease, anti-freeze, brake fluid, gasoline, transmission fluid, and other toxic substances being discharged from the facilities into the watershed during rain events. Defendants Ukiah Auto Dismantlers et al were clearly advised in the Notices that they had failed to adequately pave the facilities to prevent fluids from leaking into the soil and elsewhere…. In light of the clarity and pointed ness contained in the Notices and supporting Regional Water Quality Control Board – Region 1 cleanup and Abatement Order, Defendant Ukiah Auto Dismantlers et al has no factual basis in their contention said Notices are

so vague it is impossible for them to comply before being subjected to a Citizen suit and that the Notices fail to identify the location of point sources and alleged pollutants.

**The Court should deny defendant's Motion to Dismiss for the following reasons:**

**1.    A Motion To Dismiss Is Viewed With Disfavor**

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chemical Sales, Inc.* v. *Avondale Shipyards, Inc.* 677 F.2d 1045, 1050 (5th Cir. 1982).

**2.    The Complaint Must Be Construed In The Light Most Favorable To Plaintiffs**

The complaint must be construed in the light most favorable to Plaintiff. *Parks School of Business, Inc.* v. *Symington* 51 F.3d 1480, 1484 (9th Cir. 1995).

**3.    The Court Must Accept All Material Allegations In Plaintiffs' Complaint As True**

In reviewing a rule 12(b)(6) of the Federal Rules of Civil Procedure (28 U.S.C.) Motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *NL Industries, Inc.* v. *Kaplan* 792 F.2d 896, 898 (9th Cir. 1986); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit* 507 U.S. 163 (1993); *NL Industries, Inc.* v. *Kaplan* 792 F.2d 896, 898 (9th Cir. 1986).

**4.    The Test Is Whether The Facts In Plaintiffs' First Amended Complaint, As Alleged, Support Any Valid Claim For Relief**

Even an erroneous legal theory may be disregarded if a valid claim is alleged. The test is whether the facts, as alleged, support *any* valid claim entitling Plaintiff to relief...not necessarily the one intended by Plaintiff. Thus, a complaint should not be dismissed because Plaintiff erroneously relies on the wrong legal theory if the facts alleged support any valid theory.

*Haddock* v. *Board of Dental Examiners of Calif.* 777 F.2d 462, 464 (9th Cir. 1985), *Sidney S. Arst* v. *Pipefitters Welfare Educ. Fund* 25 F.3d 417, 421 (7th Cir. 1994).

**5. The Court should deny defendant's Motion to Dismiss 12(b)(1) for lack of subject matter jurisdiction for the following reasons:**

a) Plaintiff Pinoleville Pomo Nation Environmental Association et al has met its burden in establishing jurisdiction on the CWA and RICRA causes of action and has provided defendants with proper CWA and RICRA Notices pursuant to statutes and case law and the facts of the case per its argument below, and plaintiff has submitted arguable basis of law for all federal and supplemental state claims as alleged, *Garcia* v. *Copenhaver, Bell & Associates.*, 104 F.3d 1256, 1260-61 (11th Cir.1997) ("extremely difficult" to dismiss claim for lacking subject matter jurisdiction)

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULE 12(B) (1)**

Here throughout its brief defendant Ukiah Auto Dismantlers et al) espouses a strict construction standard for contends of CWA and RICRA notices and attempts to apply this standard to the contends of Pinoleville Pomo Nation Environmental Association et al CWA and RICRA notices. In doing so defendant relies heavily on two "off-point" cases where the concept of strict construction is applied to issues on service of the notices and identification of plaintiffs.

Defendant Ukiah Auto Dismantlers et al's reliance on *Halstrom v. Tillamook* 493 U.S. 20 1989 (hereafter "*Halstrom*") is misplaced because *Halstorm* does not address the same or even similar issues raised by defendants Ukiah Auto Dismantlers et al.

Instead, *Halstrom* involved plaintiff's failure to notify the state of Oregon and the EPA in that those entities were not noticed the service and copy of the RICRA notice served on the

*Memorandum of Points And Authorities in*  
*Opposition to Motion to Dismiss Under*  
*Federal Rule 12(B)(2); 12(B)(6)*  

4  

*C 07 2648*  
*PPN v. UAD et al.*

defendant in that case, id at 24. Defendants Ukiah Auto Dismantlers et al are not alleging any "improper" or "failure" of service in the instant case.

Similarly Defendant's Ukiah Auto Dismantlers et al reliance on <u>Washington Trout v. McCain Foods, Inc. (9th Cir. 1995) 45 F.3d 1351,</u> (hereafter "<u>Washington Trout</u>") is also misplaced because <u>Washington Trout</u> involved a CWA notice where the notice did not furnish the identity, address, and phone number of Washington Trout and the Central Basin Audubon Society, id at 1352. Here the Court pointed out that without this information "because neither EPA nor McCain knew other plaintiffs were involved, they were not in a position to negotiate with the plaintiffs to seek an administrative remedy," id at 1354.

Defendant's Ukiah Auto Dismantlers et al instant motion attempts to lead the Court in applying the strict construction standard applied in <u>Halstorm</u> and <u>Washington Trout</u> onto facts entirely different from the "notice on interested parties" required by the law and wants the Court to misapply the strict construction standard against a long line of cases .

Most notably in <u>San Francisco Baykeeper, Inc., v. Tosco Corporation, Diablo Services, Inc., (9th Cir. 1995)</u> 309 F.3d 1153, 1159, (hereafter "<u>Tosco</u>") the court of appeals wrote: "The notice regulation does not require BayKeeper in such a situation to provide the exact dates of alleged violations; rather it requires only the BayKeeper provide "sufficient information to permit the recipients to identify …the date or dates." (emphasis added) Given the knowledge that Toscoe already had, BayKeepers letter was specific enough to notify Tosco of the nature of the alleged violations, as well as the likely dates of those violations."

In the instant case Pinoleville Pomo Nation Environmental Association et al CWA and RICRA notices not only are far from what Defendants describes as "form notices" [UAD

Opening Brief 2: 14-15], but in fact extraordinarily specific with supporting documentation. [See Exhibits A & B of the Complaint, CWA and RICRA Notices].

### A. Defendants Motion To Dismiss is Frivolous And Should Be Denied Because it Misapplies Law to Fact And Plaintiffs Notice Contains Sufficient Information to Identify Violations Meeting All the Requirements of the CWA and EPA Regulations as Defined by Statute and Interpreted by Case Law

Defendants, Ukiah Auto Dismantlers et al contend that the Notice fails to meet the requirements of 40 CFR§ 135.3 in that the Notice is deficient because (1) the Notice of violation is stated in such general terms as to have rendered it impossible for the defendants to comply prior to being subjected to citizen suit; and (2) the Notice fails to identify the location of the point source, fails to identify the dates of violation in permissible form, and fails to identify the alleged pollutant(s), [UAD Opening Brief 4:22-27].

In two recent Ninth Circuit cases, *Community Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F. 3d 943 (9 Cir. 2002) (hereafter "*CARE*") and *San Francisco Baykeeper v. Tosco Corporation et al*. 309 F. 3d 1153 (9 Cir 2002) (hereafter "*Tosco*") the Ninth Circuit has given guidance and clarity as to the requirements of what constitutes sufficient information to permit the recipient to identify: (1) the activity alleged to constitute a violation, and (2) the date or dates of such violation. A third case *NRDC v. Southwest Marine* 945 F. Supp. 1330 (S.D. Cal 1996)("*Southwest I*") aff'd 236 F. 3d 985 (9 Cir. 2000) ("*Southwest II*")is directly on point with regard to the specificity necessary for noticing omissions, such as the failure to implement an adequate SWPPP and Monitoring Program, rather than commissions, such as exceeding a specific effluent limit.

### The Contents Of Plaintiffs CWA Notice Contains "Sufficient Information."

The "key language in the notice regulation is the phrase 'sufficient information to

permit the recipient to identify' the alleged violations and bring itself into compliance." The regulation does not require plaintiffs to "list every specific aspect or detail of every alleged violation." <u>CARE</u> at 951. "In short, the Clean Water Act's notice provisions and their enforcing regulations require no more than 'reasonable specificity.' <u>Catskill Mts. Chapter of Trout Unlimited, Inc.</u> v. <u>New York</u>, 273 F.3d 481, 488 (2 Cir. 2001)." <u>Tosco</u> at 1158.

**1. <u>Pinoleville Pomo Nation Environmental Association et al's Notice Contains Sufficient Information to Permit Defendants to Identify the Activities Alleged to Constitute a Violation</u>**

Defendants Ukiah Auto Dismantlers et al are aware of the intimate details of its own operations. Plaintiffs's Pinoleville Pomo Nation Environmental Association et al, Notice was adequate in that it identified the specific activity giving rise to request for relief. Clearly Plaintiff's Notice is "sufficiently specific to inform [Defendants] about what it is doing wrong." and it was also specific enough to give Defendants an "opportunity to correct the problem." (See <u>Tosco</u> supra at 1159)

In <u>Southwest II</u> the Ninth Circuit noted that the plaintiffs' notice letter alleged "two separate, but related, violations concerning the pollution prevention plans required by its permits and the CWA. The first was Defendant's failure to prepare adequate plans; the second was Defendant's failure to implement adequate plans. . . . Plaintiffs were not alleging that a particular discharge from a particular pipe on a particular day had violated the CWA. Rather, they were alleging that Defendant had failed to prepare and implement plans that were required by its permit. . . . the failure to develop and implement pollution prevention plans are violations 'occurring at the facility in general.'" <u>Southwest Marine I</u> at 996.

In <u>Southwest I</u> the court found that, "the [Notice] letter's assertion that the SWPPP violated the General Permit is an adequate statement of the activity that constitutes the

violation." *Id.* at 1333.

As in <u>Southwest I,</u> Plaintiffs in the instant case have made a factual statement regarding each and every activity it believes constitutes a violation.

The Notice incorporated by reference the General Permit and the two documents taken together are sufficient to inform Defendant Ukiah Auto Dismantlers as to the activity alleged to constitute a violation of the General Permit.

**2. <u>Pinoleville Pomo Nation Environmental Association et al's Notice Contains Sufficient Information to Permit Defendant Ukiah Auto Dismantlers to Identify the location of the alleged violation</u>**

In its Opening Brief Defendant Ukiah Auto Dismantlers describe in a line or two the locations of its various facilities, most notably Ukiah Auto Dismantlers [Defendants Opening Brief1:24-28]. By doing so Defendants provided the Court sufficient information to determine the location of the Defendants facilities. Plaintiff went further. In addition to identifying each facility by name it gave the location and a brief description of the area of operation. [See Exhibits A & B of the Complaint, CWA and RICRA Notices]

Many of Pinoleville Pomo Nation Environmental Association et al's claims are general concerning the entire operation rather than a specific discharge point. Failure to acquire a NPDES permit for non-point source discharges at the facility, applies to the entire facility and not to any specific isolated discharge. Therefore, identifying the facility is sufficient information as to the location of the alleged violation. The same can be said for failure to implement an adequate SWPPP and Monitoring Program or failure to employ the proper BMPs. These allegations refer to the entire facility.

In cases where a specific point source other than the facility needed to be identified

Plaintiff Pinoleville Pomo Nation Environmental Association et als has supplied that information as well (i.e. stock piled auto materials leaking fluids onto bare naked soil oozing into the earth adjacent to a nearby creek running into the Russian River).

### 3. Pinoleville Pomo Nation Environmental Association et al's Notice Contains Sufficient Information to Permit Defendant Ukiah Auto Dismantlers to Identify the Date or Dates of Such Violation

In *California Sportfishing Protection Alliance* v. *City of West Sacramento*, 905 F. Supp 792 (hereafter *"California Sportfishing"*) the court held that if specific dates are not given the Notice should at a minimum provide "a range as to date that is reasonably limited" *id* at 799. The plaintiff's in *California Sportfishing* failed to specify an identifiable range of dates. The court found vague the reference to the "previous five years" *ibid* without any definitive period.

Contrary to the plaintiff's in *California Sportfishing*, Pinoleville Pomo Nation Environmental Association, et al, clearly identified a specific time period during which these discharges took place. Pinoleville Pomo Nation Environmental Association et al, is alleging continuous violations for the time period specified Ukiah Auto Dismantlers, et al,: [1] does not possess a NPDES permit for non-storm water discharges; [2] has not implemented its SWPPP or Monitoring Program;[3] is not implementing BMPs at its facilities identified in the Notice.

In Pinoleville Pomo Nation Environmental Association et al's, Notice the specific range of dates is readily identifiable. [See Exhibits A & B of the Complaint, CWA and RICRA Notices] The language of Pinoleville Pomo Nation Environmental Association Notice regarding the range of dates is nearly identical with the Notice letter in *California Public Interest Research Group v. Shell Oil Company*, 1994 U.S. Dist. LEXIS 18999 (*"CALPIRG"*) ("CALPIRG also stated that this notice covered all violations of applicable limits from July

1987 through the present." *Id* at *3) In *CALPIRG* Judge Henderson found the range of dates to be adequate and that "Shell could readily identify the specific dates of the alleged violations . ." *Id.* at *4

This case does differ from *CALPIRG* in that the plaintiffs in *CALPIRG* were complaining of specific violations of defendants' NPDES permit. The court reasoned that the defendants could review their own monitoring data for those specific dates. In this case, rather than alleging specific violations of a NPDES permit, Pinoleville Pomo Nation Environmental Association, et al, is alleging deficiencies that are on going.

The Ninth Circuit has determined that where deficiencies are ongoing no specific date need be alleged. "Where *BayKeeper* alleged an ongoing violation of *Tosco's* obligation to implement best available technology to prevent storm water pollution, no specific dates were needed. See *Southwest Marine*, 236 F.3d 996." *Tosco* supra at 1158. "The deficiencies in these plans are ongoing, so there is no specific date that can be alleged as the date of the violation. As long as Southwest operates without a legally adequate BMP, SWPPP, or monitoring and reporting plan, the violations will continue each and every day." *Southwest I* supra at 1333. The statute itself does not require the plaintiff to list each and every date, a range of dates is sufficient. If the violations have been continuous throughout the entire five year statute of limitations then identifying that period would be a proper range.

The Ninth Circuit has consistently held, the CWA regulation only requires the plaintiff to provide enough information to permit the recipient to identify the dates of the violations; the regulation does not require the notice itself to contain the relevant dates. See *PIRG of New Jersey, Inc. v Friends of the Earth* 50 F.3d 1239 at 1247 (3 Cir 1995) ("While there is no doubt that such detailed information is helpful to the recipient of a notice letter

in identifying the basis for the citizen suit, such specificity is not mandated by the regulation."); *California Sportfishing* at 799 (". . .at the least plaintiff should give a range as to date that is reasonably limited.").

**4. Pinoleville Pomo Nation Environmental Association et al's Notice Meets all the Requirements of 40 CFR § 135.3(a)**

Notice letters are not required to be stand alone documents. Notices are only required to give the recipient polluter and regulatory agencies sufficient information to identify the alleged violations. It is assumed the polluter understands its own processes, and the agency is familiar with either the specific discharger or the industry to understand what is being described.

Pinoleville Pomo Nation Environmental Association et al's Notice identifies all locations. The Notice briefly describes the processes which occur at each site that giving rise to pollution. The Notice identifies the applicable law and sections of the Clean Water Act being violated. As intended, that Notice contains sufficient information for Ukiah Auto Dismantlers, et al, and the regulatory agencies to identify all the aspects of Notice Ukiah Auto Dismantlers, et al, alleges are lacking. See *CALPIRG* "Here, Shell could identify, based on the notice provided, the information it contends was 'missing' . . .plaintiffs' July 28, 1992 [Notice] letter provided Shell with the core, albeit minimum, information necessary to provide adequate notice and identify the alleged "missing" information." *Id.* at *4.

Pinoleville Pomo Nation Environmental Association et al, submits that its Notice meets all the requirements of the 40 CFR §135.3(a).

///
///

**B.  Defendants Motion To Dismiss is Frivolous And Should Be Denied Because it Misapplies Law to Fact  And Plaintiffs  Notice Contains Sufficient Information to Identify Violations Meeting All the Requirements of  RICRA and EPA Regulations as Defined by Statute and Interpreted by Case Law**

Defendant Ukiah Auto Dismantlers et al arguments that the Notice of Intent of Violation under RCRA is insufficient to confer jurisdiction fails on the basis of Pinoleville Pomo Nation Environmental Association et al's arguments, as stated fully above, as applied to 40 C.F.R. § 254.3 which sets out the same "sufficient information" standard onto RICRA notices as is required by 40 CFR §135.3(a).

**C. The Court Has Subject Matter Jurisdiction Over Supplemental State Claims**

The Court has and should exercise supplemental jurisdiction over the state causes of action.

**CONCLUSION**

Based upon the foregoing facts and law, it is respectfully submitted that the motion to dismiss by defendant Ukiah Auto Dismantlers et al should be denied.

Dated: November 7, 2008

_____
Michael S. Biggs, Attorney for Plaintiffs
Pinoleville Pomo Nation Environmental Association et al