Hans W. Herb, Esq. SBN 136018
LAW OFFICES OF HANS W. HERB
P. O. Box 970
Santa Rosa, CA  95402
707/576-0757
707/575-0364 Fax
hans@tankman.com

Attorney for Defendant and
Cross-Claimant, Richard Mayfield

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINOLEVILLE POMO NATION, *et al.*,<br><br>         Plaintiffs,<br><br>v.<br><br>UKIAH AUTO DISMANTLERS, *et al.*,<br><br>         Defendants. | **Case No.:  C-07-2648 SI**<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT BY RICHARD MAYFIELD**<br>**AND CROSS-CLAIM OF RICHARD MAYFIELD** |
| RICHARD MAYFIELD<br><br>         Cross-Claimant,<br><br>v.<br><br>PINOLEVILLE POMO NATION;<br>PINOLEVILLE POMO NATION<br>ENVIRONMENTAL ASSOCIATION;<br>LEONA WILLIAMS; and, UKIAH AUTO<br>DISMANTLERS,<br><br>         Cross-Defendants. | |

Defendant and Cross-Claimant, RICHARD MAYFIELD ("Mayfield"), answers the respectively numbered paragraphs of the Plaintiffs' Complaint for Injunctive Relief, Civil Penalties, Restitution and Remediation and Damages as follows:

      1.    This paragraph is a statement, not an allegation; therefore, no response is necessary.

      2.    Defendant Mayfield denies the allegations contained in this paragraph.

3.    Defendant Mayfield denies the allegations contained in this paragraph.

4.    This paragraph is a statement, not an allegation; therefore, no response is necessary.

5.    The first part of this paragraph is a statement, not an allegation; therefore, no response is necessary.  As to the allegation in this paragraph regarding "ongoing discharge by defendants . . . ," Defendant Mayfield denies this allegation.

6.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

7.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

8.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

9.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

10.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

11.    Defendant Mayfield admits the allegations regarding the Mayfield Defendants and Warrior Industries to the extent that these individuals previously were associated with Warrior Industries, but lacks knowledge or information sufficient to enable him to answer the allegations regarding Ross Mayfield, Paula Mayfield, Kenneth Hunt and U.S. Alchemy Corporation and, placing his denial on this ground, denies those remaining allegations.  Mayfield admits Warrior Industries is a suspended corporation and it has no capacity to be sued herein.

12.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.  Mayfield further alleges the DOE pleading is improper in Federal Court.

13.    Defendant Mayfield denies the allegations of this paragraph.

14.    Defendant Mayfield denies the allegations of this paragraph.

15.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

16.    Defendant Mayfield denies the allegations of this paragraph.

17.    Defendant Mayfield denies the allegation that his facility is a "point source."  This remainder of this paragraph is a statement, not an allegation; therefore, no response is necessary.

18.    This paragraph is a statement, not an allegation; therefore, no response is necessary.  To the extent necessary, Mayfield denies the allegations of this paragraph.

19.    This paragraph is a statement, not an allegation; therefore, no response is necessary.

20.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

21.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

22.    This paragraph is a statement, not an allegation; therefore, no response is necessary.  To the extent necessary, Mayfield denies the allegations of this paragraph.

23.    Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 22 above as though fully set forth herein.

24.     Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

25.     This allegation appears to be directed to other defendants.  On that basis, Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph. To the extent the allegations apply to Defendant Mayfield, he denies the allegations of this paragraph.

26.     Defendant Mayfield denies any violations are "ongoing and will continue after the filing of [this] Complaint."  This remainder of this paragraph is a statement, not an allegation; therefore, no response is necessary.

27.     Defendant Mayfield denies the allegation that he "will continue to violate the CWA . . . ."  Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the remaining allegations of this paragraph and, placing his denial on this ground, denies each and every other allegation of this paragraph.

27.     Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 27 above as though fully set forth herein.[1]

28.     Defendant Mayfield denies the allegations of this paragraph.

29.     Defendant Mayfield denies the allegations of this paragraph.

30.     Defendant Mayfield denies the allegations of this paragraph.

31.     Defendant Mayfield denies the allegations of this paragraph.

32.     Defendant Mayfield denies the allegation that he "will continue to violate the CWA as well as State and Federal standards."  The remainder of this paragraph is a statement, not an allegation; therefore, no response is necessary.

33.     Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 32 above as though fully set forth herein.

[1] There are two paragraphs numbered 27 in Plaintiffs' Complaint.

34.    This paragraph is a statement, not an allegation; therefore, no response is necessary.

35.    Defendant Mayfield admits the allegation that he is subject to regulation by these entities.  Defendant Mayfield has no knowledge of the "appropriate" Regional Water Quality Control Boards and/or county health departments referred to by Plaintiffs.

36.    This paragraph is a statement, not an allegation; therefore, no response is necessary.

37.    Defendant Mayfield denies the allegations of this paragraph.

38.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

39.    Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 38 above as though fully set forth herein.

40.    This paragraph is a statement, not an allegation; therefore, no response is necessary.

41.    This allegation appears to be directed to other defendants.  On that basis, Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.  To the extent the allegations apply to Defendant Mayfield, he denies the allegations of this paragraph.

42.    This allegation appears to be directed to other defendants.  On that basis, Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.  To the extent the allegations apply to Defendant Mayfield, he denies the allegations of this paragraph.

43.    This paragraph is a statement, not an allegation; therefore, no response is necessary.  Notwithstanding, this allegation appears to be directed to other defendants.  On that basis, Defendant Mayfield lacks knowledge or information sufficient to enable

1    him to answer the allegations of this paragraph and, placing his denial on this ground,

2    denies each and every allegation of this paragraph.  To the extent the allegations apply

3    to Defendant Mayfield, he denies the allegations of this paragraph.

4        44.    This paragraph is a statement, not an allegation; therefore, no response is

5    necessary.   To the extent the allegations apply to Defendant Mayfield, he denies the

6    allegations of this paragraph.

7        45.    This paragraph is a statement, not an allegation; therefore, no response is

8    necessary.  To the extent the allegations apply to Defendant Mayfield, he denies the

9    allegations of this paragraph.

10       46.    The allegations in this paragraph appear to be directed to other

11   defendants.  On that basis, Defendant Mayfield lacks knowledge or information

12   sufficient to enable him to answer the allegations of this paragraph and, placing his

13   denial on this ground, denies each and every allegation of this paragraph. To the extent

14   the allegations apply to Defendant Mayfield, he denies the allegations of this paragraph.

15       47.    Defendant Mayfield lacks knowledge or information sufficient to enable

16   him to answer the allegations of this paragraph and, placing his denial on this ground,

17   denies each and every allegation of this paragraph.

18       48.    Defendant Mayfield realleges and incorporates by reference his responses

19   in paragraphs 1 through 47 above as though fully set forth herein.

20       49.    Defendant Mayfield denies each and every allegation of this paragraph.

21       50.    The allegations in this paragraph appear to be directed to other

22   defendants.  On that basis, Defendant Mayfield lacks knowledge or information

23   sufficient to enable him to answer the allegations of this paragraph and, placing his

24   denial on this ground, denies each and every allegation of this paragraph.

25       51.    The allegations in this paragraph appear to be directed to other

26   defendants.  On that basis, Defendant Mayfield lacks knowledge or information

27   sufficient to enable him to answer the allegations of this paragraph and, placing his

28   denial on this ground, denies each and every allegation of this paragraph.

52.     The allegations in this paragraph appear to be directed to other defendants.  On that basis, Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

53.     Defendant Mayfield denies any unlawful and unfair business practice.  As to the remaining allegations of this paragraph, Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

54.     Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 53 above as though fully set forth herein.

55.     Defendant Mayfield denies each and every allegation of this paragraph.

56.     This paragraph is a statement, not an allegation; therefore, no response is necessary.

57.     This paragraph is a statement, not an allegation; therefore, no response is necessary.

58.     Defendant Mayfield denies each and every allegation of this paragraph.

59.     Defendant Mayfield denies each and every allegation of this paragraph.

60.     Defendant Mayfield denies each and every allegation of this paragraph.

61.     Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 60 above as though fully set forth herein.

62.     Defendant Mayfield denies each and every allegation of this paragraph.

63.     Defendant Mayfield denies each and every allegation of this paragraph.

64.     Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 63 above as though fully set forth herein.

65.     Defendant Mayfield denies each and every allegation of this paragraph.

65.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.[2]

66.    Defendant Mayfield denies each and every allegation of this paragraph.

66.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.[3]

67.    Defendant Mayfield denies each and every allegation of this paragraph.

68.    Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 67 above as though fully set forth herein.

69.    Defendant Mayfield denies each and every allegation of this paragraph.

70.    Defendant Mayfield denies each and every allegation of this paragraph.

71.    This allegation appears to be directed to other defendants.  On that basis, Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

72.    Defendant Mayfield denies each and every allegation of this paragraph.

73.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

74.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

75.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

---

[2] There are two paragraphs numbered 65 in Plaintiffs' Complaint.
[3] There are two paragraphs numbered 66 in Plaintiffs' Complaint.

76. This paragraph is a statement, not an allegation; therefore, no response is necessary.

77. Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

78. Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

79. Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

80. This allegation appears to be directed to other defendants. On that basis, Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

81. This paragraph is a statement, not an allegation; therefore, no response is necessary. Defendant Mayfield denies each and every allegation of this paragraph.

82. Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

83. This allegation appears to be directed to other defendants. On that basis, Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph. Defendant Mayfield also notes this appears to be contradicted by the attachments to Plaintiffs' Complaint.

84. This paragraph is a statement, not an allegation; therefore, no response is necessary. Defendant Mayfield denies each and every allegation of this paragraph.

85. Defendant Mayfield denies each and every allegation of this paragraph.

86.     Defendant Mayfield denies each and every allegation of this paragraph.

87.     Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 87 above as though fully set forth herein.

88.     This allegation appears to be directed to other defendants.  On that basis, Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

89.     Defendant Mayfield denies each and every allegation of this paragraph.

90.     Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 89 above as though fully set forth herein.

91.     Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

92.     Defendant Mayfield denies each and every allegation of this paragraph.

93.     Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 92 above as though fully set forth herein.

94.     Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

95.     Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

96.     Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

97.     Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

98.    Defendant Mayfield realleges and incorporates by reference his responses in paragraphs 1 through 97 above as though fully set forth herein.

99.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

100.    Defendant Mayfield denies each and every allegation of this paragraph.

101.    Defendant Mayfield denies each and every allegation of this paragraph.

102.    Defendant Mayfield denies each and every allegation of this paragraph.

103.    Defendant Mayfield lacks knowledge or information sufficient to enable him to answer the allegations of this paragraph and, placing his denial on this ground, denies each and every allegation of this paragraph.

104.    Defendant Mayfield denies each and every allegation of this paragraph.

105.    Except as expressly admitted in this Answer, Defendant Mayfield denies each and every allegation of the Complaint or that Plaintiffs are entitled to any relief whatsoever.

**FIRST DEFENSE**

106.    The Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

**SECOND DEFENSE**

107.    The claims are barred in whole, or in the alternative in part, by the applicable statutes of limitations, including but not limited to 42 U.S.C. §9613(g)(3); California Code of Civil Procedure §§ 337(1), 337.2, 338(a), 338(b), 338.1, 339(1), 343; and California Corporations Code § 2011(a)(2).

**THIRD DEFENSE**

108.    The claims are barred in whole, or in the alternative in part, by plaintiffs' laches and unreasonable delay in bringing this action, to this answering defendant' detriment.

**FOURTH DEFENSE**

109.    The claims are barred in whole, or in the alternative in part, by plaintiffs' or plaintiffs' predecessors' contribution to the releases of contaminants found at the property.

**FIFTH DEFENSE**

110.    The claims are barred in whole, or in the alternative in part, by plaintiffs' or plaintiffs' predecessors' negligence, mismanagement, and/or delay in responding to any alleged contaminants found at the property.

**SIXTH DEFENSE**

111.    The claims are barred in whole, or in the alternative in part, by plaintiffs' or plaintiffs' predecessors' active negligence in contributing to the releases and/or spread of contaminants found at the property.

**SEVENTH DEFENSE**

112.    The claims are barred in whole, or in the alternative in part, by equitable factors, including those pursuant to 42 U.S.C. §9613(f)(1), rendering it unjust to award plaintiffs contribution to their past or future costs against this answering defendant.

**EIGHTH DEFENSE**

113.    The claims are barred in whole, or in the alternative in part, by plaintiffs' failure to make prompt and timely demand for indemnification, to this answering defendant's detriment.

**NINTH DEFENSE**

114.    The claims are barred in whole, or in the alternative in part, by the applicable statutory defenses, including but not limited to 42 U.S.C. § 9607(b)(3) and any applicable laws.

**TENTH DEFENSE**

115.    The claims are barred to the extent that the defense of waiver applies.

**ELEVENTH DEFENSE**

116.    The claims are barred to the extent there was an accord and satisfaction.

**TWELFTH DEFENSE**

117.   The claims are barred to the extent of Plaintiffs' assumption of the risk.

**THIRTEENTH DEFENSE**

118.   The claims are barred by the doctrine of estoppel.

**FOURTEENTH DEFENSE**

119.   The claims are barred to the extent that collateral estoppel or res judicata apply, including, but not limited to those doctrines' application as to prior administrative decisions of the Regional Water Quality Control Board or other agencies.

**FIFTEENTH DEFENSE**

120.   The claims are barred to the extent Plaintiffs have entered into any applicable release.

**SIXTEENTH DEFENSE**

121.   Plaintiffs' claims are barred to the extent there was an act of God.

**SEVENTEENTH DEFENSE**

122.   Plaintiffs' claims are barred to the extent the Plaintiffs' activities failed to be consistent with the National Contingency Plan.

**EIGHTEENTH DEFENSE**

123.   Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their damages.

**NINETEENTH DEFENSE**

124.   Plaintiffs' causes of action are barred to the extent that the doctrine of unclean hands applies.

**TWENTIETH DEFENSE**

125.   Plaintiffs' causes of action are barred to the extent that Plaintiffs have failed to mitigate, minimize or avoid any loss allegedly sustained and any recovery must be reduced by that amount.

1

**TWENTY-FIRST DEFENSE**

2      126.    Plaintiffs' causes of action are barred to the extent that Plaintiffs and

3  Defendant consented and agreed to accept the conditions alleged in the Complaint.

4

**TWENTY-SECOND DEFENSE**

5      127.    Plaintiffs' causes of action are barred in that Plaintiffs were not properly

6  licensed and that Plaintiffs did not obtain proper permits and approvals regarding the

7  claims and allegations stated in the Complaint.

8

**TWENTY-THIRD DEFENSE**

9      128.    Plaintiffs' causes of action are barred in that the conduct surrounding the

10 alleged action was privileged.

11

**TWENTY-FOURTH DEFENSE**

12      129.    Defendant alleges that the damages, if any, complained of by Plaintiffs,

13 were proximately caused by the negligence, fault, breach of contract and/or strict liability

14 of Plaintiffs or other defendants, firms, persons, corporations, unions, employers and

15 entities, and that said negligence, fault, breach of contract and/or strict liability

16 comparatively reduces the percentage of any negligence, fault, breach of contract or

17 strict liability for which this Defendant is legally responsible, if any be found, which

18 liability this Defendant expressly denies

19

**TWENTY-FIFTH DEFENSE**

20      130.    Defendant alleges that Plaintiffs' Complaint and the purported causes of

21 action therein are barred by all state statutes of limitation, including, but not limited to,

22 the provisions of California Code of Civil Procedure §§ 338, 338.1, 339(1), 340, 340(3)

23 and 340.2, 343, 352, 366.1, 366.2 and California Commercial Code § 2725.  Plaintiffs'

24 claims are further barred by the statute of limitations of states other than California,

25 pursuant to California Code of Civil Procedure §361.

26

**TWENTY-SIXTH DEFENSE**

27      131.    Plaintiffs' causes of action are barred to the extent that Plaintiffs failed to

28 file proper notices, including pre-suit notices and notice under California Code of Civil

Procedure § 388 and all required proper federal notices to bring this action.

### TWENTY-SEVENTH DEFENSE

132.   Plaintiffs acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of this Defendant, thus barring Plaintiffs from any relief as prayed for herein.

### TWENTY-EIGHTH DEFENSE

133.   The conduct of this Defendant, if any, which caused or contributed to the site contamination was the state of the art when the alleged releases occurred.

### TWENTY-NINTH DEFENSE

134.   Any discharge, dispersal, release, or escape of any materials at the site was a permitted release or discharge.

### THIRTIETH DEFENSE

135.   The imposition of strict retroactive liability against this Defendant is unconstitutional and violates this Defendant's due process rights.

### THIRTY-FIRST DEFENSE

136.   The Court lacks jurisdiction over this Defendant.

### THIRTY-SECOND DEFENSE

137.   The Court lacks jurisdiction over this Defendant because the matter is already pending in other courts.

### THIRTY-THIRD DEFENSE

138.   The Court lacks jurisdiction over this Defendant as the matter is subject to res judicata, collateral estoppel and finality of other actions.

### THIRTY-FOURTH DEFENSE

139.   The matter is barred because Plaintiffs previously failed to file compulsory cross-claim in related legal cases.

### THIRTY-FIFTH DEFENSE

140.   The claims are barred to the extent they are advanced by improper parties and parties who lack proper legal standing.

**THIRTY-SIXTH DEFENSE**

141.    The action is barred by the Rooker-Feldman Doctrine.

**THIRTY-SEVENTH DEFENSE**

142.    The action is barred as a violation of this Defendant's civil rights.

**THIRTY-EIGHTH DEFENSE**

143.    The action is barred in that the conduct complained of by Plaintiffs was specifically authorized by law.  See, for example, *Katz v. Walkin Shaw*, 141 Cal. 116 (1903) and *So.Pac.R.R. v. Dufour*,  95 Cal. 615 (1892).  As such, this Defendant has no liability to Plaintiffs.

**THIRTY-NINTH DEFENSE**

144.    The Plaintiffs' claim is barred or limited by the holding in *Committee to Save Mokelumne River v. East Bay Municipal Dist*, 13 F.3d 305 (9th Cir. 1993).

**FORTIETH DEFENSE**

145.    The claim is barred by substantive limits on Indian jurisdiction in matters such as this, including Indian versus Indian and Indian versus non-Indian claims in federal court.

**FORTY-FIRST DEFENSE**

146.    The Complaint is uncertain.

**FORTY-SECOND DEFENSE**

147.    The Plaintiffs owe this Defendant substantial funds in off-set to claims alleged herein.

**FORTY-THIRD DEFENSE**

148.    Plaintiffs failed to minimize, mitigate or avoid the damages complained of in the Complaint.

**FORTY-FOURTH DEFENSE**

149.    The Plaintiffs' conduct was illegal.

**FORTY-FIFTH DEFENSE**

150.    The Plaintiffs' actions herein constitute fraud and duress and amount to

1 | illegal extortion in violation of California and federal law.

**FORTY-SIXTH DEFENSE**

151.    The Plaintiffs' claims are barred by the doctrine of primary jurisdiction.

**FORTY-SEVENTH DEFENSE**

152.    The Plaintiffs' notice of suit is defective.

**FORTY-EIGHTH DEFENSE**

153.    Any alleged damage alleged in the Complaint was caused solely by the Plaintiffs.

**FORTY-NINTH DEFENSE**

154.    Plaintiffs have failed to exhaust their administrative remedies.

**FIFTIETH DEFENSE**

155.    The Plaintiffs' conduct constitutes an unlawful taking.

**FIFTY-FIRST DEFENSE**

156.    All of Plaintiffs' claims are barred by every possible statute of limitations (CCP §§ 338, 338.1); *CAMSIV v. Hunter*, 230 Cal.App.3d 1525 (1991); CWA, including 28 USC §§ 2462 and 6462; *Sierra Club v. Chevron U.S.A., Inc.*, 834 F.2d 1517 (9th Cir. 1987); RCRA; *Bodine v. Rheman Co.*, 811 F.Supp. 218 (1993).  The last possible date for Plaintiffs to sue was January 22, 2007.  The suit was filed May 18, 2007.

**FIFTY-SECOND DEFENSE**

157.    The alleged order provided by Plaintiffs regarding past conduct has no application to this Defendant, only other parties.

**FIFTY-THIRD DEFENSE**

158.    The Complaint only alleges past violations not likely to be repeated.

**FIFTY-FOURTH DEFENSE**

159.    Plaintiffs have violated FRCP 19.

**FIFTY-FIFTH DEFENSE**

160.    Plaintiffs lack standing to sue this Defendant due to the Plaintiiffs' legal status.

**FIFTY-SIXTH DEFENSE**

161.    Mayfield may have other defenses available and reserves his right to allege such defenses as information is developed.

**RELIEF SOUGHT**

This answering Defendant therefore requests as follows:

1. That the Complaint be dismissed;

2. That Plaintiffs be denied any relief;

3. That this answering Defendant be awarded his costs of suit;

4. That this answering Defendant be awarded his attorney's fees and expenses of litigation to the extent allowed by law;

5. That the Court grant this answering Defendant such other and further relief as may be proper.

Dated:  February 21, 2008              LAW OFFICES OF HANS W. HERB

                                       /S/

                                       _____
                                       Hans W. Herb
                                       Attorney for Defendant, Richard Mayfield


**CROSS-CLAIM FOR DECLARATORY RELIEF, NUISANCE,
TRESPASS, STATUTORY AND EQUITABLE INDEMNITY, DAMAGES**

Cross-Claimant and Defendant Richard Mayfield ("Mayfield") alleges as follows:

**Jurisdiction**

1.    As a cross-claim to Plaintiffs' Complaint (assuming Plaintiffs' Complaint is proper), this Court has federal question jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 6913(b), 42 USC § 6972, and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

### Venue

2.     Pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), venue is proper

in this District.

### Inter-District Assignment

3.     Pursuant to Civil Local Rule 3-2, this action is properly assigned to the

San Francisco Division of the District.

### Parties

**4.**     All parties identified herein are the same parties as those listed in

Plaintiffs' Complaint.

### General Allegations

5.     Mayfield is a licensed contractor who currently has an ownership interest

in a portion of the property commonly known as 500 Pinoleville Road in Ukiah,

California.

6.     Mayfield acquired the property through a complicated series of legal

processes in which the property was "awarded" to him.

7.     Specifically, Mayfield was previously a participant in an entity known as

Warrior Industries, Inc. ("Warrior"), a currently suspended California corporation.

8.     Principals in Warrior included Richard Mayfield, Ross Mayfield and Brent

Mayfield.

9.     At one time, the Mayfifeld property in dispute in this action was owned by

Warrior.

10.     Because of unanticipated business troubles, Warrior went into financial

distress.  As a result, Brent Mayfield and Ross Mayfield were forced into bankruptcy.

11.     As part of the resolution of the bankruptcy proceedings, the bankruptcy

court granted Richard Mayfield an interest in the property subject to this litigation.

Hence, the property, subject to security instruments, is currently owned by Richard

Mayfield and Warrior.

12.     Both prior and subsequent to Mayfield's involvement in the property, there has been number of business arrangements, as well as lawsuits, involving the Pinoleville Pomo Nation and its affiliates and entities and the owners and operators at the property.

13.     Some of these prior involvements included construction and related work performed by Mayfield on behalf of the Plaintiffs at the property.  This included providing construction and land-clearing services for the Plaintiffs, and taking other action at the property at the Plaintiffs' direction and control.

14.     As indicated above, previous disputes arose between Mayfield and the Plaintiffs in this action.  As a result of these disputes, legal actions were filed in various federal and state courts.

15.     On information and belief, as a part of the resolution of some of the various previous lawsuits, other courts retained jurisdiction over the parties and the matters in dispute between the parties in the present action.  Hence, Mayfield believes that other courts may have already assume jurisdiction over at least some of the issues presently being presented to this Court.

16.     While Mayfield has done everything possible to try to be a good neighbor for the Pinoleville Pomo Nation and its affiliates, including the Plaintiffs herein, Mayfield's kindness has not always been reciprocated.

17.     For example, although the tribe has asked Mayfield on many occasions to provide services for the tribe, promising to pay for those services later, the tribe has often not done so.  The services often have involved environmental cleanup activities.

18.     As a result, Mayfield is owed substantial sums from the tribe and Plaintiffs for services performed over the years.

19.     Mayfield believes that this lawsuit is based, at least in part, on Plaintiffs' efforts to attempt to escape from their obligations to pay Mayfield for services performed by bringing frivolous and meritless litigation.  Mayfield also believes the Plaintiffs may have received payment for these services, but did not use the funds received to pay

Mayfield, in violation of California Government Code § 12650, *et seq.*, and 31 USC §§ 3729, *et seq.*

20.    As further evidence that Plaintiffs have engaged in unlawful activity, including potential extortion, Mayfield submits that after he contacted Plaintiffs in an effort to resolve this dispute, Plaintiffs stated the only way for this case to be resolved is if Mayfield gave the Plaintiffs his property without any compensation whatsoever.

21.    In addition to the Plaintiffs' failure to pay Mayfield for services performed, the Plaintiffs have also taken a number of actions that have significantly harmed Mayfield.

22.    For example, the Plaintiffs, acting in various capacities, previously dammed up portions of nearby property in such a way as to cause Mayfield's property (and adjoining properties, including UAD) to flood.

23.    In other words, the Plaintiffs' own actions caused the property to flood, which purportedly caused the very pollution the Plaintiffs' are complaining of in this lawsuit.

24.    Had the Plaintiffs not damaged the drainage on the property and caused water backup onto Mayfield's property (and adjoining properties, including the UAD property), no discharge would have occurred from any property.

25.    On information and belief, the Plaintiffs' actions in attempting to cause harm to Mayfield, including Plaintiffs' action in causing the pollution allegedly at issue in this lawsuit, was done wantonly, oppressively, intentionally and with an effort to deprive Mayfield of the free use and enjoyment of his property.

26.    The Plaintiffs' actions in causing the harm to Mayfield's property substantially interfered with Mayfield's right to use and enjoy his property, and in fact caused this lawsuit to occur.

27.    As a result of the Plaintiffs' actions in causing the harm for which they seek recovery, Mayfield believes Plaintiffs should be obligated to defend, indemnify and hold Mayfield free and harmless for any liability related to this matter.

28.     In addition to the failure to compensate Mayfield for the services provided, and causing damage on the property that allegedly caused the contamination (which resulted in the Plaintiffs filing this lawsuit), Plaintiffs have also taken other actions that have harmed Mayfield.

29.     For example, on information and belief, while acting in a purported capacity as a manager of the tribe's property or subject to the tribe's regulatory authority, the Plaintiffs obtained control over certain facilities on and around Mayfield's property.

30.     As a result of the physical actions undertaken by the Plaintiffs, harm was caused to Mayfield's property, as well as to other properties, including property at issue in this lawsuit.

31.     Specifically, the Plaintiffs constructed dams, waterways and drainage channels to allow pollutants to be discharged into nearby waterways.

32.     The Plaintiffs' actions in managing and directing activities at the facility constitute a basis for the Plaintiffs' liability for any resulting harm under the Clean Water Act.  (See *Committes to Save Mokelumne River v. East Bay Municipal Utility District*, 13 F.3d 305 (9th Cir. 1993).)

33.     As a result of the foregoing, Plaintiffs should be held liable to Mayfield for any harm allegedly resulting from environmental damage at or near the property at issue in this lawsuit, including Mayfield's property.

34.     Separately, on information and belief, the Plaintiffs, including but not limited to Leona Williams, were directly responsible for the burying, disposal, discharge and unlawful placement of waste at or near the property in violation of federal, state and local law.

35.     As a result of the unlawful placement of waste material underground, Mayfield's property and other property has been injured.

36.     On information and belief, if contamination is present, Mayfield's property will continue to be damaged by discharges from the Plaintiffs' facilities until Plaintiffs

1  excavate and remove all the contaminants from its property to prevent those

2  contaminants from migrating onto Mayfield's property.

3      37.    As indicated above, Mayfield has also been harmed by extortion attempts

4  undertaken by the Plaintiffs in this action.  Specifically, after this action was initially filed,

5  Plaintiffs readily admitted that Mayfield was an improper defendant and was not liable

6  nor responsible for the primary environmental matters alleged in Plaintiffs' Complaint.

7      38.    Plaintiffs indicated they had no problem with Mayfield and that they

8  wanted to work with him to resolve disputes with other adjoining property owners.

9      39.    Notwithstanding their lack of dispute with Mayfield, the Plaintiffs

10  demanded that Mayfield sign over title to his property to the Plaintiffs, without, or any

11  compensation whatsoever, and threatened to persecute and Mayfield unless and until

12  he agreed to give his property to the Plaintiffs for free.

13     40.    On information and belief, such conduct is unlawful and constitutes

14  extortion under the California Penal Code.  (See Cal. Penal Code §§ 518, *et seq.*, 522,

15  *et seq.*)

16     41.    Furthermore, to the extent such activities by Plaintiffs were in furtherance

17  of an authorized process of law, the taking of property under any circumstances

18  requires just compensation.

19     42.    On top of all of this, Mayfield's property has repeatedly been inspected by

20  federal, state and local regulatory agencies, including the California Regional Water

21  Quality Control Board and county authorities.  It is in material compliance with the

22  relevant requirements.

23     43.    The Mayfield property is not an auto wrecking yard, as suggested by the

24  Plaintiffs.

25     44.    In fact, the time wrecked automobiles were stored on Mayfield's yard were

26  as a result of activities undertaken by federal, state and local authorities to abate

27  abandoned automobiles and other hazards in the Mendocino County area.

28

45.    Specifically, on information and belief, federal, state and local agencies, working with grants, arranged to have wrecked automobiles and other potential environmental hazards brought to Defendant Ukiah Auto Dismantlers ("UAD") for proper disposal.

46.    At the time the governmental abatement actions were being undertaken, federal, state and local authorities set up checkpoints and booths to examine, investigate and "sign off" the car bodies and other items subject to disposal.

47.    As requested by governmental officials, Mayfield allowed a portion of his property to be used as a staging area for the governmental entities to "check in" and review the vehicles being brought to the site for environmental abatement.

48.    Mayfield is not aware of any specific discharge, dispersal, release or escape of any materials at his property.

49.    To the extent any such discharges occurred, the only thing that would have been discharged would have been fuels, lubricants, antifreeze and similar materials that were needed for the normal, hydraulic or mechanical functioning of automobiles, trucks or other vehicles brought to the property.

50.    Even then, if any such discharge occurred, it likely occurred to the upset, overturn, damage, loading, unloading or other activity undertaken as part of the governmental abatement action.

51.    Further, on information and belief, to the extent that any such discharges occurred at the property from any vehicle (whether a towed vehicle, a towing vehicle, a governmental vehicle or other vehicle), such discharge, dispersal, release or escape was addressed and cleaned up.

52.    As indicated above, to Mayfield's knowledge, the only cause of any contamination potentially on or about the property was directly and completely attributable to actions undertaken by the Plaintiffs in flooding both the Mayfield property and the UAD property or from the accidental discharges, if any, from the governmental abatement program.

53.    As a result of the foregoing, a significant dispute now exists between the Cross-Complainant and Cross-Defendants.

### Claims for Relief

**First Claim for Relief**
**(Declaratory Relief)**
**[Against All Cross-Defendants]**

54.    Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

55.    An actual controversy now exists between Cross-Claimant and Cross-Defendants, and each of them.  Cross-Claimant contends and Cross-Claimant is informed, believes and thereon alleges that the Cross-Defendants and each of them are responsible for the conditions described above.

56.    Cross-Claimant alleges Cross-Defendants are obligated to fully or at least partially defend, indemnify and hold Mayfield harmless for any sums that Mayfield may be compelled to incur as a result of any damages, judgment or other awards, including the paying of all of Cross-Claimant attorney's fees herein.

57.    Cross-Claimant desires a judicial determination of the respective rights and duties of the Cross-Claimant and Cross-Defendants, and each of them, with respect to the damages, losses, attorney's fees and other costs claimed by the Cross-Claimant as set forth above.

58.    A declaratory judgment is necessary and appropriate because it will alleviate the need for multiple lawsuits as Cross-Claimant incurs costs of investigating and responding to the Plaintiffs' allegations herein.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

**Second Claim for Relief**
**(Nuisance)**
**[Against All Cross-Defendants]**

59.    Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

60.    By taking the actions referred to above, the Cross-Defendants, and each of them, have caused the harm referred to above.  While Mayfield denies any harm exists on his property, to the extent any harm exists, and to the extent any effort has to be undertaken to clarify that no harm exists, any such harm was caused directly and solely by the actions of the Cross-Defendants and each of them.

61.    By creating the conditions described herein, the Cross-Defendants, and each of them, have been interfering and precluding Cross-Claimant's free use and enjoyment of his property; have been and are creating conditions which are noxious and injurious to health; and have threatened to impair or injure the environment and the health of individuals who conduct business or otherwise make use of Mayfield's property.

62.    Therefore, the Cross-Defendants' actions have threatened to wrongfully evict Mayfield and others from the property.

63.    Mayfield also alleges that any actions that are necessary to address problems at the site the Cross-Defendants must pay for those actions.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

**Third Claim for Relief**
**(Trespass)**
**[Against All Cross-Defendants]**

64.    Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

65.    While Mayfield denies knowledge of any material contamination on his property, to the extent any such contamination or other harm exists, Cross-Defendants and each of them and/or their employees, agents or contractors have caused such discharges at the property, which constitutes trespass on the Mayfield property.

66.    At all relevant times, Cross-Defendants had a duty not to permit or allow the creation of such trespasses.  Once trespasses occurred, Cross-Defendants and

1  each of them violated said duty by allowing or permitting these releases and discharges

2  to occur.

3      WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set

4  forth below.

### Fourth Claim for Relief
### (Express Indemnity)
### [Against All Cross-Defendants Except UAD]

7      67.    Cross-Claimant incorporates by reference the allegations contained above

8  as if set forth in full herein.

9      68.    As indicated above, the Plaintiffs retained Mayfield to perform certain

10  services for them relative to this matter.

11      69.    Under the terms of engagement in Mayfield's agreements with his clients,

12  the clients agree to defend, indemnify and hold Mayfield harmless from any and all

13  costs, including attorney's fees, interest and other expenses.

14      70.    Mayfield hereby tenders this lawsuit to Plaintiffs' pursuant to the express

15  indemnity agreement and demands the Plaintiffs defend, indemnify and hold him

16  harmless for the matters alleged herein.

17      WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set

18  forth below.

### Fifth Claim for Relief
### (Equitable Indemnity)
### [Against All Cross-Defendants]

21      71.    Cross-Claimant incorporates by reference the allegations contained above

22  as if set forth in full herein.

23      72.    The actions of the Cross-Defendants above entitles Mayfield to equitable

24  indemnity.

25      73.    Specifically, actions of the Cross-Defendants have resulted in Mayfield's

26  possible liability.

27      74.    The liability of Mayfield is a result of actions or inactions undertaken by the

28  Cross-Defendants.

75.    Mayfield hereby demands that Cross-Defendants defend, indemnify and hold him harmless for the matters alleged herein.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

### Sixth Claim for Relief
### (Contribution)
### [Against All Cross-Defendants]

76.    Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

77.    Cross-Claimant seeks contribution under CERCLA, RCRA, CWA, California Water Code § 13350, and equitable principles of law.

78.    The harm alleged by Plaintiffs, if true, was contributed to by actions and/or inactions of the Cross-Defendants.

79.    Under the authorities cited, the Cross-Defendants are obligated to defend, indemnify and contribute to any cost or expense Mayfield incurs in this matter.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

### Seventh Claim for Relief
### (Extortion – Violation of Mayfield's Civil Rights)
### [Against All Cross-Defendants Except UAD]

80.    Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

81.    The Plaintiffs' actions in this case constitute extortion as defined by California law.

82.    Specifically, the Plaintiffs' actions violate California Penal Code § 518, *et seq.*, including Penal Code § 522.

83.    The Plaintiffs' actions constitute a violation of Mayfield's civil rights under color of authority, in violation of laws, including 42 USC § 1983.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

1

2

### Eighth Claim for Relief
### (Unlawful Taking)
### [Against All Cross-Defendants Except UAD]

3       84.    Cross-Claimant incorporates by reference the allegations contained above

4   as if set forth in full herein.

5       85.    The actions of the Cross-Defendants constitute an unlawful taking from

6   the Cross-Claimant in violation of applicable law.

7       WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set

8   forth below.

9

10

### Ninth Claim for Relief
### (Violation of Mayfield's Civil Rights—Violation of False Claim Act)
### [Against All Cross-Defendants Except UAD]

11      86.    Cross-Claimant incorporates by reference the allegations contained above

12  as if set forth in full herein.

13      87.    The Cross-Defendants have violated California Government Code

14  § 12650, *et seq.*, and 31 USC § 3729, *et seq.*

15      88.    Pursuant to applicable laws, Cross-Defendants must pay civil penalties

16  and attorney's fees, costs and other expenses to Cross-Claimant.

17      WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set

18  forth below.

19

20

### Tenth Claim for Relief
### (Breach of Contract)
### [Against All Cross-Defendants Except UAD]

21      89.    Cross-Claimant incorporates by reference the allegations contained above

22  as if set forth in full herein.

23      90.    Mayfield, a licensed contractor, and Plaintiffs entered into various

24  contracts.

25      91.    Cross-Defendants violated the contracts by not paying for services

26  delivered.

27      92.    The Cross-Claimant has been harmed as a result.

28

93.     The Cross-Defendants must pay Cross-Claimant for services provided in accordance with their contracts.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

### Eleventh Claim for Relief
### (Quantum Meruit)
### [Against All Cross-Defendants Except UAD]

94.     Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

95.     Cross-Claimant provided services to Plaintiffs.

96.     Plaintiffs did not pay for the services Cross-Claimant provided.

97.     Cross-Claimant is entitled to be paid pursuant to the equitable theory of quantum meruit.

98.     Cross-Claimant has been damaged.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

### Twelfth Claim for Relief
### (Breach of Implied Covenant of Good Faith and Fair Dealing)
### [Against All Cross-Defendants Except UAD]

99.     Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

100.     In doing the actions alleged above, related to their contractual relations, the Plaintiffs breached the covenant of good faith and fair dealing.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

### Thirteenth Claim for Relief
### (Intentional and/or Negligent Infliction of Emotional Distress)
### [Against All Cross-Defendants Except UAD]

101.     Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

102.    In doing the actions alleged above, the Cross-Defendants have caused the negligent and/or intentional infliction of emotional distress.

103.    The Cross-Defendants' actions were wanton, oppressive and outrageous.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

**Fourteenth Claim for Relief**
**(Abuse of Process)**
**[Against All Cross-Defendants Except UAD]**

104.    Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

105.    Cross-Claimant alleges the Plaintiffs in this action have, by willful act, used a legal process for an improper purpose.

106.    Such conduct constitutes an abuse of process and is actionable under established law.

107.    Cross-Claimant has been harmed by the Plaintiffs' actions.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

**Fifteenth Claim for Relief**
**(Violation of Unruh Act)**
**[Against All Cross-Defendants Except UAD]**

108.    Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

109.    The Plaintiffs' actions in this matter constitute a violation of the California Unruh Act (Civil Code § 51, *et seq.*).

110.    Cross-Claimant has been injured by the Plaintiffs' actions.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as set forth below.

**Sixteenth Claim for Relief**
**(Slander of Title)**
**[Against All Cross-Defendants Except UAD]**

111.   Cross-Claimant incorporates by reference the allegations contained above as if set forth in full herein.

112.   By taking the actions described above, the Plaintiffs have committed the tort of slander of title.  (See *Truck Ins. Exch. V. Bennett*, 53 Cal.4th 75, 84 [61 Cal.Rptr.2d 497] (1997).)

113.   Cross-Claimant has been damaged by the Plaintiffs' actions.

WHEREFORE, Cross-Claimant seeks judgment and prays for damages as follows:

### PRAYER

1.   General damages according to proof;

2.   Special damages according to proof;

3.   Punitive or exemplary damages;

4.   Costs of suit;

5.   Attorney's fees according to contract, statute or other applicable law;

6.   As to the First Claim for Relief, a judgment declaring the rights and obligations of  the parties;

7.   For a temporary restraining order, preliminary injunction and permanent injunction to address the harms described herein; and

8.   For such other relief as the Court deems just and proper, including prejudgment interest.

Dated:  February 21, 2007          LAW OFFICES OF HANS W. HERB

/S/

_____

Hans W. Herb
Attorney for Cross-Claimant,
Richard Mayfield