Michael S. Biggs (SBN. 237640)
BIGGS LAW PC
PO Box 454
Petaluma, CA 94953-0454
Telephone: (707) 763-8000
Facsimile: (707) 763-8010

Attorney for Plaintiffs
Pinoleville Pomo Nation, Pinoleville Pomo Nation Environmental Association and Leona Williams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINOLEVILLE POMO NATION, PINOLEVILLE POMO NATION ENVIRONMENTAL ASSOCIATION, AND LEONA WILLIAMS, <br><br> PLAINTIFFS, <br><br> v. <br><br> UKIAH AUTO DISMANTLERS, WAYNE HUNT, ISABEL LEWRIGHT, WARRIOR INDUSTRIES, INC., CROSS-CLAIMANT, ROSS JUNIOR MAYFIELD, PAULA MAYFIELD, KENNETH HUNT, U.S. ALCHEMY CORPORATION, AND DOES 1-10, INCLUSIVE. <br><br> DEFENDANTS. | Case No.: C 07 2648 SI <br><br> PINOLEVILLE POMO NATION, PINOLEVILLE POMO NATION ENVIRONMENTAL ASSOCIATION, AND LEONA WILLIAMS, ANSWER TO DEFENDANT CROSS-CLAIMANT'S (RICHARD MAYFIELD) CROSS-CLAIM |

RICHARD MAYFIELD

   CROSS-CLAIMANT,

v.

PINOLEVILLE POMO NATION,
PINOLEVILLE POMO NATION
ENVIRONMENTAL ASSOCIATION, AND

LEONA WILLIAMS, AND UKIAH AUTO DISMANTLERS

_____ /

1. Plaintiff and Cross-Defendants (PPN et al, hereinafter Cross-Defendants), through the undersigned counsel, hereby answers the Counter-Claims of Defendant and Cross-Claimant Richard Mayfield (hereinafter Cross-Claimant), as follows:

**General Allegations**

2. Answering paragraph 5, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

3. Answering paragraph 6, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

4. Answering paragraph 7, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

5. Answering paragraph 8, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

6.   Answering paragraph 9, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

7.   Answering paragraph 10, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

8.   Answering paragraph 11, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

9.   Answering paragraph 12, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

10.  Answering paragraph 13, of the Cross-Claim, Cross-Defendants deny the allegations.

11.  Answering paragraph 14, of the Cross-Claim, Cross-Defendants deny the allegations as characterized by Cross-Claimant. Previous legal action consisted of preliminary injunction successfully brought by Cross-Defendant against Ross Mayfield and Brent Mayfield in U.S. District Court to enjoin contemplated construction of Cement Plant where Court enjoined Mayfield. Stipulation and Order for Mayfield's to follow ordinances of the governing Tribal Council is in effect. The Court recognized Tribal authority to regulate land use on fee land inside boundaries of Pinoleville Rancheria, *See U.S. Dist. Ct N.D. CAL. Case No.: C-87- 4320 EFL.*

12.  Answering paragraph 15, of the Cross-Claim, Cross-Defendants deny the allegations

as characterized by Cross-Claimant. Cross-Claimant is in contempt of U.S. District Court Order and in not obeying ordinances of the Tribal Council, *See* U.S. Dist. Ct N.D. CAL. Case No.: C-87- 4320 EFL.

13. Answering paragraph 16, of the Cross-Claim, Cross-Defendants deny the allegations.

14. Answering paragraph 17, of the Cross-Claim, Cross-Defendants deny the allegations.

15. Answering paragraph 18, of the Cross-Claim, Cross-Defendants deny the allegations.

16. Answering paragraph 19, of the Cross-Claim, Cross-Defendants deny the allegations.

17. Answering paragraph 20, of the Cross-Claim, Cross-Defendants deny the allegations as characterized by Cross-Claimant. Cross- Claimant was 'offered' during two open meetings attended by the Tribal Chairperson, the Director of Tribal Operations, attorney for Cross-Complainant Hans Herb, Brent Mayfield (at the second meeting), Richard Mayfield, Ryan Mayfield, and counsel for PPN, et al, Michael S. Biggs, a life estate on the property in exchange for $1200.00 per year leaseback and waiver of all CERCLA clean up costs, costs of lawsuit and civil penalties including licensing for incorporation on the reservation which would give Mayfield's sales tax exemptions and state income tax exemptions. This was offered in exchange for the contaminated lot with a negative value. Mayfield's as part of offer were to be required to yield to clean-up and subsequently operate in compliance with longstanding tribal ordinances violated in 2002 where Mayfield's were cited by Tribal Council and ignored compliance. Cross-Claimants contention is a fraudulent representation to the Court, outlandish and in violation of duty of candor to the Court invoking cause for sanctions.

18. Answering paragraph 21, of the Cross-Claim, Cross-Defendants deny the allegations.

19. Answering paragraph 22, of the Cross-Claim, Cross-Defendants deny the allegations.

20. Answering paragraph 23, of the Cross-Claim, Cross-Defendants deny the allegations.

21. Answering paragraph 24, of the Cross-Claim, Cross-Defendants deny the allegations.

Answering paragraph 25, of the Cross-Claim, Cross-Defendants deny the allegations.

22. Answering paragraph 26, of the Cross-Claim, Cross-Defendants deny the allegations.

23. Answering paragraph 27, of the Cross-Claim, Cross-Defendants deny the allegations.

24. Answering paragraph 28, of the Cross-Claim, Cross-Defendants deny the allegations.

25. Answering paragraph 29, of the Cross-Claim, Cross-Defendants deny the allegations.

26. Answering paragraph 30, of the Cross-Claim, Cross-Defendants deny the allegations.

27. Answering paragraph 31, of the Cross-Claim, Cross-Defendants deny the allegations.

28. Answering paragraph 32, of the Cross-Claim, Cross-Defendants deny the allegations.

29. Answering paragraph 33, of the Cross-Claim, Cross-Defendants deny the allegations.

30. Answering paragraph 34, of the Cross-Claim, Cross-Defendants deny the allegations.

31. Answering paragraph 35, of the Cross-Claim, Cross-Defendants deny the allegations.

33. Answering paragraph 36, of the Cross-Claim, Cross-Defendants deny the allegations.

34. Answering paragraph 37, of the Cross-Claim, Cross-Defendants deny the allegations.

35. Answering paragraph 38, of the Cross-Claim, Cross-Defendants deny the allegations as characterized by Cross-Claimant.

36. Answering paragraph 39, of the Cross-Claim, Cross-Defendants deny the allegations as characterized by Cross-Claimant. During an two open meetings in January 2008, attended by the Tribal Chairperson, the Director of Tribal Operations, attorney for Cross-Complainant Hans Herb, Brent Mayfield (at the second meeting), Richard Mayfield, Ryan Mayfield, and counsel for PPN, et al, Michael S. Biggs, an offer was made from PPN et al to Mayfield whereby in exchange for title to the contaminated lot with a negative property value because it is contaminated with toxic and hazardous constituents because of Mayfield's industrial operations,

1  Mayfield would be given a life estate on the property in exchange for $1200.00 per year and
2  waiver of all CERCLA clean up costs, costs of lawsuit and civil penalties This was to be sole
3  consideration for dismissal of PPN et al v. Mayfield, including licensing for incorporation on the
4  reservation which would give Mayfield's sales tax exemptions and state income tax exemptions.
5  As part of the terms Mayfield's would have been required to yield to clean-up paid for and
6
7  conducted by PPN, and subsequently operate in compliance with longstanding tribal ordinances
8  violated in 2002 and ongoing, where Mayfield's was cited by the PPN Tribal Council and
9  ignored compliance. Cross-Claimants contention is a fraudulent representation to the Court and
10 outlandish and in violation of the duty of candor to the Court invoking cause for sanctions.
11
12 Mayfield's rejected the offer, violated offer in compromise FRE § 408(a)(2) invoking further
13 cause for sanctions. Mayfield's improperly and unethically used the basis of settlement
14 negotiations subject to FRE § 408(a)(2) to fabricated the allegations within their Cross-Claim
15 after delaying their answer and getting extensions for 4 months while falsely representing they
16
   wanted to enter into good faith settlement negotiations..
17
18 37.    Answering paragraph 40, of the Cross-Claim, Cross-Defendants deny the allegations.
19 38.    Answering paragraph 41, of the Cross-Claim, Cross-Defendants deny the allegations.
20 39.    Answering paragraph 42, of the Cross-Claim, Cross-Defendants deny the allegations
21
   as characterized by Cross-Claimant. Testimony by CRWQCB established gross failure in
22
23 compliance and outright disrespect for the law.
24 40.    Answering paragraph 43, of the Cross-Claim, Cross-Defendants deny the allegations.
25 Answering paragraph 44, of the Cross-Claim, Cross-Defendants do not have sufficient
26 knowledge or information to form a belief as to the truth of the allegations and on that basis,
27 Cross-Defendants deny the allegations.
28

Pinoleville Pomo Nation et al                                              Case No.: C 07 2648 SI
Answer to Defendant Mayfield's Cross-Claim

41.	Answering paragraph 45, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

42.	Answering paragraph 46, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

43.	Answering paragraph 47, of the Cross-Claim, Cross-Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis, Cross-Defendants deny the allegations.

44.	Answering paragraph 48, of the Cross-Claim, Cross-Defendants deny the allegations.

45.	Answering paragraph 49, of the Cross-Claim, Cross-Defendants deny the allegations.

46.	Answering paragraph 50, of the Cross-Claim, Cross-Defendants deny the allegations.

47.	Answering paragraph 51, of the Cross-Claim, Cross-Defendants deny the allegations.

48.	Answering paragraph 52, of the Cross-Claim, Cross-Defendants deny the allegations.

49.	Answering paragraph 53, of the Cross-Claim, Cross-Defendants admit there is a significant dispute between the Cross-Complainant and Cross-Defendants based on the allegations within Plaintiff's (PPN et al), complaint and failure of Cross-Defendants' to obey Tribal Council law as recognized by the *U.S. Dist. Ct N.D. CAL. Case No.: C-87- 4320 EFL, and the laws of the United States.* Cross-Defendants deny the allegations in paragraph 53, as characterized by Cross-Claimant that "as a result of the foregoing (referenced to Cross-Claimants Cross-Claim) that a significant dispute now exists between the Cross-Complainant and Cross-Defendants.

**First Counterclaim for Relief (Declaratory Relief)**

50. Answering paragraph 55, of the Cross-Claim, Cross-Defendants admit the allegations to the extent an actual controversy exist between Cross-Claimant and Cross-Defendant. Cross-Defendants deny the allegations they are responsible for any conditions as described by Cross-Claimant.

51. Answering paragraph 56, of the Cross-Claim, Cross-Defendants deny the allegations.

52. Answering paragraph 57, of the Cross-Claim, Cross-Defendants deny the allegations.

53. Answering paragraph 58, of the Cross-Claim, Cross-Defendants deny the allegations.

**Second Counterclaim for Relief (Nuisance)**

54. Answering paragraph 60, of the Cross-Claim, Cross-Defendants deny the allegations.

55. Answering paragraph 61, of the Cross-Claim, Cross-Defendants deny the allegations.

56. Answering paragraph 62, of the Cross-Claim, Cross-Defendants deny the allegations.

57. Answering paragraph 63, of the Cross-Claim, Cross-Defendants deny the allegations.

**Third Counterclaim for Relief (Trespass)**

58. Answering paragraph 65, of the Cross-Claim, Cross-Defendants deny the allegations.

59. Answering paragraph 66, of the Cross-Claim, Cross-Defendants deny the allegations.

**Fourth Counterclaim for Relief (Express Indemnity)**

60. Answering paragraph 68, of the Cross-Claim, Cross-Defendants deny the allegations.

61. Answering paragraph 69, of the Cross-Claim, Cross-Defendants deny the allegations.

62. Answering paragraph 70, of the Cross-Claim, Cross-Defendants deny the allegations.

**Fifth Counterclaim for Relief (Equitable Indemnity)**

63. Answering paragraph 72, of the Cross-Claim, Cross-Defendants deny the allegations.

64. Answering paragraph 73, of the Cross-Claim, Cross-Defendants deny the allegations.

65. Answering paragraph 74, of the Cross-Claim, Cross-Defendants deny the allegations.

66. Answering paragraph 75, of the Cross-Claim, Cross-Defendants deny the allegations.

**Sixth Counterclaim for Relief (Contribution)**

67. Answering paragraph 77, of the Cross-Claim, Cross-Defendants deny the allegations.

68. Answering paragraph 78, of the Cross-Claim, Cross-Defendants deny the allegations.

69. Answering paragraph 79, of the Cross-Claim, Cross-Defendants deny the allegations.

**Seventh Counterclaim for Relief (Extortion-Violation of Mayfield's Civil Rights)**

70. Answering paragraph 81, of the Cross-Claim, Cross-Defendants deny the allegations.

71. Answering paragraph 82, of the Cross-Claim, Cross-Defendants deny the allegations.

72. Answering paragraph 83, of the Cross-Claim, Cross-Defendants deny the allegations.

**Eighth Counterclaim for Relief (Unlawful Taking)**

73. Answering paragraph 85, of the Cross-Claim, Cross-Defendants deny the allegations.

**Ninth Counterclaim for Relief (Violation of Mayfield's Civil Rights-Violation of False Claims Act)**

74. Answering paragraph 87, of the Cross-Claim, Cross-Defendants deny the allegations.

75. Answering paragraph 88, of the Cross-Claim, Cross-Defendants deny the allegations.

**Tenth Counterclaim for Relief (Breach of Contract)**

76. Answering paragraph 90, of the Cross-Claim, Cross-Defendants deny the allegations.

77. Answering paragraph 91, of the Cross-Claim, Cross-Defendants deny the allegations.

78. Answering paragraph 93, of the Cross-Claim, Cross-Defendants deny the allegations.

**Eleventh Counterclaim for Relief (Quantum Meruit)**

79. Answering paragraph 95, of the Cross-Claim, Cross-Defendants deny the allegations.

80. Answering paragraph 96, of the Cross-Claim, Cross-Defendants deny the allegations.

81. Answering paragraph 97, of the Cross-Claim, Cross-Defendants deny the allegations.

82. Answering paragraph 98, of the Cross-Claim, Cross-Defendants deny the allegations.

**Twelfth Counterclaim for Relief (Breach of Implied Covenant of Good Faith and Fair Dealing)**

83. Answering paragraph 100, of the Cross-Claim, Cross-Defendants deny the allegations.

**Thirteenth Counterclaim for Relief (Intentional and/or Negligent Infliction of Emotional Distress)**

84. Answering paragraph 102, of the Cross-Claim, Cross-Defendants deny the allegations.

85. Answering paragraph 103, of the Cross-Claim, Cross-Defendants deny the allegations.

**Fourteenth Counterclaim for Relief (Abuse of Process)**

86. Answering paragraph 105, of the Cross-Claim, Cross-Defendants deny the allegations.

87. Answering paragraph 106, of the Cross-Claim, Cross-Defendants deny the allegations.

88. Answering paragraph 107, of the Cross-Claim, Cross-Defendants deny the allegations.

**Fifteenth Counterclaim for Relief (Declaratory Relief)**

89. Answering paragraph 109, of the Cross-Claim, Cross-Defendants deny the allegations.

90. Answering paragraph 110, of the Cross-Claim, Cross-Defendants deny the allegations.

**Sixteenth Counterclaim for Relief (Slander of Title)**

91. Answering paragraph 112, of the Cross-Claim, Cross-Defendants deny the allegations.

92. Answering paragraph 113, of the Cross-Claim, Cross-Defendants deny the allegations.

**First Affirmative Defense**
**(Sovereign Immunity as to Cross- Defendants PPN Tribal Government)**

93. As a first separate and distinct affirmative defense, as to Cross Defendant Pinoleville Pomo Nation, Cross-Claimant's Cross-Claim is barred, in its entirety, in that Pinoleville Pomo

Nation is immune from Cross-Claimant's adverse claims pursuant to the doctrine of Tribal Sovereign Immunity.

**Second Affirmative Defense**

94. As a second separate and distinct affirmative defense, Cross-Defendants assert that the facts alleged in the Cross-Claim fail to state a claim upon which relief can be granted against them.

**Third Affirmative Defense**

95. As a third separate and distinct affirmative defense, Cross-Defendants are informed and believe and thereon allege that the injuries and damages alleged in the Cross-Claim, if any purportedly suffered by Cross-Claimant in connection with the acts and occurrences set forth in the Cross-Claim were caused by the conduct of Cross-Claimant and/or others and not the conduct of these answering Cross-Defendants.

**Fourth Affirmative Defense**

96. As a fourth separate and distinct affirmative defense, Cross-Defendants assert that they are informed, believe and on that basis allege that they presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, yet unstated affirmative defenses. Accordingly Cross-Defendants reserve the right to assert additional affirmative defenses in the event they would be appropriate.

**Fifth Affirmative Defense**

97. As a fifth separate and distinct affirmative defense Cross-Defendants are informed and believe and therein allege that Cross-Claimant has waived any and all claims that he may have had or have against Cross-Defendants arising from the transactions and occurrences contained in the Cross-Claim.

**Sixth Affirmative Defense**

98.	As a sixth separate and distinct affirmative defense Cross-Defendants are informed and believe and therein allege that Cross-Claimant is estopped by his own conduct from asserting any and all claims he may have or had against Cross-Defendants arising from the transaction and occurrences contained in the Cross-Claim.

**Seventh Affirmative Defense**

99.	As a seventh separate and distinct affirmative defense Cross-Defendants are informed and believe that Cross-Claimant's Cross-Claim is barred, in its entirety, by the Doctrine of Laches.

**Ninth Affirmative Defense**

100.	As a ninth separate and distinct affirmative defense Cross-Defendants are informed and believe that Cross-Claimant's Cross-Claim is barred, in its entirety, by the Doctrine of Unclean Hands.

**Tenth Affirmative Defense**

101.	As a tenth separate and distinct affirmatives defense, Cross-Defendants assert that Cross-Claimant's Cross-Claim, and each and every cause of action therein, and Cross-Claimant's prayer for relief therein must be denied by reasons of Plaintiff's bad faith.

**Eleventh Affirmative Defense**

102.	As a Eleventh separate and distinct affirmative defense, Cross-Defendants assert that Cross-Claimant's Cross-Claim, and each and every cause of action therein, and Cross-Claimant's prayer for relief therein are barred because no act or omission of Cross-Defendants was a substantial factor in bringing about the alleged injury of Cross-Claimant, nor was any act or omission a contributing cause thereof. Any alleged acts or omissions of Cross-Defendants were

1  superseded by the acts or omissions of others, including Cross-Claimant, which were the
2  independent intervening proximate cause of any injury, damage, or loses sustained by Cross-
3  Claimant.

**Twelfth Affirmative Defense**

103.   As a fifteenth separate and distinct affirmative defense, Defendants are informed, believe and on that basis allege that the incidents complained of in Cross-Claimant's Cross-Claim and the injuries and damages, if any, resulting therefrom were caused solely and entirely by third persons or parties other than Cross-Defendants, which third persons other than Cross-Defendants may or may not be parties to this lawsuit.

Thirteenth Affirmative Defense

**Fourteenth Affirmative Defense**

104.   As a fourteenth separate and distinct affirmative defense, Cross-Defendants assert that Cross-Claimant and its agents, employees and representatives were negligent and acted wrongfully in or about the matters alleged in the Cross-Claim, and their negligence and wrongful conduct was the legal cause of Cross-Claimant's damages if any.

**Fifteenth Affirmative Defense**

105.   As a fifteenth separate and distinct affirmative defense, Cross-Defendants assert that the damages if any, incurred by Cross-Claimant are the result of its own negligence and failure to use reasonable care. As a result of said negligence, Cross-Claimant is barred from any all recovery under its Cross-Claim.

**Sixteenth Affirmative Defense**

106.   As a sixteenth separate and distinct affirmative defense, Cross Defendants assert that Cross-Claimant voluntarily and with full knowledge of the matters set forth in its Cross-Claim assumed any and all risk of damages alleged therein, if any there were.

**Seventeenth Affirmative Defense**

107.   As a seventeenth separate and distinct affirmative defense, Cross-Defendants assert that Cross-Claimant's Cross-Claim, each and every causes of action therein, and Cross-Claimant's prayer for relief therein are barred as Cross-Claimant has failed, neglected and/or refused to undertake reasonable efforts to mitigate and resolve any damages it claims to have incurred.

**Eighteenth Affirmative Defense**

108.   As an eighteenth separate and distinct affirmative defense, Cross Defendants assert that the claims set forth in the Cross-Claim are barred in whole or in part by the applicable statute of limitations.

**Nineteenth Affirmative Defense**

109.   As a nineteenth separate and distinct affirmative defense, Cross Defendants assert that the claims set forth in the Cross-Claim are barred in whole or in part under the doctrine of res judicata.

**Twentieth Affirmative Defense**

110.   As a twentieth separate and distinct affirmative defense, Cross Defendants assert that the claims set forth in the Cross-Claim are barred in whole or in part under the doctrine of issue preclusion.

**WHEREFORE, CROSS DEFENDANTS pray for relief as follows:**

1. That Cross-Claimant take nothing by way of its Cross-Claim and that judgment be entered in favor of Cross-Defendants.
2. That Cross-Defendants be awarded their costs of suit incurred in defense of this action, including reasonable attorney fees; and
3. That Cross-Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated: June 2, 2008                           BIGGS LAW PC


                                              /S/ Michael S. Biggs____
                                              Attorney for Plaintiffs
                                              Pinoleville Pomo Nation et al.