EXHIBIT B

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 2 of 15

PINOLEVILLE POMO NATION, et al.  vs.  UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

---

**Page 1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
---oOo---

PINOLEVILLE POMO NATION, et al.,
  Plaintiffs,
vs.                          Case No. C-07-2648 SI
UKIAH AUTO DISMANTLERS, et al.,
  Defendants.
_____

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Deposition of Person Most
Knowledgable--Pinoleville
Pomo Nation Environmental Association

Monday, April 7, 2008

Reported by:
LUEL J. SIMSON, CSR No. 4720

SIMSON REPORTING
Certified Shorthand Reporters
2200 Range Avenue, Suite 102
Santa Rosa, California  95403
(707) 578-7580

---

**Page 3**

                    I N D E X

Discussion of Counsel................... Page 4
Afternoon Session....................... Page 54
Deposition of Alicia Webb............... Page 57
Deposition of David Ponton.............. Page 114
Discussion of Counsel................... Page 190
Deposition of David Edmunds............. Page 194

DEFENDANTS' EXHIBITS:                                PAGE

1   Four-page Notice of Taking                        61
    Deposition of Person Most
    Knowledgable and Demand
    for Documents

2   One-page handwritten list of                      79
    names

3   Six pages of Environmental                        83
    Commission Meeting Minutes
    dated July 2007, August 2007,
    November 2007 and January 2008

4   31 pages of miscellaneous                         156
    documents produced by David
    Ponton consisting of bylaws,
    minutes, monthly reports and
    an ordinance

5   Three-page document entitled,                     216
    "Environmental Commission Meeting,
    April 2008, Notes from David
    Edmunds"

---

**Page 2**

    BE IT REMEMBERED THAT, pursuant to Notice of
Taking Deposition of Person Most Knowledgable and Demand
for Documents, on Monday, April 7, 2008, commencing at the
hour of 11:06 a.m., thereof, at the Law Offices of
CHRISTOPHER J. NEARY, 110 South Main Street, Suite C,
Willits, California, before me, LUEL J. SIMSON, CSR
No. 4720, State of California, the following proceedings
were had:
                    ---oOo---

                A P P E A R A N C E S

For the Plaintiffs:

        BIGGS LAW, PC
        Post Office Box 454
        Petaluma, California  94953

        By:  MICHAEL S. BIGGS, Esq.

For the Defendant, UKIAH AUTO DISMANTLERS, WAYNE HUNT and
U.S. ALCHEMY CORPORATION:

        Law Offices of CHRISTOPHER J. NEARY
        110 South Main Street, Suite C
        Willits, California  95490

        By:  CHRISTOPHER J. NEARY, Esq.

For the Defendant, RICHARD MAYFIELD:

        Law Offices of HANS W. HERB
        Post Office Box 970
        Santa Rosa, California  95402

        By:  HANS W. HERB, Esq.

---

**Page 4**

                 P R O C E E D I N G S
                    (11:06 a.m.)
Also Present:  MARCY BARRY
               DAVID EDMUNDS
               WAYNE HUNT
               RYAN MAYFIELD
               GEORGE PROVENCHER
               LEONA WILLIAMS

                    ---oOo---

        MR. BIGGS:  We've brought our real parties.  We
have 30 people here.
        MR. NEARY:  Have a seat here.
        MR. BIGGS:  This is Chairperson Leona Williams;
this is Dr. Edmunds, who is in charge of the Environmental
Association; this is the Director of Tribal Operations,
Mr. Provencher.
        And the person most -- one of the elements under
the Clean Water Act and RCRA --
        MR. NEARY:  Why don't you just have a seat here
and --
        MR. BIGGS:  Everybody wants to speak today.
        MR. NEARY:  Okay.  Well, there's -- let's just
have a seat and we'll figure out what we're going to do
here.
        So let's go on the record.  It's about 11:10 --
are you going to have a seat?

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 3 of 15

PINOLEVILLE POMO NATION, et al.  vs.  UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 5**

1    And this is your deposition, but would I suggest
2    we identify the identities of the persons most
3    knowledgable.
4        MR. HERB: Who is the first deponent, then?
5        MR. BIGGS: The first deponent would be
6    Dr. Edmunds, who is sitting on your left.
7        MR. HERB: I've never taken multiple depositions
8    of a person at one time. I'm not sure how, logistically,
9    you would do that.
10       MR. BIGGS: Perhaps I could throw out an idea. I
11   imagine you're looking for elements of standing with regard
12   to the Environmental Association, and there are many
13   different things.
14       One item that comes up is culture, and there are
15   individuals here who will speak to cultural elements.
16   There are quite a few people that have unique stories going
17   back a long time about things that the Pomo people did on
18   the reservation that they no longer can do. Natural
19   plants. Just a lot of stuff.
20       So different people will speak to different
21   cultural elements.
22       Mr. Edmunds, he will speak to elements of the
23   Association. You may have questions about who is in it and
24   how it works. I think he brought you some documents.
25       And then the entire Pinoleville Pomo Nation is the

**Page 6**

1    plaintiff as well as the Environmental Association, and
2    each party, in essence, is a plaintiff and wants to
3    participate in the deposition. Just as your clients are
4    all here, well, our clients are all here, and they all want
5    to sit. And maybe we could -- there's another place we
6    could go where there would be more room, but -- or have
7    them -- they could just -- you know, people can stand and
8    sit on the floor. But I would like them all to come in
9    here, and they all want to, and they're all asserting that
10   right.
11       MR. NEARY: Well, we might have to call the judge.
12   Because we don't have room for 30 people here, and this is
13   a deposition of the person most knowledgable. If you want
14   to -- if there's time, if we're going to have -- it's your
15   deposition, but I would suggest that we identify who is
16   present first and -- because I think it's your job to
17   designate who is the person most knowledgable.
18       It could be multiple persons, but I think you need
19   to identify the person most knowledgable as to standing,
20   the person most knowledgable as to the allegations in the
21   Complaint. So it's not -- we're not talking about -- you
22   don't need to bring everybody who has standing. You need
23   to designate the person who is most knowledgable. That's
24   what I want to hear, is who that is.
25       MR. BIGGS: That's a good idea, and we can do

**Page 7**

1    that. And what I'd like -- maybe we could have everybody
2    come in and people could sit on the floor in the hallway
3    and then we keep three people in here at a time.
4        And there are certain people that I have in mind
5    who will speak to economic integrity, cultural, recreation,
6    and that sort of thing. And we could keep three people in
7    this room at a time.
8        But I would like the rest of the people to be in
9    here. I think things could be kept very orderly.
10       MR. NEARY: Let's have you designate who the
11   person most knowledgable is, first.
12       MR. BIGGS: Well, there's about 20 people --
13   there's probably 20 people who are most knowledgable.
14   There's no one thing.
15       Like, for example, one person would talk about the
16   native plant garden --
17       MR. NEARY: I don't care --
18       MR. BIGGS: -- another person --
19       MR. NEARY: You can have 150 people, if you want,
20   but I think you need to identify who they are and to what
21   topics they're most knowledgable on and --
22       MR. BIGGS: Well, we need to bring them in here.
23       MR. NEARY: This is something that you should
24   designate for the record before we get started.
25       MR. BIGGS: Well, I think, as he asks questions,

**Page 8**

1    what I will do is I will say, "Who wants to speak about
2    this?" or "Who wants to speak about that?"
3        MR. NEARY: No. I mean, you know that the
4    designation is -- the topics that are going to be deposed
5    on are disclosed in the Deposition Notice. So I think,
6    first, we need to have you designate who the person most
7    knowledgable is.
8        MR. BIGGS: Well, I need to speak with them.
9        MR. NEARY: Well, okay. Usually you do that
10   before the deposition commences.
11       MR. BIGGS: Okay. Well, we have --
12       MR. NEARY: Do you need some more time to --
13       MR. BIGGS: Well, let's get a copy of the
14   Deposition Notice out and see what it says.
15       MR. HERB: I have a copy.
16       MR. BIGGS: Okay. It says, ...."will take the
17   deposition of the person most knowledgable or qualified at
18   Pinoleville Pomo Nation Environmental Association."
19       There is no one, two or even three people who are
20   most knowledgable. There is no one person that can hit all
21   of the elements. There's so many different factors here.
22   It's literally overwhelming.
23       We have people who will speak about historical
24   sites, we'll have people who will speak about sacred sites.
25   As you know, there's Federal and State laws that have to do

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 4 of 15

PINOLEVILLE POMO NATION, et al.   vs.   UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 9**

1  with the preservation of Native American sites.
2      There's some people that know about some of those
3  things but they don't know anything about the native
4  plants, for instance. Other people want to speak about
5  fishing, the steelhead that used to be in the stream.
6  Other people want to speak about how, when you go
7  downstream from UAD, it's basically dead; and then when you
8  go upstream, it's alive.
9      It just goes on and on and on. These --
10     MR. NEARY: What you need to do is to designate
11  who those people are right now for the record, and then
12  we'll determine which order we --
13     MR. BIGGS: Let's see what questions you're going
14  to ask. I don't know what questions, so I never got -- all
15  this says is that you want to speak with the person most
16  knowledgable, but I don't know what the questions will be,
17  so I had to bring everybody. If you give me a list of
18  topics, I can do that.
19     MR. NEARY: Okay. The allegation of paragraph 7
20  of the Complaint is that:
21     "Plaintiff, Pinoleville Pomo Nation
22      Environmental Association, is an
23      unincorporated public interest
24      association dedicated to protecting
25      traditional Pomo lands from

**Page 10**

1      environmental harm."
2      With an address of 500-B Pinoleville Drive, with a
3  phone number.
4      So what person is most knowledgable to --
5      MR. BIGGS: Okay. That would be David Edmunds.
6  And I'm okay with following your plan, I think it's a good
7  plan --
8      MR. NEARY: Now, let's go --
9      MR. BIGGS: -- but I want the people to come in
10 here.
11     MR. NEARY: Let's now go to paragraph 9. It says:
12     "Plaintiffs members reside in the
13      vicinity of, derive livelihoods from,
14      own property near, are employed at
15      Pinoleville Head Start Elementary
16      School, at, around and adjacent to the
17      Defendants' site. Other Plaintiffs are
18      members of the Pinoleville Pomo Nation
19      Environmental Association. Plaintiffs
20      have interests which are or may be
21      adversely affected by Defendants'
22      violations as described in this
23      Complaint. Said members use the
24      affected waters, their tributaries and
25      effected [sic] watershed areas for

**Page 11**

1      domestic, recreation, drinking water,
2      sports fishing, swimming, hiking,
3      photography, nature walks and the like.
4      Furthermore, the relief sought herein
5      will redress the injury in fact,
6      likelihood of future injury and
7      interference with the interests of said
8      Plaintiffs and Plaintiffs' members."
9      So who is the person most knowledgable as to the
10 allegations in paragraph 9?
11     MR. BIGGS: Well, there would be about 10 people.
12 And if they were right here, then I could have their names
13 go on the record and such and then they could go and sit
14 down.
15     MR. NEARY: So why don't you, so we don't have to
16 bring 30 people in --
17     MR. BIGGS: Well, I don't think there's really 30
18 people out there.
19     How many people are out there?
20     MR. NEARY: Well, that's what you said,
21 represented.
22     MR. BIGGS: It seems like it.
23     How many are out there?
24     LEONA WILLIAMS: Maybe about 20.
25     MR. NEARY: But I think we're entitled for you to

**Page 12**

1  designate the person most knowledgable. It's not something
2  that's done on the fly.
3      MR. BIGGS: I don't think you've been specific in
4  your Deposition Notice. I really don't. It says, "The
5  person most knowledgable or at Pinoleville Pomo Nation
6  Environmental Association." Well, there are people who
7  have individual experiences and such that are not common to
8  other people. So --
9      MR. NEARY: We're not talking about have
10 evidentiary information. We're talking about the person
11 most knowledgable.
12     MR. BIGGS: I'm aware of that. But the end
13 purpose of this is to have something on the record. For
14 example, if you were going to mount an attack on the
15 standing, the information that you would develop today
16 would go to that. So, ultimately --
17     MR. NEARY: Well, who is the person that is most
18 knowledgable as to standing?
19     MR. BIGGS: That would be Dr. Edmunds, David
20 Edmunds.
21     MR. NEARY: So we can --
22     MR. BIGGS: And he's prepared to speak to that.
23 Now, here I would anticipate that Dr. Edmunds would give
24 the majority of the testimony. Okay? Again, I insist --
25 if we cannot have our people come here, I'm going to ask

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 5 of 15

PINOLEVILLE POMO NATION, et al.   vs.   UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 13**

1  you to remove Mr. Hunt, his assistant, and Mr. Mayfield.
2  Absolutely.
3       These people are here. There's three of them.
4  Okay. Well, actually, we could even bring in more people
5  that are affected. Hundreds. And if we can't have our
6  people here, we're going to insist that you can't have your
7  people here.
8       They came to my office, I accommodated them. I
9  didn't know that it was -- you didn't have a larger office
10 here. We could have done this in Petaluma. We all came
11 here, we're here and that's it. Either we have our people
12 come here and sit in the hallway or your people have to
13 leave.
14      MR. NEARY: Before we talk about that, Michael,
15 let's just designate the person most knowledgable. So if
16 Dr. Edmunds is the person most knowledgable --
17      MR. BIGGS: I'm not going to stipulate to that.
18 He is not the person most knowledgable because he is not a
19 Native American. He cannot speak to the cultural elements.
20      And, as you know, there have been many cases where
21 associations have had standing or have not had standing,
22 and culture is an element of standing.
23      And, you know, I can't even speak to the culture
24 because I'm not Native American.
25      MR. NEARY: So you need to just then tell us the

**Page 14**

1  identity of who it is that's going to speak.
2       MR. BIGGS: Well, I need to -- well, what should
3  we do here, George?
4       MR. NEARY: Well, maybe you need to confer among
5  yourselves, but you need to designate who is going to --
6  and let's just go to the third item, which is paragraph 15.
7       "Plaintiffs and Plaintiffs' members
8       reside in the vicinity of, derive
9       livelihoods from, own property near,
10      and/or recreate on, in or near and/or
11      otherwise use, enjoy and benefit from
12      the described water bodies, their
13      tributaries, wetlands, hydro logically
14      connected water bodies and associated
15      natural resources into which the
16      Defendants discharge pollution, or by
17      which Defendants' operations adversely
18      affect those members' interests, in
19      violation of the CWA and RCRA. The
20      health, economic, recreational,
21      aesthetic and environmental interests
22      of Plaintiffs and Plaintiffs' members
23      may be, have been, are being, and will
24      continue to be adversely affected by
25      Defendants' unlawful violations of the

**Page 15**

1  Clean Water Act and RCRA. Plaintiff
2  contends there exists an injury in fact
3  to its members, causation of that
4  injury by the conduct of Defendants
5  complained of herein" --
6       MR. BIGGS: Well, the people that are injured are
7  here --
8       MR. NEARY: -- "and likelihood that the requested
9  relief" --
10      MR. BIGGS: -- and they'd like to speak.
11      MR. NEARY: -- "will redress that injury."
12      So the question -- you have to designate in
13 advance who the person most knowledgable is. If it's going
14 to be 30 people, fine. But you need to just tell us who --
15      MR. BIGGS: Then what we need to do is form a
16 single file line in the hallway, and we'll bring one person
17 at a time and designate each person. And then they can
18 give their name, their address --
19      MR. NEARY: I'm not looking for an identity of the
20 people that you brought with you --
21      MR. BIGGS: Look. If you want me to designate
22 them, I need to bring them in here one at a time. Okay?
23      MR. NEARY: Why is that? Explain that.
24      MR. BIGGS: Because I can't speak to them. I need
25 to be able to get up and walk and say, "Okay. Who is going

**Page 16**

1  to speak to basket weaving?" "Who is going to speak to the
2  sweats?" "Who is going to speak to the steelhead?" Okay?
3       And then say a person says, "I will speak to
4  that," and then we'll walk that person in.
5       MR. NEARY: So you haven't talked about this in
6  advance.
7       MR. BIGGS: No; we had a huge meeting Saturday.
8  And, in fact, the only way to do this in organized fashion
9  is exactly how I'm proposing. We could have already been
10 through the first three or four people by now, but we're
11 not even at that point.
12      MR. NEARY: Well, I don't think you understand.
13 We'll decide the order of the people we depose --
14      MR. BIGGS: That's fine.
15      MR. NEARY: -- as the person most knowledgable.
16 But after you designate them.
17      MR. BIGGS: Well, what do you want to speak to
18 first?
19      MR. NEARY: Well, first, I want you to -- you know
20 what the issues are, so we need to know who the people are.
21      MR. BIGGS: I don't have everybody's name written
22 down. They're here. That's a lot more reliable than a
23 writing. You don't want them to come here.
24      MR. NEARY: No, you have to make the designation.
25      MR. BIGGS: Well, I'll designate them.

Case 3:07-cv-02648-SI    Document 57-3    Filed 06/11/2008    Page 6 of 15

PINOLEVILLE POMO NATION, et al.   vs.   UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 17**

1  MR. NEARY: No, we can't just bring a whole bunch
2  of --
3  MR. BIGGS: Well, then I'll bring one person in at
4  a time.
5  MR. NEARY: One person at a time for what purpose?
6  MR. BIGGS: To designate.
7  MR. NEARY: You don't have to bring -- you don't
8  need to bring them here, you need to designate --
9  MR. BIGGS: First of all, this isn't your
10 deposition. I want to know -- your name is not on this.
11 And, also, I want to know -- it just occurred to me.
12 He has filed a lawsuit against your client. This
13 says, "Hans Herb." At this point, you're out. This is
14 Mr. Herb's deposition, not yours.
15 MR. NEARY: It's my office.
16 MR. BIGGS: You know what? You're just
17 accommodating. And not only is this not your deposition,
18 you're not letting us bring our people in. This is
19 Mr. Herb's deposition. He's sued you.
20 This is a conflict of interest. This is in
21 violation of Rule 3-100 and has presented a conflict of
22 interest, and I think it's reportable to the State Bar.
23 Absolutely. And I'm going to direct you not to speak
24 anymore. And you have not properly noticed this.
25 MR. NEARY: Well, I'll join in --

**Page 18**

1  MR. BIGGS: You're not qualified --
2  MR. NEARY: I'm joining in the deposition.
3  MR. BIGGS: Who are -- did you drop the lawsuit,
4  Mr. Herb? Aren't you in adversarial position with
5  Mr. Neary? Is this a real lawsuit or is it a charade?
6  MR. NEARY: It's not for us to answer questions.
7  MR. BIGGS: You know what? This is really
8  bizarre. I mean, it is so bizarre, I didn't catch it at
9  first.
10 This is not your deposition, Mr. Neary.
11 MR. NEARY: Yeah.
12 MR. BIGGS: I'd like to read into the record that
13 I am looking at a Notice of Taking Deposition of Person
14 Most Knowledgable and Demand for Documents, and it's from
15 Hans Herb, Esquire, SBN 136018.
16 Sir, Mr. Neary, I don't see your name anywhere on
17 this. I am aware that Mr. Herb has filed a cross-complaint
18 against your client. Now we have the specter that you're
19 sitting here, asking me questions.
20 Sir, this is not your deposition.
21 MR. NEARY: I'm a participant in --
22 MR. BIGGS: I'm not --
23 MR. NEARY: I'm a party and I'm a participant
24 and I'm entitled --
25 MR. BIGGS: You know what? You have a conflict of

**Page 19**

1  interest. Okay? This is not -- these things go on in
2  Mendocino County, but I'll tell you something. This is the
3  State of California and this is the United States, and I
4  won't tolerate this.
5  This deposition is over unless Mr. Herb takes over
6  right now. I will not respond to any more questions you
7  set forth.
8  MR. NEARY: Well, Hans, I'd suggest you ask him
9  who he's going to designate as the person most
10 knowledgable.
11 MR. HERB: Well, I think, until we get this issue
12 of the office worked out -- I did ask Mr. Neary to use his
13 office. I didn't ask him to bring 30 people to his office.
14 And if I would have been asked, I would have arranged for
15 something for 30 people.
16 And I just think -- I'm not comfortable -- I do
17 want to get the people designated, but I do want to resolve
18 this issue because it's not appropriate, in my opinion, to
19 show up at a deposition with 30 people without some kind of
20 advance notice.
21 I'm happy to take every one of those 30 people's
22 deposition --
23 MR. BIGGS: Maybe we could move to the tribal
24 office. It's a huge facility. And it's only 20 minutes
25 away and it's near Mr. Hunt's facility and everybody could

**Page 20**

1  be comfortable and....
2  MR. HERB: What I'd like to know is -- and, again,
3  my -- for the purpose of the record, because it seems like
4  that's where this is going, some people identified as an
5  association filed a lawsuit against my clients, claiming
6  that they were harmed by activity caused by my clients.
7  I don't know who the people are, I have no idea.
8  I checked, I couldn't find any record of them. I couldn't
9  find -- they're not incorporated, there's no information --
10 MR. BIGGS: Well, they're here now and we have the
11 bylaws and we're ready to show you everything you want to
12 see. There's nothing we have to hide. In fact, we're
13 forthcoming. We actually, instead of putting something on
14 paper, we've actually done the real thing here and brought
15 the actual people so that you can do that, and you can chat
16 with all of them on the record.
17 I'm going to stick to my position that this is not
18 Mr. Neary's deposition, this is your deposition. And I
19 would advise you that each of you has already violated the
20 State Bar Rules of Ethics. You're in adversarial position
21 and now the two of you are sitting, taking a joint
22 deposition. This is a serious problem. I'm very concerned
23 about that.
24 MR. NEARY: What's your concern?
25 MR. BIGGS: My concern is it's a violation of the

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 7 of 15

PINOLEVILLE POMO NATION, et al. vs. UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 21**

1  State Bar Rules of Ethics. Right now you're required to,
2  in writing, hand Mr. Hunt a letter that, at minimum, you've
3  presented an actual conflict of interest; and if you've
4  created a conflict of interest, you must withdraw from this
5  case right now. Absolutely. I'm also required to report
6  this to the State Bar.
7      MR. NEARY: Report what?
8      MR. BIGGS: That you are violating the ethics. If
9  you looked at the State Bar Web site in the last month,
10 you'd see there's a mandatory reporting duty. Anytime an
11 officer of the court sees that another officer of the court
12 has violated the ethics, it's mandatory reporting.
13     It's a little old news up here in Mendocino. They
14 don't do things so much like that up here and people get a
15 little relaxed. But I don't run my cases that way. No,
16 sir. You're presenting a huge problem.
17     MR. NEARY: What's the problem?
18     MR. BIGGS: I just told you. I'm not going to
19 repeat myself.
20     MR. NEARY: You're saying it's a conflict of
21 interest for me to be present at a deposition that has been
22 noticed in this case.
23     MR. BIGGS: You're able to be present, but you're
24 asking me the questions for your adversary's deposition.
25 You're in litigation with this man, Mr. Herb, and his

**Page 22**

1  clients --
2      MR. NEARY: I'm not asking any question. I'm
3  just --
4      MR. HERB: We have two cross-complaints here. The
5  Mayfields have sued the Hunts. Now the Hunts' attorney is
6  running the deposition as Mr. Herb just sits here.
7      That is not only a potential conflict of interest
8  which you need to disclose immediately to Mr. Hunt or
9  you'll be in violation, he has to sign a letter. Okay?
10 Otherwise, you can be disqualified in trial. Okay? We
11 could be two months down the road, I could file a motion to
12 disqualify you just on what's happened today.
13     You've created a potential conflict of interest
14 you have to disclose in writing to your client, he has to
15 acknowledge it. If, at any time, you see an actual
16 conflict, you have to withdraw, sir.
17     MR. NEARY: Yeah. I'm just asking you who the
18 person most knowledge is, who the deponents are going to be
19 today?
20     MR. BIGGS: I'm not going to answer any more of
21 your questions because you have no standing or authority to
22 ask me questions.
23     MR. NEARY: I'm representing a party to this
24 action.
25     MR. BIGGS: This is Mr. Herb's deposition.

**Page 23**

1      MR. NEARY: Okay. Hans, do you want to bring in
2  30 people here and have 30 people testify?
3      MR. HERB: No. What I'd like to do is get back to
4  what I was saying before.
5      Under the Federal Rules of Civil Procedure, if I
6  don't know who to ask for, I'm entitled to ask for the most
7  knowledgable person to be presented. And we may well want
8  to take the deposition of all 30 people, but what I'm
9  looking for today is the one most knowledgable person who
10 can tell me what it is that -- who I should be talking to.
11     MR. BIGGS: That's why Dr. Edmunds is sitting on
12 your left right there. He will be able to give you
13 information about the structure and the logistics of the
14 Association.
15     And then what I have here is a group of people,
16 individuals, who basically are on call to testify. I just
17 want them to be accommodated. They're all standing out in
18 the sun in a parking lot.
19     The only issue that I'm standing on at this point
20 is I'd just like, just like your clients are sitting here
21 inside, I'd like them sitting here inside. I don't think
22 any of them have a problem with sitting on their rear ends
23 in the hallway. I don't see any operations or activities
24 they'd interfere with. I think they'd all be very polite
25 and very respectful.

**Page 24**

1      And that's all I'm saying. And then we could
2  start with Mr. Edmunds. And then as your line of
3  questioning goes on, if you'd like to speak to another
4  person who is knowledgable, I can just simply walk out in
5  the hallway and bring such person in here, identify them
6  for the record, and we could move on.
7      MR. HERB: Okay. Are the people outside officers?
8      MR. BIGGS: Dr. Edmunds may answer that question.
9      DAVID EDMUNDS: Yes, some of them are.
10     MR. HERB: Okay. Are the people out there
11 directors?
12     DAVID EDMUNDS: One is, yes.
13     MR. HERB: Okay. And are the people out there
14 managing agents?
15     DAVID EDMUNDS: I'm not sure what that term means.
16     MR. HERB: Somebody who is in charge or
17 responsible, who has authority to act on behalf of the
18 Association.
19     DAVID EDMUNDS: Yes.
20     MR. HERB: Okay. What are just the names of just
21 the officers, directors, and managing agents?
22     DAVID EDMUNDS: Those who are out there are Don
23 Williams and Alicia Webb.
24     MR. HERB: How do you spell Alicia's last name?
25     DAVID EDMUNDS: W-e-b-b. Her first name is

Case 3:07-cv-02648-SI    Document 57-3    Filed 06/11/2008    Page 8 of 15

PINOLEVILLE POMO NATION, et al.  vs.  UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 25**

1   A-l-i-c-i-a.
2   MR. HERB: Anyone else?
3   DAVID EDMUNDS: We have associates that
4   participate in an informal basis. David Ponton, the
5   Housing Director; Erika Williams, who works in the Tribal
6   Historic Preservation office; Angela James, who also works
7   with the Tribal Historic Preservation office.
8   MR. HERB: I'm sorry. David's second name was?
9   DAVID EDMUNDS: Ponton, P-o-n-t-o-n.
10  Lenora Steele is our Self-Governance Coordinator
11  who also participates informally. And we have -- okay.
12  MR. HERB: Is there more?
13  DAVID EDMUNDS: We're in the process of recruiting
14  youth members, and I'm not sure if it's appropriate to name
15  them at this point, but Jason Steele has participated in
16  one of our meetings.
17  MR. HERB: See, normally what happens is when the
18  Notice goes out, normally one person is produced and
19  identifies who the other people are so that then I can
20  notice them. But before I know who to notice, I have to
21  get one person.
22  MR. BIGGS: I understand. That's fine. I think
23  we're getting off to a good start right now. We're on
24  track.
25  MR. HERB: See, it's kind of like in the *Exxon*

**Page 26**

1   *Valdez* spill, if you think about it. If they just said,
2   "Hey, give us the most knowledgable person and every
3   shareholder or officer or director or employee of Exxon
4   Mobil came, there would be over a hundred thousand people
5   that would be at the deposition, and you can imagine how
6   difficult it would be to take a hundred thousand people's
7   deposition to find out what someone knew.
8   So it's probably unlikely that what the court
9   rules envisioned is that everybody that had any interest
10  would be involved. What they ask for is you're under a
11  duty to provide me with the most knowledgable person, or
12  persons if there's two different things --
13  MR. BIGGS: Mr. Herb, not to be disrespectful and
14  interrupt you, but we understand that and we do not foresee
15  that you will want to take all of their depositions. A lot
16  of them just wanted to come because this is part -- they're
17  real parties, just like we have people here on the other
18  side. There are some individuals you'll probably want to
19  depose this morning.
20  I'm in full agreement with everything you're
21  saying, and I did have a telephone conversation with you,
22  and I explained to you that there was no person who was
23  most knowledgable. We had that conversation Friday
24  afternoon a week ago. And it was quite a lengthy
25  conversation, and I did explain to you and give you notice

**Page 27**

1   that there are different cultural aspects that are uniquely
2   Native American that come into play here.
3   So as to not bombard counsel with a whole bunch of
4   people, so to speak, what I propose is we have a pool, a
5   reservoir of people who can -- you can depose who are
6   available today so you don't have to renotice them.
7   For example, Dr. Edmunds just gave you a list of
8   individuals, and these individuals are in that pool. And
9   if you would like to call them, they're here.
10  At this point, I am only asking that they be
11  accommodated. They are all standing out in the parking lot
12  and if something could be done to make them accommodated.
13  It doesn't have to be anything fancy. Like maybe they
14  could all be sitting down in the hallway outside of this
15  room. That's all we're asking.
16  MR. HERB: Well, again, in my general
17  experience -- first of all, this is not my office, this is
18  private property, it doesn't belong to me. I asked
19  Mr. Neary for permission to conduct a deposition here. He
20  gave me permission to conduct a deposition here. He did
21  not give me permission to invite 30 people to his office.
22  MR. BIGGS: I respect that and we all respect
23  that.
24  MR. HERB: And I don't think he was particularly
25  happy, even, that my client was here, but he respects the

**Page 28**

1   right of a party in the case to be here.
2   I don't have a problem, per se, with the fact that
3   people want to participate. I just think the logistics of
4   this are such that it's not reasonable. And I think if we
5   picked up the phone and called the judge and said, "Judge,
6   there's 30 people here who want to participate in a
7   conference room that can barely fit 10 people" --
8   MR. BIGGS: Excuse me. That's mischaracterizing
9   what we're asking for. We never asked for 30 people to
10  come into this conference room. We're just asking them to
11  come in outside from the sun that's beating down on them,
12  standing out on the street.
13  We're suggesting that they sit on their rear ends
14  in the hallway outside the door. There's a long hallway, I
15  observed, it's about 40 feet long. I didn't see any other
16  commercial activity going on here, and I don't see how that
17  would inconvenience anybody.
18  In fact, if they were all sitting out there and
19  you were beginning your line of questions with Dr. Edmunds,
20  you'd be gathering information and then, to make this
21  expeditious, I could then walk outside, say, if you wanted
22  to depose Angela James, for instance. Then I would walk
23  20 feet to the door and I would say, "Angela, could you
24  come in here, please" and then she'd be in here. And then,
25  in a matter of minutes, she'd be sworn in and then you'd be

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 9 of 15

PINOLEVILLE POMO NATION, et al.  vs.  UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 29**

1 running your line of questions with Angela, then we'd be
2 done and I'd say, "Okay, you're done. You can go home
3 now."
4     And say you pulled another individual that
5 Dr. Edmunds has given you. Again, I would walk to the door
6 and I'd have them come in here. Actually, if we were doing
7 that right now -- if we'd been doing that for the last
8 10 minutes, you probably already would be done with
9 Dr. Edmunds and speaking with somebody else and then maybe
10 coming back around and speaking to him again.
11     MR. HERB: Well, that's -- when I take a
12 deposition, I'm going to find out something about the
13 deponent. So probably every deponent is going to spend an
14 hour or more with me telling me about their background,
15 their experience, any prior lawsuits, any prior involvement
16 in anything.
17     And if there's just 10 people that I have to go
18 through where they lived, where they went to school, how
19 many times they've been involved with the courts, how many
20 times they've testified, how many -- whatever. I don't
21 know. Maybe none of these people have ever had any
22 involvement and never moved or whatever, but I would
23 anticipate just one hour per person is going to take more
24 than one day just to do the background on all of the
25 people.

**Page 30**

1     And since I don't know what they're going to
2 testify about, since I don't know who -- I mean, it's like,
3 again, going back to the Exxon example and saying, "There's
4 a hundred thousand people. Just pick one. And then if
5 that one doesn't know the answer, I'll bring in another
6 one."
7     MR. BIGGS: But that was Exxon and the facts are
8 distinguishable. There, there was a tanker spill, the
9 *Valdez* spill. And, here, we have a very unique
10 circumstance. We have land that Pomo Indians have lived on
11 for 10,000 years, we have cultural issues here that are
12 unique. There are some things that individuals do that
13 other individuals don't do. There are some things
14 individuals know about that other individuals know about.
15 There are a lot of people in the Association.
16     Also, the Pinoleville Pomo Nation is plaintiff.
17 Every single individual, therefore, could be considered a
18 plaintiff, they have an interest in it. And, you know,
19 they have a right to be at this deposition.
20     MR. HERB: Well --
21     MR. BIGGS: And you knew that you were suing
22 Pinoleville Pomo Nation on your counterclaim. You know
23 that the Pinoleville Pomo Nation sued your client. This is
24 a large group of people.
25     There are people who, you know, live very far away

**Page 31**

1 from here that are also members of the Pinoleville Pomo
2 Nation that couldn't be here today. These individuals are
3 people in the neighborhood, so to speak, that wanted to
4 come on down and see what's going on and offer their input.
5     And, again, I'm saying we can have them sitting on
6 their rear ends in the hallway, we don't even have to give
7 them chairs. We're not even asking for chairs, Mr. Herb.
8 Okay? We don't even want to use your bathroom --
9 Mr. Neary's bathrooms here if that's a problem. They're
10 all standing outside. Your clients are all sitting here
11 inside with us.
12     MR. NEARY: Well, I am a party in this case, and
13 there's two different issues here. One is accommodation of
14 people who want to observe the deposition. That's one
15 thing. But I'm entitled to know who is being designated as
16 the person most knowledgable.
17     MR. BIGGS: Well, I can accommodate you. What
18 I'll do is I'll walk outside with a notepad and a pen, and
19 I'll write down the names of the individuals for you so
20 you'll know.
21     MR. NEARY: I need to know who is designated as
22 the person most knowledgable for the specific allegations
23 that this deposition was noticed for.
24     MR. BIGGS: Well --
25     MR. NEARY: And the reason why I need to know that

**Page 32**

1 is, after Mr. Herb has completed with his questioning, I'm
2 entitled to ask questions. Now --
3     MR. BIGGS: You are.
4     MR. NEARY: -- so I need to know who is being
5 designated for a specific point so that I can -- because,
6 if people are dismissed out of here and it turns out later,
7 well, that was the person who was most knowledge about, you
8 know, some small little aspect of this case, they're gone.
9 So --
10     MR. BIGGS: They're ready to stay here all day and
11 they're ready to come back every day. You know, everything
12 you've just said, nothing we have a problem with. Okay?
13 We want to accommodate you.
14     MR. NEARY: Would you designate them, then.
15     MR. BIGGS: There is more than one person most
16 knowledgable.
17     MR. NEARY: Okay. I accept --
18     MR. BIGGS: Mr. Edmunds -- Dr. Edmunds can speak
19 to the logistics, but he cannot speak to the sweats. He
20 can't speak to the native plant gardens. He can't speak to
21 the diminution of the willows that have been used for
22 basket weaving for 10,000 years.
23     MR. NEARY: I don't care that he can't do that. I
24 just want to know who it is that's going to speak on the
25 allegations of this Complaint, the person most

Case 3:07-cv-02648-SI    Document 57-3    Filed 06/11/2008    Page 10 of 15

PINOLEVILLE POMO NATION, et al.  vs.  UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

### Page 33

1 knowledgable.
2    MR. BIGGS: There is no person most knowledgable
3 as an individual.
4    MR. NEARY: But....
5    MR. HERB: Maybe I can follow up on that. The
6 duty is on you guys. You're supposed to inquire. If I
7 don't know who at Exxon --
8    MR. BIGGS: We did.
9    MR. HERB: -- Exxon is supposed to --
10    MR. BIGGS: We had a mass meeting Saturday. Okay?
11    MR. NEARY: Well, let's let Hans finish --
12    MR. BIGGS: And a large group of people showed up,
13 and I made the conclusion that there is no one person who
14 can speak to all of the elements that you're going to ask
15 about. There just isn't.
16    MR. HERB: Well, how did -- when these people came
17 here, what did they expect to testify to? That's a better
18 way to ask it.
19    MR. BIGGS: It's their understanding that they
20 would testify as to cultural, recreation, economic
21 integrity, the things that are listed as a criteria in the
22 Complaint and the Clean Water Act and the RCRA Notices.
23    MR. HERB: So who is going to speak to cultural?
24    MR. NEARY: And I'll just point out the word
25 "cultural" doesn't appear in any of the three allegations.

### Page 34

1    MR. BIGGS: It doesn't have to.
2    MR. NEARY: Okay. So we're not asking -- this
3 Deposition Notice isn't asking for the person most
4 knowledgable as to cultural issues. It's asking for the
5 person most knowledgable as to these specific allegations,
6 and that's really what I'm entitled to know before this
7 deposition commences.
8    MR. BIGGS: Well, I think you are, too, okay? But
9 I don't think that Dr. Edmunds can speak to everything
10 that's important. Okay?
11    MR. NEARY: I understand that.
12    MR. BIGGS: And I'm asking you to come up with
13 some kind of plan to where the people who have come here
14 today can be accommodated with the most sparse of
15 accommodations, and we pick a few people -- I would propose
16 that Dr. Edmunds --
17    MR. NEARY: Now you're going off on a different
18 topic here.
19    MR. BIGGS: No, I'm not. Just hear me out.
20 Dr. Edmunds is sitting right here. He can be the
21 first deponent and that is if your order of questioning
22 would begin with the structure of the Association. We
23 figured and we brought documents to the effect that you
24 would want to know about the meetings, minutes of the
25 meetings, who has gone to the meetings, and that sort of

### Page 35

1 thing and lay a foundation that, yes, there really is an
2 Environmental Association. Dr. Edmunds is the man to give
3 you that information.
4    Then what I'd like to do is, after you're -- if
5 that's the way you go, have you depose a few other people.
6 Not 30 people, maybe even not more than five. Okay? But
7 if you give me an idea -- this is a proposal. After you
8 speak with Dr. Edmunds, you give me an idea of which
9 direction the two of you would go, and then I would
10 suggest, "Well, how about Angela James," for example, and
11 so and so. And then we would do it that way.
12    Right now I just need a place for these people to
13 sit. They are outside on the street, on the sidewalk. I
14 don't see why they can't sit in the hallway.
15    MR. NEARY: I haven't said they can't sit in the
16 hallway. I'm just --
17    MR. BIGGS: My gosh. If you could have them come
18 in and sit in the hallway, we could get started and do the
19 other things you want to do.
20    MR. NEARY: But what I want to know is who is
21 being designated as the person most knowledge. And if it's
22 just Mr. Edmunds and then 29 other people, that's not good
23 enough.
24    MR. BIGGS: That's -- I'm on the same page with
25 you. I just need more information from you or Mr. Herb

### Page 36

1 about what it is you want to ask about and then I can
2 designate those people. I just have them here -- I need
3 them here so I can go into the pool of people and then
4 bring in that person. I don't know precisely where you're
5 going to go. But in bringing these people, we sought to
6 accommodate any questions you may ask.
7    MR. NEARY: Well, I'll point out that it's your
8 Complaint, and the Deposition Notice asked for the person
9 most knowledgable as to three paragraphs in a rather
10 lengthy Complaint, a hundred-paragraph Complaint.
11    MR. BIGGS: Yes, a very lengthy Complaint. And if
12 you look into the causes of action for public nuisance, you
13 see reference to the ecosystem, endangered species.
14 Theoretically, every single individual from that site to
15 Jenner is a potential plaintiff here.
16    Actually, speaking of *Exxon Valdez*, you should be
17 grateful that this hasn't gotten out in the press yet and
18 people aren't jumping into this lawsuit.
19    MR. NEARY: Well, I don't dispute that, but --
20    MR. BIGGS: We brought an action for a public
21 nuisance --
22    MR. NEARY: But the question is who are you
23 designating. It's not -- you don't bring every member of
24 the public.
25    MR. BIGGS: We haven't done that. We brought the

PINOLEVILLE POMO NATION, et al.   vs.   UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 37**

1  Environmental Association, members of the Tribal Council
2  who represent Pinoleville Pomo Nation, and we brought other
3  people who are involved in some of the Native American
4  programs --
5       MR. NEARY:  Wait a minute.
6       MR. BIGGS:  -- having to do with history and
7  culture.
8       MR. NEARY:  Now, maybe we're off track here,
9  because I think you asked him who the officers of the
10 Environmental Association are and now you're talking about
11 the Pomo Nation, so --
12      MR. BIGGS:  They're a plaintiff.
13      MR. NEARY:  Yeah, but this deposition is for the
14 person most knowledgable at the Pinoleville Pomo Nation
15 Environmental Association.
16      MR. BIGGS:  But they have a right to be here, just
17 like you have a right to be here.
18      MR. NEARY:  That's a separate issue.  The question
19 is -- so, I mean, if he's saying that Don Williams and
20 Alicia Webb --
21      MR. BIGGS:  You're not on the Notice of
22 Deposition, either.
23      MR. NEARY:  You'll see my name on there and I'm
24 representing a party and I'm entitled to know who is being
25 designated so I know whose deposition is being taken today.

**Page 38**

1       MR. BIGGS:  Right now we're going to designate
2  Dr. Edmunds, but we are reserving the definition of what
3  person most knowledgable is in this context, and we are
4  prepared to submit other deponents should the need arise
5  from counsel to ask further questions that go to
6  allegations in the Complaint.
7       Those witnesses are here and they are available.
8  And if you'd like to proceed with Dr. Edmunds, I don't have
9  a problem with that.  It's just, out of courtesy, I would
10 like the people who have taken time off from their work and
11 their families and school who have come here to be a part
12 of this to be accommodated in some reasonable fashion.
13      MR. NEARY:  Well, there's not enough room in this
14 room for 30 people.
15      MR. BIGGS:  I don't propose they come into this
16 room.
17      MR. NEARY:  So where do you propose --
18      MR. BIGGS:  I propose they sit out in the hallway,
19 on the floor.
20      MR. NEARY:  That's fine.  If they want to sit in
21 the hallway, that's --
22      MR. BIGGS:  Let's just stop a minute.  Because if
23 that's fine, then what I'd like to do is go and get those
24 people, and then I would like to present to you Dr. Edmunds
25 as the person most knowledgable, with the reservation that

**Page 39**

1  there are other people who would testify who would be more
2  knowledgable than Dr. Edmunds as to certain other elements.
3  But I would propose that let's see.
4       MR. NEARY:  I don't agree to that at all.  I need
5  to know who is going to be testifying as to the -- who is
6  the person most knowledgable.  I just need the identity.
7       You can reserve to bring in other people, but you
8  can't change the person most knowledgable question by
9  question.  So, in advance, I want you to identify the
10 people who you're designating as the person most
11 knowledgable.  It's a very simple question.
12      Now, if, perchance, you make a mistake and you
13 forgot to designate somebody, I can understand that; and if
14 they happen to be here, fine.  But you know, right now,
15 before we commence, I'm entitled to know who it is that
16 you're designating as the person most knowledgable.  It may
17 be 34 people, it might be a hundred people, but I just need
18 to know who they are and for what topics they're being
19 designated on.
20      MR. BIGGS:  Would you like a list of their names
21 and the topics right now?
22      MR. NEARY:  That's -- yes.  That's what I've been
23 asking for for half an hour.
24      MR. BIGGS:  We can do that.  And if I may, I would
25 like to direct questions to Dr. Edmunds, Mr. Provencher and

**Page 40**

1  Chairperson Williams, who are with us now.
2       MR. NEARY:  Do you want to take an adjournment --
3       MR. BIGGS:  No.
4       MR. NEARY:  -- and consult with your clients --
5       MR. BIGGS:  No, I don't need to do that.
6       MR. NEARY:  You're going to ask your clients about
7  this in front of opposing counsel?
8       MR. BIGGS:  I have no problem with that at all.
9       MR. NEARY:  Okay.
10      MR. HERB:  And before you go on with that, I just
11 want to add this in, is that one of the reasons I need to
12 know who is designated is, because this is a deposition and
13 the testimony that's going to be taken here today is going
14 to be binding on the Association, I need to know that the
15 person that I'm asking is the right person.
16      MR. BIGGS:  That's why all of these people are
17 here, because there is no one person who can speak to the
18 great array of allegations in the Complaint.
19      MR. HERB:  So let me just ask you.  If I came here
20 today with a settlement offer, I would have to talk to all
21 30 people individually?
22      MR. BIGGS:  No; you would speak to their attorney,
23 as you do in any other condition.  You know that.
24      MR. HERB:  Well, what I'm trying to find out is.
25      MR. BIGGS:  The attorneys convey settlement offers

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 12 of 15

PINOLEVILLE POMO NATION, et al.  vs.  UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 41**

1  to their clients.
2      MR. HERB: I'm just trying to find someone -- I'm
3  assuming -- you're here with the chairperson of the tribe.
4  I would assume that if I went to some other tribal member
5  and they told me something and it wasn't consistent with
6  what she believed, as I sit here today, I believe that she
7  would tell me, "I don't care what they told you. I'm the
8  chairperson and my decision is the only one that counts."
9      So all I'm asking you is whose decision counts --
10     MR. BIGGS: I would object to that as a
11 conclusion, and I don't know what to call that statement
12 you just made. It is, with all due respect, in complete
13 ignorance of how a tribal government operates. A tribal
14 government has a legislative branch, it has an executive
15 branch, it could have a judicial branch, just like the
16 State of California. This is a Federally-recognized
17 government that has the same standing as the State of
18 California under law here, and it's not a dictatorship.
19     MR. HERB: I didn't say it was. I'm just trying
20 to find out --
21     MR. BIGGS: You did say it.
22     MR. HERB: No, I --
23     MR. BIGGS: Yes, you did. Now I want to back up
24 now.
25     There are a couple of things that concern me here.

**Page 42**

1  And I think that we've made a lot of progress in getting
2  this deposition going. A major concern of mine was the
3  witnesses who came here, the deponents who came here today,
4  be accommodated; and, just like your clients, be allowed to
5  come in off the street, inside this building but outside
6  the room.
7      Second, this is a complex issue. I do not think,
8  with all due respect, that either defense counsel has ever
9  been involved in any kind of litigation with a governmental
10 entity that is a plaintiff while, at the same time, an
11 environmental association as a plaintiff.
12     Furthermore, I don't think that, with all due
13 respect, either counsel has that much knowledge about
14 Federal Indian law or about Indian culture. There are some
15 unique circumstances here.
16     On the other hand, the plaintiffs respect and
17 acknowledge the concerns of Mr. Neary, and give great
18 credibility and deference to what he has to say and want to
19 accommodate Mr. Neary's criteria.
20     So I think that a way to identify some of the
21 individuals would be to, very simply, for me to ask some
22 questions, if I may. I don't have a problem with that. In
23 fact, I'm going to do that.
24     MR. NEARY: Just a minute. I have a problem. If
25 you want to confer with your clients -- we're paying by the

**Page 43**

1  page here for a copy of this transcript, and this is
2  something you should have done before.
3      If you want to take some time and confer with your
4  clients, that's fine.
5      MR. BIGGS: No. Excuse me.
6      Chairperson Williams?
7      LEONA WILLIAMS: Yes.
8      MR. BIGGS: Who would be the person most
9  knowledgable as to native plants that are used in basketry?
10     MR. NEARY: I'd just point out that she's the
11 chairperson of the Nation, not of the deponent here, which
12 is the Pinoleville Pomo Nation Environmental Association.
13 So that's the --
14     MR. BIGGS: Well, she's not sworn in. Okay? So
15 let's go off record for a minute.
16     MR. NEARY: No, I think everything we say here in
17 a group session --
18     MR. BIGGS: You want it on the record.
19     You may answer the question.
20     LEONA WILLIAMS: The most knowledgable?
21     MR. NEARY: Wait a minute. First, would you swear
22 her, please. She's being designated as the person --
23     MR. BIGGS: No, she's not. She's going to give
24 testimony and she's not sworn.
25     MR. NEARY: This is not your deposition, Michael.

**Page 44**

1      MR. BIGGS: But I just asked you, I said, "Do we
2  want to go off the record?" You said, "No."
3      So now I'm asking her a question. If she's going
4  to speak on the record, I insist that she be sworn. If you
5  don't want her sworn, then we need to go off the record.
6      MR. HERB: I'm just wondering if we should get the
7  judge involved because it's noon, the judge is going to be
8  leaving, and I really want to get my deposition done.
9      MR. BIGGS: Go ahead. Get the judge on.
10     MR. HERB: Can we see if we can.
11     MR. NEARY: We have a phone right here.
12     We're going to stay on the record here --
13     MR. BIGGS: Wait a minute. May the record -- no,
14 we need to go off the record for a minute because I'm going
15 to go out and have a meeting with Chairperson Williams.
16     MR. HERB: Well, do you want me to wait on that
17 call until after you --
18     MR. BIGGS: Well, just wait a minute. Yeah.
19     So we need to go off record.
20     THE REPORTER: I have to have everybody agree.
21     MR. NEARY: So if you want to meet and confer with
22 your clients, take them all out --
23     MR. BIGGS: I'm not going to leave the room while
24 we're on the record.
25     MR. NEARY: Okay. Well, then take everybody with

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 13 of 15

PINOLEVILLE POMO NATION, et al.   vs.   UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 45**

1  you or we're staying on the record.
2      LEONA WILLIAMS: You can stay here and --
3      MR. BIGGS: Okay. She just needs to go out and
4  speak with the people.
5      MR. NEARY: Are you looking for the court phone
6  number?
7      MR. HERB: Yes.
8      MR. NEARY: I might have that. Why don't you ask
9  Jennifer.
10     (Hans Herb exited the deposition suite
        briefly at 11:57 a.m.)
11
12     MR. HERB: I didn't mean to be ordering your staff
13  around. I asked if --
14     MR. NEARY: That's fine.
15     MR. HERB: -- she wouldn't mind calling the clerk
16  and see if --
17     MR. NEARY: We've got a phone right here; we can
18  put it on the speaker.
19     (Pause in proceedings at 11:58 a.m.
        until 12:00 noon.)
20
21     MR. NEARY: I want them to designate who the
22  person most knowledgable is before we start.
23     MR. HERB: And then with regard to this other
24  issue, I think that the Court's going to need to give me
25  some direction because I don't have any -- even if I

**Page 46**

1  noticed the deposition, this is not my office. I don't
2  have authority to grant people the right to come in or stay
3  out of this building. It's not my property.
4      So I need to get some direction from the judge in
5  terms of what she believes is the appropriate response.
6      MR. BIGGS: My position with the judge is that
7  we're ready to begin the deposition of Dr. Edmunds, who
8  will testify as to the structure and organization of the
9  Environmental Association and also give you documents
10  pertaining to that, and that all we're asking is that the
11  definition of "person most knowledgable" here in this
12  unique situation is kind of broad and we don't want it
13  limited to Dr. Edmunds because he cannot testify as to
14  things that other people could testify to, and I don't want
15  those issues closed out. And that's all.
16     And that, moreover, we thought we were in
17  agreement that these people could come in out of the sun
18  outside and sit in the hallway. There's nobody out there.
19  And it's our position that that is the only block into
20  getting this deposition started.
21     MR. HERB: Well, and I think, with regard to
22  Mr. Neary's point, I just need -- it doesn't have to be --
23  I need to know that I'm speaking to the right person. I
24  don't want to waste anybody's time, and so I need to know
25  that I'm speaking to someone that has authority.

**Page 47**

1      MR. BIGGS: That's why I think it would be a great
2  idea for you to begin your deposition with Dr. Edmunds,
3  because you can ask him questions and you can learn about
4  those answers that you need; and then, if you need to call
5  those people, they're here for your convenience. That's
6  why he's first.
7      MR. HERB: The only problem is that it's -- one,
8  it's not my burden; and, two, I don't really know, I don't
9  know who has authority. I've already obviously made a
10  mistake. I'm not trying to offend anyone. I'm just trying
11  to find out --
12     MR. BIGGS: There is no authority in any one
13  person in the Environmental Association. It's a group of
14  people. And when you ask Dr. Edmunds for the charter on
15  this, you'll be able to read and see how it has been
16  structured. I believe this thing was started about two
17  years ago, and there have been many, many, many meetings,
18  agendas, programs.
19     It's quite a sophisticated association, actually.
20  It's not a piece of paper that is a ruse. And if anybody
21  thought that, I think they're going to be in for a big
22  surprise. And can you image the specter today if you
23  started learning more things, and then you would be
24  noticing people for further depositions down the road.
25     Here now, for defense counsel's convenience,

**Page 48**

1  anybody that I anticipated might be useful for what you
2  need to do is here for your convenience now. It's just
3  they're outside in the sun on the street in a dirt parking
4  lot.
5      Dr. Edmunds is sitting next to you and he's ready
6  to begin. He's well prepared, he has all of his documents,
7  and I'm perfectly willing to designate him as person most
8  knowledgable, with the reservation that there are some
9  other issues that are material to association standing that
10  he is not most knowledgable about. But I have brought
11  those individuals that would testify to those things here
12  today.
13     MR. NEARY: And that's your right to do that. The
14  question is: Who are they and what are they most
15  knowledgable on? It's a very simple question.
16     MR. BIGGS: Well, we could go through that.
17     MR. NEARY: I don't want to ask Dr. Edmunds a
18  question that somebody else is more -- most knowledgable
19  about.
20     MR. BIGGS: I can verbally, with the assistance of
21  Chairperson Williams, Dr. Edmunds and Mr. Provencher, do
22  that for defense counsel here as we sit. I just need to be
23  in a position to where defense counsel -- there's not an
24  objection to me eliciting those answers from them.
25     MR. NEARY: Okay. So why don't you go ahead and

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 14 of 15

PINOLEVILLE POMO NATION, et al. vs. UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 49**

1  do that, then.
2      MR. BIGGS: Thank you.
3      MR. NEARY: That's all I've been asking for.
4      MR. BIGGS: Chairperson Williams --
5      MR. NEARY: No, no. What I meant was for you to
6  designate who is going to be testifying here today and on
7  what topics.
8      MR. BIGGS: Well, I would like to ask my clients
9  about certain things. Like, for example, with regard to
10 the cultural elements, I don't have the degree of personal
11 knowledge that, say, for instance, Chairperson Williams
12 has. So it would be convenient for me -- I know I asked
13 people -- to have people come and I spoke with people on
14 Saturday as well who would have personal knowledge as to
15 all of these things.
16     MR. NEARY: So I suggest one of two things here.
17 One is you -- we adjourn this deposition, you step out, and
18 you determine who you're going to designate.
19     MR. BIGGS: If you're willing to go off the
20 record, I'd be happy to do that.
21     MR. NEARY: Okay. Then everybody on your side
22 leaves the room.
23     MR. BIGGS: Yes. That's a good way to do it. But
24 we need to go off the record, give us 15 minutes, and then
25 we'll prepare a list. And then, once having done that, if

**Page 50**

1  you're willing to allow these people to sit in the
2  hallway --
3      MR. NEARY: I don't have --
4      MR. BIGGS: -- then we could started.
5      MR. NEARY: They can sit anywhere they want to.
6      MR. BIGGS: All right.
7      MR. NEARY: It's just they can't fit in a room
8  that can't accommodate them.
9      MR. BIGGS: I certainly agree, and I think
10 everybody in this room feels that way.
11     I'm eager to get started, and I think that is a
12 very fair meeting of the minds here. So if we may go off
13 the record, I'll get busy and get that done as quickly as
14 possible.
15     MR. NEARY: All right. Let's go off the record.
16     MR. BIGGS: Thank you, Counsel.
17     (Break taken at 12:06 p.m. until 12:21 p.m.)
18     MR. BIGGS: Gentlemen, Counsel, I think we're
19 making progress, off to a slow start. But what I have
20 going on outside is we're making a short list, a topical
21 short list. We're designating people who are members of
22 the Association and to what topics they would have personal
23 knowledge to.
24     And, within a few minutes, that list should be
25 done and I will submit it to counsel. And then I will have

**Page 51**

1  those individuals stand by outside of this room; and if
2  counsel elects to call any one of those individuals, they
3  may do so.
4      To get started, Dr. Edmunds -- he has documents
5  and he has personal knowledge about the structure, the
6  meetings, how it works, and that is his topic area. But
7  he's not Native American. He's a Ph.D. from Arizona, he --
8  you know, he doesn't know about a lot of things.
9      There's Don Williams, will be one of the
10 individuals on this list. He was born on the reservation;
11 he's 60 years old; he's lived there all his life. And I
12 believe that he is the chairperson of the Environmental
13 Association. So I would say he would be your next person
14 who could be considered most knowledgable.
15     Now, when I go back outside, there should be two
16 or three other people on the list who can speak to some of
17 the unique cultural activities. Some people are aware that
18 Native Americans have a very close connection with the
19 natural world, unlike a lot of other cultures. So there's
20 things that have been done in that area for thousands of
21 years that only certain people can speak to, and it does go
22 to the allegations and the elements in the Complaint.
23     But, nonetheless, we'll have this adapted to
24 Counsel's criteria for streamlining and organizing and
25 putting some names down.

**Page 52**

1  I have nothing further to say. I am going to go
2  outside and see how that list is going.
3      We also have trimmed down the crowd a bit. I have
4  indicated to some people that they could go -- okay? -- but
5  I do want to bring a smaller group of people into the
6  hallway. They have a vested interest in this, this is very
7  important to them. And if they're allowed to come up here,
8  I don't think I need to tell them to be very polite and
9  respectful. I think they're that way.
10     But I will take responsibility, if Mr. Neary would
11 be gracious enough to allow that, to make sure that things
12 are in a fashion that, you know, would be very pleasant.
13     And, again, I think that you're going to find that
14 Dr. Edmunds is going to be able to give you a lot of
15 information, and he will give you documents, as you
16 request.
17     Now, I do believe in the Notice, it was combined
18 with a request for documents, which require a longer period
19 of time, and I think it is defective in that sense. But
20 we're waiving that. We brought the documents we have.
21 It's not an issue.
22     I didn't want to make an issue that doesn't need
23 to be an issue. I'm not interested in making technical,
24 you know, roadblocks to getting things done. So he does
25 have a whole stack of documents to hand over.

Case 3:07-cv-02648-SI   Document 57-3   Filed 06/11/2008   Page 15 of 15

PINOLEVILLE POMO NATION, et al.  vs.  UKIAH AUTO DISMANTLERS, et al.
Deposition of PMK--Pinoleville Pomo Nation Environmental Association
April 7, 2008

**Page 53**

1     So let me go outside and see how they're doing.
2     Any questions, please?
3     MR. HERB: Yes. I was thinking, because it is
4 12:25, maybe we could take a lunch break, just because -- I
5 mean, I was planning on taking a lunch break now for the
6 court reporter and everybody else. So maybe come back in
7 45 minutes or an hour?
8     MR. NEARY: Let's say 1:15.
9     MR. BIGGS: I have no objection to that.
10    MR. HERB: 1:15. All right.
11    MR. BIGGS: Thank you, gentlemen.
12    MR. NEARY: I had a comment.
13    MR. BIGGS: Oh.
14    MR. NEARY: I don't just want lists of people who
15 can talk about a subject. This isn't a designation of
16 witnesses. This is a designation of the person most
17 knowledgable.
18    So if there's -- so it could be multiple people,
19 but for the topics that they're designated for, I expect
20 them -- I don't want to spend an hour with somebody and
21 have them say they don't know anything, that other people
22 have more information than they do.
23    MR. BIGGS: I hear you loud and clear, and I am
24 putting major effort into accommodating that.
25    MR. NEARY: All right.

**Page 54**

1     MR. BIGGS: I think that's reasonable, and I have
2 no qualms about that, Mr. Neary. And we're outside right
3 now getting things organized and streamlined to do that, to
4 accomplish that.
5     Okay. Off the record?
6     MR. HERB: Off the record.
7     MR. BIGGS: Okay.
8     (Break taken at 12:27 p.m. until 1:21 p.m.)
9
10    **AFTERNOON SESSION**
11    MR. HERB: Are we ready to go?
12    MR. BIGGS: Yes. I have Dr. Edmunds and George
13 and Chairperson, I'll bring them in.
14    Two ladies had to leave. Because of the Head
15 Start School, they had to be there at 2:30 to do something.
16 We may want to talk to them later.
17    But I think that we'll be okay and we'll have --
18 get started with Dr. Edmunds. I think you'll find your
19 deposition will be very informative.
20    MR. NEARY: Well, you were -- as I understand, our
21 agreement was you were going to designate the people who
22 were going to testify.
23    MR. BIGGS: We did. Unfortunately, two of the
24 ladies had to leave because they run a Head Start School.
25 And they were hoping, if they were going to be called, it

**Page 55**

1 would be earlier, so....
2     MR. HERB: Who are the two people who are not
3 here?
4     MR. BIGGS: I have a list and we'll get that for
5 you.
6     (Break taken at 1:23 p.m. until 1:25 p.m.)
7     MR. BIGGS: Mr. Neary, here is the list for you.
8 The two ladies that left aren't on the list; we
9 reconfigured the list after they left.
10    And, then, sir this is for you.
11    MR. HERB: Okay. While we're on the record,
12 let's -- it's 1:28 or so. We've been provided with a list
13 of one, two, three, four, five -- six people who are
14 represented as being responsive to our Deposition Notice.
15    And I think what we'll do is try to take the
16 shortest ones first to get people out of here.
17    How about -- could I just confer with my client
18 for just a minute?
19    MR. BIGGS: You can. And, if I may. Again,
20 Dr. Edmunds is going to have -- he'll probably be a long
21 time, but these individuals that are here, they're in for
22 the long haul. Everybody else left. We dispatched -- the
23 majority of people have gone home. So we just have these
24 people remaining, maybe there might be a few relatives and
25 such.

**Page 56**

1 But your greatest source of information as to the
2 structure is going to come from David, and that's all I
3 wanted to say, and then I'll excuse myself.
4     MR. HERB: Yeah; just take one minute. I just
5 want to talk to my client for a second about this.
6     (Break taken at 1:27 p.m. until 1:32 p.m.)
7
8     ---oOo---