Michael S. Biggs, Esq.
Cal. Bar. No. 237640
Biggs Law P.C.
POST OFFICE BOX 454
PETALUMA, CA. 94953-0454
(707) 763-8000 Telephone
(707) 763-8010 Facsimile

Attorney for Plaintiffs,
PINOLEVILLE POMO NATION et al

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINOLEVILLE POMO NATION, PINOLEVILLE POMO NATION ENVIRONMENTAL ASSOCIATION LEONA WILLIAMS<br><br>Plaintiffs,<br><br>v.<br><br>UKIAH AUTO DISMANTLERS, et al.<br><br>Defendants.<br><br>ALL RELATED CROSS ACTIONS | Case No. C 07-02648 EMC<br><br>OBJECTIONS TO &<br>MOTION TO STRIKE<br>DECLARATION OF HANS W. HERB<br><br>Date: June 25, 2008<br>Time: 1:30 p.m.<br>Dept. C, 15th Floor<br><br>Hon. Susan Illston |

Plaintiffs PINOLEVILLE POMO NATION, PINOLEVILLE POMO NATION ENVIRONMENTAL ASSOCIATION, and LEONA WILLIAMS object to the following paragraphs contained in his declaration: Numbers 8, 11, 12, 13, 14, 15, 16, 17, 18, 20 & 23 for reasons detailed below:

Plaintiffs specifically object to the testimony of Hans W. Herb. Plaintiffs object to and move to strike paragraph 8 characterizing "anecdotal reports" that levees were built on the reservation using vehicles sealed with lead and bondo. The legal basis for this objection is that Mr. Herb has no personal knowledge of the alleged facts and the information he is presenting is

hearsay and inadmissible as a matter of law. Plaintiffs further object to and move to strike paragraph 11 characterizing that information was represented to Mr. Herb as counsel for Rick Mayfield that Mr. Mayfield's role in the case is de minimus and the "bad actor" is "UAD". The basis for the aforementioned paragraph is that Mr. Herb is not a percipient witness and his testimony relating what his own client tells him is inadmissible hearsay. If Mr. Mayfield has legally relevant and admissible information, then he must file his own declaration and not testify through his attorney. Plaintiffs further object to and move to strike paragraph 12 characterizing his attempts for resolution without litigation and his characterization that his attempts were somehow "thwarted". The basis for this objection is that this information is legally irrelevant. Plaintiffs further object to and move to strike paragraph 13 characterizing alleged settlement resolutions because that information is likewise legally irrelevant as to the issues this court must decide when granting an injunction. Plaintiffs further object to and move to strike paragraph 14 characterizing alleged "assertions" that Mr. Herb's client was not a "meaningful target" because that information is likewise legally irrelevant as to the issues this court must decide when granting an injunction. Plaintiffs further object to and move to strike paragraph 15 characterizing alleged absence of suggestion that Mr. Herb's client would not be involved in this preliminary injunction because it is likewise legally irrelevant as to the issues this court must decide when granting an injunction. Plaintiffs further object to and move to strike paragraph 16 characterizing Mr. Herb's bewilderment as to why a co-defendant was not served because it is likewise legally irrelevant as to the issues this court must decide when granting an injunction. Plaintiffs further object to and move to strike paragraph 17 and 18 characterizing Ross Mayfield's candidacy for county supervisor and information allegedly given to Mr. Herb by Plaintiffs because they are likewise legally irrelevant as to the issues this court must decide when granting an injunction. Plaintiffs further object to and move to strike paragraph 20 alleging Mr. Herb is a "Registered Environmental Assessor" because it is legally irrelevant and Mr. Herb cannot legally serve two

1 roles, one as an attorney and advocate for Defendant Rick Mayfield and the other as an impliedly
2 neutral, quasi expert witness.
3  Finally, Plaintiffs further object to and move to strike paragraph 23 containing opinion
4 testimony by Mr. Herb because he is not qualified as an expert to render such opinion, his
5 opinion are legally irrelevant to the issues this court must decide when granting an injunction,
6 and as legal counsel for one of the parties he cannot serve as a witness and as an advocate for
7 Defendant Rick Mayfield at the same time.
8
9 Dated: 06/18/08                    /S/ Michael S. Biggs
10                                    Michael S. Biggs
                                      Attorney for Plaintiffs
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Michael S. Biggs, Esq.
Cal. Bar. No. 237640
Biggs Law P.C.
POST OFFICE BOX 454
PETALUMA, CA. 94953-0454
(707) 763-8000 Telephone
(707) 763-8010 Facsimile

Attorney for Plaintiffs,
PINOLEVILLE POMO NATION,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PINOLEVILLE POMO NATION,
PINOLEVILLE POMO NATION
ENVIRONMENTAL ASSOCIATION
LEONA WILLIAMS

Plaintiffs,

v.

UKIAH AUTO DISMANTLERS, et al.

Defendants.

ALL RELATED CROSS COMPLAINTS

Case No. C 07-2648 SI

PLAINTIFFS' POINTS & AUTHORITIES IN SUPPORT OF OBJECTION TO & MOTION TO STRIKE PORTIONS OF DECLARATION OF HANS W. HERB

Date: June 25, 2008
Time: 1:30 p.m.
Dept. C, 15th Floor

Hon. Susan Illston

Plaintiffs submit the following Points & Authorities in support of their objection to the admissibility of certain information in the Declaration of Hans W. Herb.

I

**ONLY LEGALLY RELEVANT EVIDENCE IS ADMISSIBLE**

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Federal Rules of Evidence, Rule 401) "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of

Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. **Evidence which is not relevant is not admissible.**" (Federal Rules of Evidence, Rule 402) (Emphasis added) "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (Federal Rules of Evidence, Rule 401)

The issue before this court is whether the facts presented proves violations of the Clean Water Act (CWA) as codified in Title 33 USC section 1365, Resource Conservation and Recovery Act (RCRA) as codified in Title 42 USC section 6901, and related claims for relief and causes of action.

The facts that give rise to this suit are that defendants own and operate an auto dismantling business and, essentially, a "junk yard" although on "fee land" but located directly in Indian Country governed by the Pinoleville Pomo Nation.(PPN). The reservation is on rural land and close to a stream. Defendants have conducted their business in such a manner that they have caused and are causing toxic chemicals from old vehicles to contaminate the soil, permeate the underground water, and invade the streams and water course running through the reservation. Understandably, PPN wants this activity to stop and have all pollution cleaned up and the problem rectified.

As will be elaborated below, Defendant Rick Mayfield's attorney, Hans Herb, submitted a declaration opposing Plaintiffs' motion for preliminary injunction. That declaration contains information that are legally irrelevant within the meaning of the aforestated Federal Rules of Evidence because they have no bearing on the facts that this court needs to know in order to determine whether a preliminary injunction is appropriate. Further, Mr. Herb's allegations and assertions serve no legitimate purpose other than to waste time and confuse the issues that this court must entertain.

//

**Paragraphs 11, 14, & 15:**

Mr. Herb in this paragraph alleges that it was represented to him by an un-named source that Rick Mayfield's role was de minimus and that he was "not the real target" but the "real bad actor" is Ukiah Auto Dismantler. Whether Mr. Mayfield's role is minor or not is of no consequence under the doctrine of joint and several liability. Though not a Ninth Circuit Opinion, the case cited below succinctly states the federal common law on the concept of joint and severable liability.

"Under a scheme of joint and several liability, where the defendants cannot themselves establish their respective liabilities, each is responsible for the full amount, and the plaintiff may collect that full sum from any one of them. The paying defendant would then have the right to go against the other 'nonapportioned' defendants for contribution; the defendants would bear the burden of deciding who would pay how much to whom among them." (State of Colorado v. ASARCO, Inc. (D.C. Colo 1985) 608 F. Supp 1484) This common law doctrine has been applied to pollution cases such as violations of Comprehensive Environmental Response, Compensation, and Liability Act. The ASARCO case has been cited by the Ninth Circuit in reference to the joint and severability doctrine. (See Mardan Corp. v. C.G.C. Music, Ltd. (9th Cir. 1986) 804 F.2d 1454, 1458; but note that the ruling of State of Colorado v. ASARCO, Inc was called into doubt by statute on unrelated issues see Cooper Industries, Inc. v. Aviall Services, Inc. (2004) 543 U.S. 157, 125 S.Ct. 577).

It is well-established as a federal common law principle in all circuits that a member of a joint venture is liable for the acts of its co-venturers. Federal courts freely invoke this principle of liability when called upon to apply federal common law in a variety of contexts. See, e.g., Davidson v. Enstar Corp., 848 F.2d 574, 577-78 (5th Cir.1988) (applying federal common law of joint liability rather than the idiosyncratic Louisiana law of joint liability in determining whether

a relationship constituted a joint venture for purposes of the Longshore and Harbor Workers' Compensation Act); <u>United States v. United Pacific Insurance Co.</u>, 545 F.2d 1381, 1382-83 (4th Cir.1976) (applying the federal common law of joint venturer liability in interpreting the Miller Act, 40 U.S.C. § 270a-d ). Moreover, "different jurisdictions generally adopt the same criterion for the establishment of a joint venture." <u>United States v. USX Corp.</u>, 68 F.3d 811, 826 n. 30 (3d Cir.1995).

For joint and several liability, Plaintiffs need not establish that Rick Mayfield was the "ring leader" or the "major player." Any activity, whether de minimus or not, is sufficient to support a claim against Mr. Mayfield from the harm done that he either directly, indirectly, or in concert with others caused, which is the subject of in these proceedings. Therefore, extent of Mr. Mayfield's involvement, no matter how minor, is irrelevant and should be stricken from the record.

Courts do impose joint and several liability in accordance with the common law principles usually applied to cases involving multiple tortfeasors and the law interpreting section 311 of the Clean Water Act. *See* 126 Cong.Rec. 30,932 (Sen. Randolph stating that liability of joint tortfeasors will be determined by common law and prior federal statutory law); *cf. id.* 30,935 (Sen. Stafford indicating the "terms" joint and several liability had been removed); *id.* 31,965 (Rep. Florio arguing that final Senate version allowed joint and several liability under section 311 and the principles of common law).

**Paragraphs 16 – 18:**

Why Ross Mayfield was not served, the existence of campaign signs in Mendocino County, and statements by Plaintiff's counsel that Ross Mayfield could not be located are likewise legally irrelevant because these assertions, even if true, do not diminish Rick Mayfield's responsibility and liability under the same notion of joint and several liability as detailed above.

**Paragraph 12:**

Allegations that Mr. Herb attempted to meet on a number of occasions to find out what would be necessary to resolve the matter short of litigation are likewise irrelevant and should be stricken under the authorities discussing legal relevance as cited above. Further, these allegations may fall, if not in letter, but by spirit of Rule 409 of the Federal Rules of Evidence barring offers to settle or compromise from being admitted into evidence.

**Paragraph 13:**

Allegations of settlement offers by Plaintiffs fall squarely within the prohibitions of Rule 409 and cannot be legally considered in evidence. (See *Pierce v. F. R. Tripler & Co.* (2nd Cir.1992) 955 F.2d 820 for discussion of Rule 409 prohibiting admission of settlement offers.)

II

PARAGRAPH NO. 8 IS PURE HEARSAY & IS INADMISSIBLE

**Paragraph 8:**

Paragraph 8 alleges the following: "In further discussing this levee with other individuals, including my client, I am told that anecdotal reports suggest that the vehicles were sealed using lead and "bondo" in order to limit rusting." No thorough analysis or argument is needed to determine that relaying information derived from "discussions with unidentified person and a co-defendant" are classic hearsay and are in admissible under hearsay rule.

" 'Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." (Federal Rules of Evidence, Rule 801.) "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." (Federal Rules of Evidence, Rule 802.)

It is important to note that Mr. Herb refers heavily to the PPN web page and attaches it as an exhibit but the statement in question is not listed therein. The term "anecdotal reports" is nothing more than a fancy way of saying "the rumor is . . ." This is the very reason for the

creation of the rules barring hearsay in a court of law.

## III

## MR. HERB IS NOT QUALIFIED TO GIVE EXPERT TESTIMONY

**Paragraph 23:**

Mr. Herb's opinion as expressed in that paragraph amounts to "expert testimony." It should be stricken for two reasons. One, trying to qualify himself as an environmental expert and render an opinion cloaked with the image that of an expert conflicts with his advocate role as Mr. Mayfield's attorney. Attorneys are advocates, charged with selflessly serving their client's interests. Expert witnesses, on the other hand, are employed to assist the parties in their pretrial preparation, and if called to testify, to give their **unbiased opinion** in order to assist the trier of fact in understanding the relevant evidence. Would Mr. Herb's serve this dual role if his honest opinion is that his own client is culpable of the misdeeds alleged against Mr. Mayfield? Since the obvious answer is "no". His "expert testimony" should be stricken on the grounds of relevance.

Second, Mr. Herb does not have the qualifications to render the opinion that "this case stands out as an example of positive, proactive activities being undertaken by the responsible parties". Rule 702 governs in this circumstance and Mr. Herb has no basis for rendering his opinion because his declaration is silent as to foundational facts and evidence that he is relying upon within the meaning of criteria one of Rule 702. Nowhere does it mention in his declaration that Mr. Herb reviewed official reports and documents prepared by the applicable government officials or code enforcement officers.

Further, he is not qualified to give such expert testimony. The United States Supreme Court has charged trial courts with the responsibility to act as "gate keepers" to keep out unreliable expert testimony.

The seminal case giving trial judges gate keeping functions is *Daubert v. Merrell Dow Pharmaceuticals, Inc* (1993) 509 U.S. 579, 113 S.Ct. 2786, which held that Rule 702 "imposes a special obligation upon a trial judge to "ensure that any and all scientific testimony ... is not only relevant, but reliable." 509 U.S., at 589, 113 S.Ct. 2786. The *Daubert* principles have been extended to evaluating testimony pro-offered by supposed experts. (*Kumho Tire Co., Ltd. v. Carmichael* (1999) 526 U.S. 137, 119 S.Ct. 1167). Further Rule 702 itself says:

> "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

In this case, Mr. Herb offers no foundational facts that he has acquired the appropriate education, training, and experience that gives him the special authority other than he is supposedly a "Registered Environmental Assessor", whatever that means. He offers no explanation or elaboration on how this registration is relevant and meets the *Daubert* and *Kumho Tire* standard. No where does he mention that he has education and training in the relevant sciences or that he has qualified in court before as an expert witness giving expert testimony on subject matters such as this. Instead, he is saying that he has been involved with a lot of environmental cases in one manner or another. That alone does not qualify him as an expert worthy of giving expert testimony on the witness stand or in a sworn declaration. It is similar to a veteran prosecutor with 20 years of experience who subsequently becomes a criminal defense attorney giving an opinion that he has seen worse crimes than the accused being charged with. A court would summarily throw out such "expert evaluation" in that circumstance. No reason exists why the same should not apply here. An attorney at law does not become an expert in the sciences just by handling certain cases or representing certain parties.

For this reason, Mr. Herb's declaration implying that he is a scientific expert and giving his "scientific" conclusion while at the same time acting as an advocate for Mr. Mayfield cannot

be admitted. And the court acting as the gate keeper must strike all reference pertaining thereto in Mr. Herb's declaration.

Respectfully submitted,

Dated: 06/18/08

/S/ Michael S. Biggs
Michael S. Biggs
Attorney for Plaintiffs