Michael S. Biggs, Esq. SBN: 237640
BIGGS LAW PC
Post Office Box 454
Petaluma, CA 94953-0454

(707) 763-8000 Telephone
(707) 763-8010 Facsimile

Attorney for Plaintiffs

PINOLEVILLE POMO NATION et al

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINOLEVILLE POMO NATION, PINOLEVILLE POMO NATION ENVIRONMENTAL ASSOCIATION AND LEONA WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>UKIAH AUTO DISMANTLERS, WAYNE HUNT ISABEL LEWRIGHT, WARRIOR INDUSTRIES, INC., RICHARD MAYFIELD, ROSS JUNIOR MAYFIELD, PAULA MAYFIELD, KENNETH HUNT, U.S. ALCHEMY CORPORATION AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No.: C 07 2648<br><br>DECLARATION OF GEORGE O. PROVENCHER IN REBUTTAL TO DECLARATION OF WAYNE BRILEY IN OPPOSITION TO PRELIMINARY INJUNCTION<br><br>Date:  06/25/08<br>Time:  1:30 P.M.<br>Dept:  Courtroom C, 15th Floor<br>Judge: Susan Illston |

/

My name is George O. Provencher. I have personal knowledge of the facts stated herein, unless expressly alleged on information and belief, and, if called as a witness, I could testify competently thereto.

1. Based on the facts stated by Mr. Briley that he is giving declaration in his capacity as a County employee in the Department of Environmental Health, a subdivision of the Mendocino County Health and Human Services Agency, which is an agency of Mendocino County Government, it is highly inappropriate that he is giving this declaration on behalf of a private party enjoined in a lawsuit.

2. Notwithstanding the above, his statement that, "I observed that the containment ponds were functioning as designed and that they were not overflowing," would suggest that he is performing in an engineering capacity to certify the design of a system that in fact has not been adequately engineered by a licensed geological engineer, civil engineer, or any other kind of engineer.

3. If Mr. Briley is not a licensed engineer, then he should not be representing or certifying to the public or a court that any system is doing what it has been engineered for, unless it is within the scope of his responsibilities as a HAZMAT Specialist to certify a work of civil construction and engineering, unless he is in the possession of an engineer's seal, which I believe he is not.

4. Mr. Briley's statement that "Because the containment ponds were not overflowing and further because it appeared to me that all surface water on the Ukiah Auto Dismantlers site was channeled to the collection ponds, it appeared to me that there was not surface water discharge in any amount from the Ukiah Auto Dismantlers property" completely ignores the fact that there are no berms constructed on the site to channel all the surface water, for example along the roadways. Even though the containment ponds were not overflowing, there is still storm water flowing across the entire site. There is a certain amount of water flowing from south to north and west to east that will bypass the containment ponds, even along the levy. His statement is not likely to be accurate, and it brings to question what would motive such a statement that does not

seem possible. All surface water cannot flow only from south to north to the drainage ditch connecting the Hunt and Mayfield property, when there is also a gradient for west to east. Some of the water will flow both northward and eastward toward the Mayfield property, and not all will be captured in the ditch connecting the two properties.

5. It would not appear likely that Mr. Briley would conduct "analytical diagnostics" on the storm water runoff, as it would first have to be sampled and then tested by a certified analytical laboratory. He obviously did not go to the Hunt property for that purpose.

**I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED 06/18/08

Ukiah California

/S/ George O. Provencher
George O. Provencher