Michael S. Biggs, Esq. SBN: 237640
BIGGS LAW PC
Post Office Box 454
Petaluma, CA 94953-0454

(707) 763-8000 Telephone
(707) 763-8010 Facsimile

Attorney for Plaintiffs
PINOLEVILLE POMO NATION, et al

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINOLEVILLE POMO NATION, PINOLEVILLE POMO NATION ENVIRONMENTAL ASSOCIATION AND LEONA WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>UKIAH AUTO DISMANTLERS, WAYNE HUNT ISABEL LEWRIGHT, WARRIOR INDUSTRIES, INC., RICHARD MAYFIELD, ROSS JUNIOR MAYFIELD, PAULA MAYFIELD, KENNETH HUNT, U.S. ALCHEMY CORPORATION AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No.: C 07 2648<br><br>**PLAINTIFFS REPLY TO MAYFIELDS OPPOSITION BRIEF**<br><br>RULE 65 Preliminary Injunction<br><br>Date:  06/25/08<br>Time:  1:30 P.M.<br>Dept:  Courtroom C, 15th Floor<br>Judge: Susan Illston |

## INTRODUCTION

In its effort to mislead the Court through its opposition brief and supporting

declarations and deflect the Courts attention away from the merits of Plaintiffs case, Defendants Opposition brings gross misrepresentations of fact and other statements which are conclusory and not evidenced and subject to action by the Court pursuant to FRCP 11 and FRCP 41.

## I.
## EACH MISREPRESENTATION OF FACT FROM MR. HERB'S OPPOSITION BRIEF WILL BE ISOLATED AND REFUTED:

### MISREPRESENTATION # 1

> "As a result a this process, non-Indian people who had purchased property in the tribal boundary now had new governmental neighbors. However they were not generally subject to Indian laws". Mayfield Opposition Page 3 at lines 16-21.

1. The Courts attention is respectfully directed to this Courts order No. C-87 4320 EFL, attached hereto as EXHIBIT 1. This order arose out of Governing Council of Pinoleville Indian Community v. Mendocino County Board of Supervisors, Ross Mayfield, Brent, Mayfield 684 F. Supp. 1042 (1988). This case is cited by MAYFIELD at page 3 line 27 in its opposition brief but evidently not studied.

The Hon. United States District Judge Eugene F. Lynch wrote in the Courts order:

> "It is our opinion that the Pinoleville Indian Community has the authority to enact an ordinance which restricts land use by anyone within their exterior boundaries when such use has been deemed detrimental to the health the health or welfare of the Pinoleville Indian Community". (emphasis added)

2. This Court in applying 'landmark' law annunciated by the United Sates Supreme Court in Montana v. United States 450 U.S. 544, ordered injunctive relief in the Pinoleville Indian Community's favor, (PPN was formerly known as Pinoleville Indian Community) where Mayfield's were blocked from building a cement plant on the basis of Tribal ordinances.

3. The Courts attention is also directed to the attached transcript of a hearing in No. C 87-4320 EFL which took place which took place November 20, 1987. SEE EXHIBIT 2.

4. Although lengthily the transcript contains testimony by Brent Mayfield and Ross Mayfield Jr., who are business partners and or owners of the subject MAYFIELD "site" property, and is probative on all of the instant issues.

5. Judge Lynch's questions and statements and the responses and statements of the MAYFIELDS will show <u>that right now in</u> their <u>Opposition brief</u> and supporting declaration, that MAYFIELD is lying to this Court in his declarations and brief as to how they (MAYFIELDS) got involved with the "site" and the "financial terms" of their involvement with the site.

6. It was this Courts 1988 order-not a bankruptcy as MAYFIELD has declared in his opposition brief and declaration now- which is the real reason MAYFIELDS were not able to proceed with their contemplated cement plant.

7. The 1988 transcripts illuminate the ongoing arrogance of MAYFIELDS who see themselves as "above the law in failing to recognize the authority of the United States District Court in ignoring the Courts order as applied to PPN tribal authority" and moreover in failing to follow the December 2002 Tribal Council order to stop storm water discharge and pay the fines demanded for non-compliance (attached to the original complaint as exhibit E and hereto as EXHIBIT 3)

**Conclusion:**

8. MAYFIELDS are using the instant case as round two on No. C 87-4320 EFL, because MAYFIELDS have never accepted the authority of the Tribal government nor the United States District Court and are attempting to re-litigate issues on tribal authority that

are established as authoritative by this Court and subject to "res-judicata".

9. MAYFIELDS counsel Mr. Herb was clearly aware of <u>Governing Council of Pinoleville Community v. Mendocino Board of Supervisor of Mendocino County, Ross Mayfield, Brent Mayfield</u>, 684 F. Supp. 1042 (1988) as Mr. Herb cited the case in his Opposition at line 27 page 3.

10. Mr. Herb is arguing throughout the MAYFIELD opposition brief that where PPN exercises its tribal authority it is committing extortion as opposed to exercising recognized authority and standing as a government body.

11. Mr. Herb failed his duty as an attorney to investigate and verify information pursuant to FRCP 11.

12. Instead of performing as an advocate using fact and law, Mr. Herb has brought false facts, and failed to research the law he cites.

### MISREPRESENTATION # 2

> "As is described in the document attached to the plaintiffs complaint the Mayfield property is the final down gradient dumping ground for most of PPN properties (See exhibit D to Plaintiffs complaint.) Specifically the drainage from all of PPN'S industrial operations heads directly toward the Mayfield property, which is generally considered the lowest property on the Rancheria. (id)" Mayfield Opposition Page 4 at lines 17-21.

a. <u>Specifically Drainage From PPN Industrial Operations?</u>

13. If the Court were to visit PPN the Court would find there are no PPN industrial operations. The Court would see administration offices, an enclosed mini-storage and a head start school. <u>SEE</u> Declaration of George Provencher in Response to Rick Mayfield declaration.

14. A few years ago as part of a cleanup effort PPN had a project disassembling abandoned junk residential trailers made of aluminum siding which was then carted out to scrap dealers.

15. Mr. Herb has been to PPN at least twice as he sat inside the administrative office in the course of the FRE 408 meetings of which MAYFIELDS through Herb have now sued PPN for extortion. Mr. Herb had an opportunity in walking in and out of the administrative office to look around and see there are no PPN industrial operations.

16. Mr. Herb had a duty as an attorney to investigate and verify information pursuant to FRCP 11.

17. In his opposition brief at Page 4 lines 17-21, Mr. Herb misrepresented to the Court that there is drainage from PPN industrial operations-there are no PPN industrial operations nor is there any drainage from PPN.

b. <u>Exhibit D?</u>

18. Exhibit D is the ORDER ON ABATEMENT AND CLEANUP of March 29 2006, on file and of which the Court is familiar with. Nowhere in the order is PPN the subject of remedial action nor anywhere in the ORDER ON ABATEMENT is there any language even remotely approaching the contention made here by Mr. Herb:

**Conclusion:**

19.. In his opposition brief at Page 4 lines 17-21, Mr. Herb made a gross misrepresentation to the Court and is in violation of FRCP 11, because <u>absolutely nowhere</u> in Exhibit D ORDER ON ABATEMENT AND CLEANUP of March 29 2006 -does it say what Mr. Herb tells the Court it says.

### MISREPRESENTATION # 3

<u>-Discharges from PPN"s property, however still impact the Mayfield's property (Mayfield Opposition Page 4 lines 25-26.</u>

a. <u>Discharges still impact Mayfield Property?</u>

20. Discharges of what-spilled milk from the head start school?

**Conclusion:**

21. In his opposition brief at Page 4 lines 25-26, Mr. Herb misrepresented to the Court and is in violation of FRCP 11, because <u>absolutely nowhere</u> is any information offering any basis or evidenced and or offered that "discharges from the PPN's property, however still impact the Mayfield property"....or ever existed in the first place.

### MISREPRESENTATION # 4

<u>"However, defendant Rick Mayfield did even not receive the Plaintiffs Preliminary Injunction Motion until ten days later on May 28th when it arrived by FEDEX." (Mayfield Opposition Page 8 at lines 10-12.</u>

a. <u>Defendant did not receive Preliminary Injunction Motion until May 28th ?</u>

22. Mr. Herb is MAYFIELDS attorney of record. Mr. Herb was served on May 20 as was all counsel and the Court. (<u>See</u> EXHIBIT 4)

23. On May 22 email notice was sent to all counsel that an amended motion on injunction would be served. (<u>See</u> EXHIBIT 5)

24. On May 22, an amended motion on injunction was served. (<u>See</u> EXHIBIT 6)

25. On May 22 Mr. Herb "in writing" acknowledged service of the motion on injunction (<u>See</u> EXHIBIT 7)

26. On May 27" Mr. Herb's office and Mr. Neary's office (Not RICK

MAYFIELD as Mr. Herb states in his brief) were sent via FEDEX a hardcopy of the amended motion on injunction primarily so that counsel would have the same color photo's as the Court was provided. (See EXHIBIT 8)

27. In reading Page 8 lines 10-12 in context with Herbs Opposition Page 8 lines 6-12 it is clear that Herb deviously and with no shame intends to mislead the Court with false information in an attempt to "poison the well".

**Conclusion:**

28. In his opposition brief at Page 8 lines 6-12, Mr. Herb misrepresented to the Court and is in violation of FRCP 11.

29. The evidence – the exhibits show Mr. Herb's statement as to late service to be false and Mr. Herb through his outright misrepresentation is trying to mislead and influence the Court in obstruction of a fair and just adjudication.

## **MISREPRESENTATION # 5**

"But the late filed motion was even stranger in that it only addressed the Mayfield parcel and all but ignored the UAD parcel. Clearly, Plaintiffs should at least identify who they are seeking to enjoin. (Mayfield Opposition Page 8 at lines 12-13.

a. The injunction only addressed the Mayfield parcel?

30. What is strange is that evidently Mr. Herb did not read the motion? The Courts attention is respectfully directed to EXHIBIT 9 which is the notice of motion incorporated into plaintiffs motion on injunction the subject of these proceedings. The notice of motion and the motion throughout refers to site operators UAD and MAYFIELD clearly identifying who plaintiffs are seeking to enjoin. Throughout Mr. Herbs brief he insists that this motion for injunction only directs at MAYFIELD as if MAYFIELD is somehow being "victimized" and

"plaintiff" has done something wrong when in fact throughout the brief reference is always toward UAD and MAYFIELD site operators.

31. The motion on injunction goes to the site operator "Rick Mayfield" who is Mr. Herb's client.

**Conclusion:**

32. In his opposition brief at Page 8 lines 12-13, Mr. Herb misrepresented to the Court and is in violation of FRCP 11.

33. The evidence – the exhibits and plaintiffs brief on file with the Court show Mr. Herb's statement is false and Mr. Herb through misrepresentation is trying to mislead and influence the Court in obstruction of a fair and just adjudication.

### MISREPRESENTATION # 6

"…no active industrial operations were being conducted on the Mayfield property when this was filed, let alone when the injunctive relief application was finally filed."
(Mayfield Opposition Page 8 FN 6 lines 26-28.

    a.  <u>No Industrial Operations on The Mayfield Property Since file date May 2007?</u>

34. The Courts attention is respectfully directed to the declaration of private investigator John Gavello attached hereto.

35. Mr. Gavello conducted photographic surveillance on the Mayfield site on January 8, 2008 and once again on April 6, 2008.

36. The first set of photographs was taken by Mr. Gavello on January 8, 2008 and are attached as EXHIBIT 10 photographs 1-4.

-Picture #1 shows a view of the MAYFIELD site under storm conditions where trucks trailers, tools and assorted equipment is being operated on "bare naked earth" where water runoff permeates into the earth and Ackerman Creek.

-Pictures #2 & 3 show a close up view from a different angle all operations are conducted on bare naked earth –note the "mud-sludge"

-Picture # 4 evidently shows workmen chatting at the end of the day after work at the MAYFIELD site.

37. The second set of photographs was taken by Mr. Gavello on March 16, 2008 and are attached as EXHIBIT 11 photographs 5-12.

-Picture 5 shows the western aspect looking eastward. The UAD site is visible in the picture from the left to 2/3 to the right. Toward the right edge of the photograph -the low building is the PPN enclosed mini storage. The metal building toward the far right is where the Head-Start school bus is kept. On the other side of the UAD site is where the MAYFIELD site is. In the immediate foreground is PPN land. (Note no evidence of alleged PPN industrial operations unless the reference is to Native American plant food?)

-Picture 6 shows the eastern aspect looking westward. This scene is the same view as is shown in exhibit 4 photo #12 of the motion for injunction. In exhibit 4 the scene is shown underwater with run-of from UAD and MAYFIELD sites the blue barrel shown here in photo 10 is half submerged in exhibit 4 under storm conditions. The levy DEFENDANTS fallaciously blame for their problems throughout their briefs and declarations is shown to the right of photograph #10.

-Picture 7 shows the southwestern aspect looking northeast. The foreground is the playground of the Pinoleville Head Start School-the background is the MAYFIELD site showing trucks, trailers, and assorted equipment.

-Picture 8 shows the western aspect looking east. The foreground is the bus-stop parking area of the Pinoleville Head Start School-the background is the MAYFIELD site showing trucks, trailers, and assorted equipment.

-Picture 9 shows the southern aspect looking north. The view is the MAYFIELD site showing trucks, trailers, and assorted equipment. Note the trucks marked"RM".

RM are the initials of Defendant "Rick Mayfield" who denies in his declaration and opposition that there are industrial operations at MAYFIELD site. Note the flatbed trucks marked "RM" with the crushed cars. While it is unknown where those cars were crushed and loaded-the nearest car crusher is at UAD about 250 feet from where the RM trucks are parked.

-Picture 10 shows the southern aspect looking north. The view is the MAYFIELD site showing trucks, trailers, buses, containers, crushed cars and assorted equipment.

-Picture 11 shows the southern aspect looking north from an elevated position. The view is the MAYFIELD site showing trucks, trailers, buses, containers, crushed cars and assorted equipment.

-Picture 12 shows the entranceway into PPN and the fee land owned by UAD and MAYFIELD. The road in the immediate foreground is Orr Springs Road. The turnoff leading into PPN is Pinoleville Drive. It is not known who owns the private property to the left and right of the entrance.

38. In his opposition brief at Page 8 lines FN 6 lines 26-28, Mr. Herb misrepresented to the Court and is in violation of FRCP 11.

39. The evidence – the exhibits show there are active industrial operations being conducted on the Mayfield property. Mr. Herb's statement is false and Mr. Herb through his

misrepresentation is trying to mislead and influence the Court in obstruction of a fair and just adjudication.

## II.
## The Above Misrepresentations of Fact are Contemptuous Under State Law and Violative of FRCP 11

40. An attorney at law can be held in contempt for misrepresenting facts to the Court even if those statements were not made under penalty of perjury. (See *Vaughn* v. *Municipal Court*, 252 Cal.App.2d 358)

41. [T]he law imposes upon an attorney a duty" (d) To employ, for the purpose of maintaining the causes confided to him such means only as are consistent with truth, and *never to seek to mislead the judge of any judicial office by an artifice or false statement of fact or law.*" (See *Vaughn* v. *Municipal Court*, 252 Cal.App.2d 358 citing business and Professions Code section 6068(d).)

42. Rule 11 forbids lying in pleadings, motions, and other papers filed with the court and Rule 41(b) provides for dismissal with prejudice as the ultimate sanction for violation of the rules. Fed. R. Civ. Pro. 10(a); Fed. R. Civ. Pro. 11; Fed. R. Civ. Pro. 41(b).

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

## II.
## STATEMENTS WHICH ARE CONCLUSORY AND NOT EVIDENCED

1. **"Rick Mayfield has helped PPN clean up its own toxic pollution"**

   This is not true. SEE Declaration of Chairperson Leona Williams in response to Rick Mayfield Declaration.

2. **"Most importantly, as is discussed in the attached declarations of Rick Mayfield parcels of PPN owned by the Nation itself have contained major environmental hazards"**

   This is not true. SEE Declaration of Chairperson Leona Williams in response to Rick Mayfield Declaration.

3. **"In fact at numerous times throughout history, Rick Mayfield has been asked by the Plaintiffs to abate nuisances on property owned by PPN"**

   This is not true. SEE Declaration of Chairperson Leona Williams in response to Rick Mayfield Declaration.

4. **Since institutional controls were constructed some time ago, no discharges from the UAD parcel to the Mayfield property have occurred.**

   Statement is conclusory with no evidence or documentation in support thereof.

### 5. CRWQCB MAY 19, 2008 John Short Letter to Mayfield

MAYFIELD Opposition brief uses this letter in support of denying injunction.

The letter however supports the motion on injunction because the PPN government did take the sought after water samples never provided by MAYFIELD from the drainage ditch along Ackerman Creek and those samples and others tested positive for above MCL limits for hazardous constituents and evidence of those samples are on file now the Court and discussed at great length in the declarations on file of Joaquin Wright and George Provencher. Mr. Short's letter goes on to say that MAYFIELDS will be evaluated with regards to compliance with the terms of the Order and potential for removing Warrior Industries from the Order after at least three storm water samples.

The letter states "please be aware that we are making no determination at this time as to ground water quality". See Exhibit 12, CRWQB May 19, 2008 letter from John Short to Richard Mayfield.

### 6. Mayfield relies on 2003 Vector Report.

2003 Vector report is not probative for the purposes sought by MAYFIELD in its opposition because the current issue concerns the 2006 CRWQCB findings and subsequent testing and analysis on file with the Court.

### 7. Mayfield contends Plaintiffs action is a shakedown intended to convey property

This is a false contention, PPN offered MAYFIELDS lifetime possession of the property conditioned on following Tribal law and MAYFIELD would be held harmless for all financial liabilities including fines and penalties clean-up costs.

Mr. Herb has violated FRCP 11, and has also clearly violated FRE 408 in

suing PPN for extortion where PPN mentioned in settlement talks that MAYFIELD had violated Tribal ordinances and was subject to financial penalties which have never been paid. Mr. Herb has distorted information arising out of official settlement talks. SEE Declaration of George O. Provencher in Support of Reply to Mayfield Opposition Brief. (This after asking and receiving extensions to file MAYFIELDS answer while asking for FRE 408 settlement talks and then suing for extortion out of those talks)

This is an enforcement action no different than any state, local or other tribal government has a right to do.

## CONCLUSION

Defendant's argument in opposition relies on false and or conclusory information not in evidence, and for the purposes of which Defendant relies the antiquated and irrelevant 2003 "Vector" report.

Based on the foregoing authorities, pleadings and declarations on file with the Court, Plaintiff the Pinoleville Pomo Nation, et al, respectfully requests that this Court issue an order granting Plaintiff injunctive relief.

Respectfully submitted

Dated: June 23, 2008

/S/ Michael S. Biggs
Michael S. Biggs
Attorney for Plaintiffs