EXHIBIT 3

 

# PINOLEVILLE INDIAN RESERVATION
367 N. State St., Suite 204 Ukiah, CA 95482 Ph: 707-463-1454 FAX: 707-463-6601

January 22, 2002

Mr. Rick Mayfield
R&M Backhoe
500 Pinoleville Drive
Ukiah, CA 95482

Subject:  Notice of Violation of Tribal Ordinances
Dated: January 19, 2003
Violation Location: 500 Pinoleville Drive, Ukiah 95482
NE corner of Mendocino
APN #169-190-047

The Pinoleville Band of Pomo Indians is issuing this violation notice to you for illegally diverting storm water run-off from your property onto adjacent lands. This action is a direct violation of The Pinoleville Indian Reservation's Nuisance Ordinance, Section 5 (Nuisance Prohibited), actions defined in Section 3 (Acts Constituting Nuisance) part (a) & part (a)(4), and the Water Quality Ordinance, Section 4 (Prohibited Activities) part (a).

Violation of these Ordinances obligates the Tribe to exercise its duty to protect the environmental quality within Reservation boundaries under the Pinoleville Band of Pomo Indians Environmental Policy Act, Section 102 part (c). We have included the sections pertaining to your violations and their corresponding penalties.

On December 5th, 2001, the Tribe's Environmental Coordinator responded to a complaint that a trench had been dug on the northeast corner of your property that directly led to flooding on two adjacent parcels to the east of yours. The Tribe's Environmental Coordinator observed a large trench, approximately 5 feet across and 5 feet high at the mouth of the trench (where it opened up onto adjacent land). A steady flow of polluted water 2 to 3 inches deep and 3 to 6 feet wide was observed at this time. The trench ran back (SW) through the Mayfield property approximately 100 feet and curved to the right around a pile of cars.

Nuisance Ordinance, Section 5 (Nuisance Prohibited) part (a) of the Pinoleville Indian Reservation requires:

(a) "...No person shall cause or maintain a nuisance, whether a public or private nuisance, within the Reservation or other territory over which the Tribe has jurisdiction."

Mr. Rick Mayfield                    Page 2                        January 2002

Nuisance Ordinance, Section 3 (Acts Constituting Nuisance) part (a) & part (a)(4) of the Pinoleville Indian Reservation states:

(a)   "...Anything which is injurious to health or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property..."

(a)(4)   "...unlawful dredge or discharge, which means any surface or groundwater to be diverted, obstructed, or impeded, or discharging any material into any waters without legal authority."

Water Quality Ordinance, Section 4 (Prohibited Activities) part (a) of the Pinoleville Indian Reservation requires:

(a)   "...No person shall discharge any pollutant into the waters or wetlands of the Reservation or other territory over which the Tribe has jurisdiction."

The evidence observed by the Tribe's Environmental Coordinator, as described above, clearly indicates that a violation of these regulations has taken place.

These violations are subject to legal action. Pinoleville Indian Reservation's Nuisance Ordinance, Section 8 (Penalties) provides that any person violating any provision of this Ordinance is subject to a civil fine up to **$1,000.00 per violation**.

The Pinoleville Indian Reservation's Water Quality Ordinance, Section 6 (Civil Penalty) provides that any person engaging in any activity prohibited under this Ordinance is subject to a civil fine up to **$5,000.00 for each day in which the violation occurs**.

Water Quality Ordinance Section 8 (Clean Up and Abatement) part (a) of the Pinoleville Indian Reservation's requires:

"...Any person who discharges any pollutant into the waters of the Reservation or other territory over which the Tribe has jurisdiction shall be liable for all costs associated with or necessary to clean up, abate, or remove said pollutants from the waters of the Reservation or other territory over which the Tribe has jurisdiction and restore the quality of the waters of the Reservation or other territory over which the Tribe has jurisdiction to their condition as they existed immediately prior to the discharge."

Mr. Rick Mayfield                Page 3                January 2002

Under the authority of the PBPI's Environmental Policy Act (Section 205.1), the Chairperson of the Pinoleville Environmental Protection Agency (PEPA) will be issuing an Emergency Restraining Order for any action associated with diversion of storm water on your property until further notice. Your adherence to this Order will significantly influence how your case will be handled in the future.

It is the policy of The Tribe, whenever possible, to settle matters like this outside of court in lieu of filling civil action. Prior to filing any legal action, the Tribe would like to offer you the opportunity to rectify these violations. If you would like to explore this option, please contact Don Rich, Tribal Administrator, at the Tribal Office at 707-463-1454.

Please be aware that if you do not respond to this notice within ten days as specified above, and by either contacting the Tribe for further discussion or paying the civil penalty, the case will be turned over to the District Attorney for further action.

The California Regional Water Quality Control Board (North Coast Region) has been informed of these violations and will be conducting an investigation of their own.

Sincerely,

_Nathan Rich_ (signature)

Nathan A. Rich
Environmental Coordinator
Pinoleville Band of Pomo Indians
367 N. State St., #204
Ukiah CA, 95482

Cc:    John Short, California Regional Water Quality Control Board, North Coast Region, 5550 Skylane Boulevard, Suite A, Santa Rosa, California 95403

       Wayne Briley, Mendocino County Division of Environmental Health
       501 Low Gap Road, Ukiah CA 95482

       Eugene Bromley, US EPA, Region 09
       75 Hawthorne St. San Francisco, CA 94105-3901